IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. ROBERT M. ATHEY
2. MICHAEL R. CLAYTON
3. THELMA R.CURRY
4. RICHARD S. DROSKE
5. RALPH L. FULLWOOD
6. PAUL D. ISING
7. CHARLES A. MILBRANDT
8. TROY E. PAGE,
9. Corenna M. Ambrose
10. Beulah G. Arnold
11. Barbara Jean Cain
12. Patricia M. Cassidy
13. Sandra A. Cesnik
14. Helen V. Ferson
15. Rose Ellen Flint
16. Sanora M. Gibson
17. Christine M. (Palma) Grant
18. Sue A. Heck
19. Marie Louise Laverdiere
20. Mary Ann Mackin
21. Deborah J. McKown
22. Patricia M. Quinn
23. Florence D. Rice
24. Mary P. Rooney
25. Jean-Robin Solow
26. Susan C. Swimley
27. Donna. L. Thompson
28. Elizabeth J. Titley

on behalf of themselves and all others similarly situated,
Plaintiffs

v.

THE UNITED STATES,

Defendant.

No. 99-205-1C
(Senior Judge Smith)

**SECOND AMENDED CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

Come now the named plaintiffs, on behalf of themselves and all others similarly situated, and for their complaint allege as follows:

**INTRODUCTION**

1. This action deals with specific categories of "pay", including but not limited to "premium pay", that agencies of Defendant United States of America (as specified *infra, paragraph* 7), including the Department of Veterans Affairs (the "VA"), failed to include in the lump-sum payments for accrued and accumulated, unused annual leave of persons employed by those agencies and by the VA from April 7, 1993 and thereafter.

2. When members of the plaintiff class retired, died, separated (or transferred in certain situations) with unused annual leave to their credit, they were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code, or under regulations, policies and procedures of the VA, equal to the "pay" they would have received had they worked their regular and customary scheduled hours until the period of their unused annual leave expired. However, when they received payment of the lump-sum for their unused annual leave, they did not receive the full payments to which they were entitled because the computation of their

lump-sum payment did not include an amount equal to one or more of the following categories of "premium" pay and/or "special or heightened" rates of pay which they regularly and customarily received immediately prior to the date the employee became eligible for a lump-sum payment for unused annual leave: (1) night differential premium pay for prevailing rate employees during non-overtime hours that was not included within the employees' rate of basic pay; (2)regularly scheduled non-overtime Sunday premium pay under § 5546(a)of title 5 for title 5 employees, and regularly scheduled Sunday pay for nurses under § 7453(c) of title 38, prior to fiscal 1999;(3) "additional pay" for nurses for regularly scheduled Friday and Saturday hours between 12 p.m. Friday and 12 p.m. Saturday under 38 U.S.C. § 7453(c), and as comparably provided to physician assistants and EFDAs pursuant to 38 U.S.C. § 7454(a); (4) "additional pay" for regularly scheduled night, Friday and Saturday hours for individually designated "hybrid" employees prior to January 1, 2002, for all "hybrid" employees from January 1, 2002 forward, and for all other health care professionals pursuant to 38 U.S.C. § 7454(b);(5) premium pay under 5 U.S.C. § 5545(c), 5545b and 5545a; (6) regularly scheduled overtime pay under 5 U.S.C. § 5545b during an employee's uncommon tour of duty, and overtime pay under the Fair Labor Standards Act for overtime work that was regularly scheduled during an employee's established uncommon tour of duty for which the

employee received standby duty pay under 5 U.S.C. 5545(c)((1); (7) regularly scheduled overtime pay under 38 U.S.C.§§ 7453(e) and 7454, and 5 U.S.C. §§ 5542 and 5544, (8) supervisory differential based on the percentage rate (or dollar amount)received by a GS employee for the pay period immediately prior to the date the employee became eligible for a lump-sum payment when a higher paid, non-GS subordinate was employed for part or all of the GS employee's period of unused annual leave; and (9) post allowance under 5 U.S.C. § 5924(1) as authorized by the U.S. Department of State's Standardized Regulations (Government Civilians, Foreign Areas) if the employee's official duty station was in the foreign area when he or she became eligible for a lump-sum payment.

3. When members of the plaintiff class retired, died, separated (or transferred in certain situations) with unused annual leave to their credit, they also were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code, or under regulations, policies and procedures of the VA, equal to one or more of the following pay increases that became effective during the period of their unused annual leave so that the retired, separated, deceased, or transferred employees would have received such increases in pay had he or she remained in the employ of the United States until the expiration of the period of unused annual leave: (a) any statutory adjustments in pay

or any general system-wide increases in pay that became effective during the lump-sum period, including adjustments to a special salary rate or locality pay system (LPS)schedule from which the employee was paid immediately prior to separation, such as system-wide adjustments granted under Title 38, or pay adjustments pursuant to Sections 5303,5304,5318,5362, 5363, 5372,5372a,5376, 5382, or 5392 of title 5;(b) any adjustments in the rates of basic pay for "covered positions" pursuant to 38 U.S.C. § 7451; (c) any adjustments in the rates of basic pay of physicians, dentists, or other personnel appointed pursuant to 38 U.S.C.§§ 7401(2) and 7306; (d) any increases in pay prescribed by Executive Order as authorized by chapter 53 of Title 5, U.S.C., or otherwise authorized by law, including but not limited to increases in the rates of additional pay pursuant to 38 U.S.C. §§ 7453(j) and 7454; (e) adjustments in the scheduled rate of pay and any applicable adjustments in rates for prevailing rate employees that became effective during the lump-sum period; (f) additional steps paid under 38 U.S.C. §§ 7452(a)(2) and 7452(c) if the employees received the additional payments immediately prior to the date the employee became eligible for the lump-sum payment; (g) the greatest of: (1)the employee's rate of basic pay, including a special salary rate of pay under the VA's nurse locality pay system; or (2) a locality rate of pay under subpart F of part 531 of the CFR; or (3) a special law enforcement adjusted rate of

pay under subpart C of part 531 of the CFR, including a rate continued under 5 CFR 531.307; or (4) a continued rate of pay under subpart G of part 531 of the CFR;(h) a within-grade increase to Title 5 employees under 5 U.S.C. § 5335 or 5343(e)(2), which became effective during the period of time covered by the employees' lump-sum leave cash payment if the Title 5 employee met the requirements of § 531.404 or § 532.417 of Chapter I of Title 5 of the Code of Federal Regulations prior to the date the employee became eligible for a lump-sum payment; and (i) all categories of "special" or "heightened" pay for title 5 employees, and for physicians and dentists under title 38 such as, but not limited to, primary special pay for executive positions, special pay for full-time and part-time status, length of service pay, scarce special categories pay, board certification pay, geographic location pay, and exceptional qualifications pay, as reduced by any applicable refund liability. However, when the members of the class received payment of a lump-sum for their unused annual leave, they did not receive the full payment to which they were entitled because the computation of their lump-sum payment did not include such pay increases or adjustments.

4. Plaintiffs also claim interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), attorneys' fees and costs.

**JURISDICTION AND VENUE**

5. Jurisdiction over this action is conferred by 28 U.S.C. § 1346(a)(2) (Tucker Act), 5 U.S.C. § 5596 (the Back Pay Act) and 28 U.S.C. § 2501.

6. Plaintiffs, and/or members of the plaintiff class similarly situated, were each employed by the VA, or its predecessor, OR by an agency of the United States *other than* the Department of Defense and its component agencies (including the Corps of Engineers); Department of Agriculture; Department of Commerce; Department of Energy; Department of Transportation (including the FAA); Department of Justice; Environmental Protection Agency; General Services Administration; Department of Health and Human Services; Department of Housing and Urban Development; Department of the Interior; Department of Labor; National Aeronautics Space Administration; Office of Personnel Management; Social Security Administration Department of State; and the Department of the Treasury: (1) who had retired, or separated from the service, or had transferred to a position described under 5 U.S.C.§ 6301 (2)(B)(xiii), or elected to receive a lump-sum payment for leave under 5 U.S.C.§ 5552, or died while employed by the VA or any agency covered by this action; (2) was entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave provided by statute, or by regulation, policy or procedure of the VA, when he or she retired, died, separated, or transferred;(3)customarily and regularly received one or more of the "premium", "special",

or “heightened” rates of pay, or “additional pay”, enumerated in paragraph 2 above immediately prior to retirement, death, separation or transfer from such employment, and the employee would have been entitled to receive such “premium”, “special” or “heightened” rates of pay had the employee remained in the employ of the United States until the expiration of the period of the annual or vacation leave; and/or (4) the employee would have been entitled to receive any one or more of the pay adjustments or pay increases enumerated in paragraph 3 above that became effective during the period of unused annual leave covered by the cash lump-sum payment had the employee remained in the employ of the United States until the expiration of the period of annual or vacation leave. Each plaintiff’s full name, address, last four digits of their social security number, last place of employment, and position are identified in the list attached as Exhibit 1. If the Court so requests, plaintiffs can file under seal an un-redacted exhibit containing the full social security numbers pursuant to General Order No. 42A, Part VII, paragraph 26.

**CLASS ACTION ALLEGATIONS**

7.Class Description: The “opt-in” plaintiff class consists of:

> All civilian employees of the United States who retired, died, separated, or transferred under conditions enumerated in 5 U.S.C. §§ 5551 and 5552, from April 7, 1993 or thereafter from employment by the Department of Veterans Affairs or its predecessor,

OR from employment by an agency of the United States *other than* the Department of Defense and its component agencies (including the Corps of Engineers); Department of Agriculture; Department of Commerce; Department of Energy; Department of Transportation (including the FAA); Department of Justice; Environmental Protection Agency; General Services Administration; Department of Health and Human Services; Department of Housing and Urban Development; Department of the Interior; Department of Labor; National Aeronautics Space Administration; Office of Personnel Management; Social Security Administration Department of State; and the Department of the Treasury:

(a) who upon retirement, death, separation or such transfer were eligible for a lump-sum payment for unused annual leave pursuant to 5 U.S.C. §§ 5551-5552,or pursuant to regulation, policy, or procedure of the VA;

(b) regularly received "premium" pay, "special or heightened" rates of pay, or "additional" pay, under Title 5 or Title 38, United States Code, immediately prior to their retirement, death, separation or transfer which was not included in their lump-sum payment for unused accrued and accumulated annual leave; and/or

(c) whose rate of pay would have increased as a result of any across-the board annual adjustment and locality pay adjustment, or general system-wide pay increase, or within-grade increase, or pay increase or adjustment prescribed by Executive Order authorized by chapter 53 of Title 5, U.S.C. or otherwise authorized by law, that would have become effective for that employee had the employee remained in the employ of the United States for the period of his or her unused annual leave, but such increased rate of pay was not included in the calculation of the employee's lump-sum payment for unused accrued and accumulated annual leave.

8. This action is properly maintained as a class action under Rule 23 of the Rules of the United States Court of Federal Claims.

9. The class is so numerous that joinder of all members is impracticable. The pool of potential class members is in excess of 20,000 former employees.

10. There are common questions of law and fact affecting the members of the class. The overriding legal question in this case is whether the practice and policy of the VA and the other agencies violates 5 U.S.C. §§ 5551-5552, or regulations, policies or procedures of the VA, by failing to include in the lump-sum payment of employees the "premium" pay, "special or heightened" rates of pay, and/or general system-wide increases in pay, or within-grade increases, and/or adjustments in rates of pay under either title 5 or title 38, U.S.C., that each such employee would have received had they remained in the employ of the United States until the expiration of the period of unused annual leave.

11. Plaintiffs' claims are typical of the claims of the class because the harm suffered by Plaintiffs, and the other class members, was caused by Defendant's failure to comply with the applicable statutes and regulations with respect to the computation of the lump-sum payment for unused annual leave. Plaintiffs do not have interests antagonistic to, or in conflict with, the class.

12. Plaintiffs will fairly and adequately protect the interests of the class. They have retained competent counsel experienced in class action litigation and in litigation involving federal pay statutes.

13. Certification of this case as a class action is appropriate because Defendant has acted or refused to act on grounds generally applicable to the class.

14. Unless the Plaintiff class is certified to include in one cause of action all of the types of pay which are encompassed within the generic class of "premium pay" and all types of "special or heightened rates of pay" that was not included in the computation of the lump-sum cash leave payment, as well as all pay adjustments that should have been made to such lump-sum payments based on statutory pay increases, or certain within-grade increases, which became effective during the lump-sum leave period, the rights of the members of the class of retired, deceased, separated, or transferred employees to receive full and appropriate retroactive back pay and interest will be extinguished.

15. <u>Primacy of Class-Wide Issues.</u> The claims for relief and damages with respect to the class as a whole are primary to this suit and predominate over any individual questions of fact regarding the extent of Defendant's back pay liability to individual class members. A class action is superior to other available methods for the fair and

efficient adjudication of such secondary individual matters.

16. Impracticability of Individual Suits. It would be financially impractical, if not impossible, for class members to prosecute their claims on an individual basis in non-class action suits. In addition, these claims were stayed during the litigation of *Archuleta et al. v. United States,* and if class certification should be denied, most of the individual claims would be barred by the renewal of the running of the statute of limitations without the receipt of notice of the denial of class action status to putative class members. Unless this class action is certified to be maintainable as such, thousands of putative class members effectively will be denied any opportunity for judicial review and appropriate relief respecting the claims made in this case.

**COUNT I: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Statutory Pay Increases**

17. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

18. Each member of the Plaintiff class was an "employee" of the United States and, pursuant to 5 U.S.C. §§ 5551-5552, or pursuant to regulations, policies, or procedures of the VA, was entitled, upon retirement, death,

separation, or transfer from service, to receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

19. The pay rates of members of the Plaintiff class were subject to an increase that became effective during their unused annual leave period as a result of either a statutory adjustment or a general, system-wide pay increase, or within-grade increases, and/or an increase in the rate of basic pay, or the rate of additional pay, under either title 5 or title 38,U.S.C.as specified in paragraph 3 herein.

20. When members of the Plaintiff class retired, died, separated, or transferred, or entered on active duty in the armed forces without electing to have the leave remain to his credit until his return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

21. Members of the plaintiff class did not receive the full amount to which they were entitled because the lump-sum payment they received had not been adjusted to reflect any increased pay rate that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave in violation of 5 U.S.C. §§ 5551 and 5552, the exact amount of which is to be determined at trial.

**Count II: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Failure To Receive Regularly Scheduled Premium Pay**

22. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

23. Each member of the Plaintiff class was an "employee" of the United States and, pursuant to 5 U.S.C. §§ 5551-5552, or pursuant to regulations, policies, or procedures of the VA, was entitled, upon retirement, death, separation, or transfer from service, to receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

24. When members of the Plaintiff class retired, died, separated, or transferred, or entered on active duty in the armed forces without electing to have the leave remain to his credit until his return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

**25.** Members of the plaintiff class did not receive the full amount to which they were entitled when they received the lump-sum payment because the lump-sum payment

did not include all the "premium" pay(s) and/or allowances they regularly received immediately prior to their retirement, death, separation, or transfer as specified in paragraph 2 herein, and that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave in violation of 5 U.S.C. §§ 5551 and 5552, the exact amount of which is to be determined at trial.

**CONCLUSION**

26. As a result of the foregoing, there is due and owing to each of the named Plaintiffs, and members of the plaintiff class, payment equal to the amount of "pay" that, as enumerated above, they should have received upon retirement, death, separation, or transfer as a lump-sum for the period of unused accrued and accumulated annual leave to their credit as of the date of retirement, death, separation, or transfer, and interest thereon pursuant to 5 U.S.C. § 5596(b).

27. Plaintiffs are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of Defendant.

WHEREFORE, Plaintiffs pray that this Court:

(a) Certify this action as an "opt-in" class action pursuant to Rule 23 of the Rules of the United States Court

of Federal Claims; certify Plaintiffs as the class representatives; and approve the undersigned attorney as Class Counsel;

(b) Enter judgment against Defendant for back pay due named Plaintiffs, and all other eligible class members, for an amount equivalent to the "pay" which they should have received under law as part of their lump-sum payment for unused accrued and accumulated annual leave from April 7,1993 to the date of final judgment;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

(d) Award reasonable attorneys' fees and reimbursement of reasonable and customary out-of-pocket costs and expenses of this action against Defendant under the fee-shifting provisions of the Back Pay Act, and award Class Counsel a "percentage attorney fee" as determined by the Court to be paid from the back pay fund created by this action equal to a percentage of the amount recovered on behalf of the Class, crediting the class with the amount of attorney fees to be paid by the Defendant under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: September 28, 2006

By s/Ira M. Lechner

IRA M. LECHNER
Attorney for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258

**Exhibit 1 to Plaintiffs' Second Amended Complaint**

1. **ROBERT A. ATHEY**
   **10 Plantation Hills Drive**
   **Evans, GA 30809**
   **SSN: -9503**
   **SES, Agency : VA**
   **Last Place of employment: VA Med Center Columbia, SC**

2. **MICHAEL R. CLAYTON**
   **613 Park Forest Lane**
   **Montevallo, AL 35115**
   **Sunday work, SSN: -4246**
   **Police/Guard, Agency: VA**
   **Last Place of employment: Birmingham Veterans Hospital**

3. **THELMA R. CURRY**
   **11237 Pegasus Avenue**
   **San Diego, CA 92126**
   **RN, SSN: -0051**
   **Agency: VA**
   **Last Place of employment: VA Medical Center, San Diego, CA**

4. **RICHARD S. DROSKE**
   **19 Bardney Circle**
   **Fairport, NY 14450**
   **SSN: -1363**
   **SES, Agency: VA**

**Last Place of employment: VA Healthcare Center, Buffalo, NY**

5. **RALPH L. FULLWOOD**
   **7000 Constitution Place**
   **Columbus, OH 43235**
   **SSN: -0143**
   **SES, Agency: VA**
   **Last Place of employment: VA Columbus Outpatient Clinic**

6. **PAUL D. ISING**
   **808 Fearrington Post**
   **Pittsboro, NC 27312**
   **SES, SSN: -4965**
   **Agency: VA**
   **Last Place of employment: VA Central Office, Washington, DC**

7. **CHARLES A. MILBRANDT**
   **1416 SW 53rd Lane**
   **Cape Coral, FL 33914**
   **SSN: -5315**
   **SES, Agency: VA**
   **Last Place of employment: VA Medical Center, Minneapolis, MN**

8. **TROY E. PAGE**
   **1325 Noe-Bixby Road**
   **Columbus, OH 43232**
   **SSN: -6731**
   **SES, Agency: VA**
   **Last Place of employment: VA Medical Center, Chillicothe, OH**

9. **CORENNA M. AMBROSE**
   **222 Crescent Road**
   **Beckley, WV 25801**
   **SSN: 7757**
   **RN, Agency: VA**
   **Last Place of employment: VA Medical Center, Beckley, WV**

10. **BEULAH G. ARNOLD**
    **2004 Fairlawn St.**
    **Pittsburgh, PA 15221**
    **SSN: -9166**
    **RN, Agency; VA**
    **Last Place of employment: VA Medical Center Highland Drive Pittsburgh**

11. **BARBARA JEAN CAIN**
    **417 Wooded Acres Drive**

**Newport, NC 28570-7561**
**SSN: 1291**
**RN, Agency: VA**
**Last Place of employment: Northport VA Hospital, Northport, NY**

**12. PATRICIA M. CASSIDY**
**1790 Magnolia Cr.**
**Pleasanton, CA 94566**
**SSN: -9768**
**RN, Agency: VA**
**Last Place of employment: VA Livermori Div. Of VA Palo Alto Health Care Systems**

**13. SANDRA A. CESNIK**
**3822 Euclid Avenue**
**Madison, WI 53711**
**SSN: -4151**
**RN, Agency: VA**
**Last Place of employment: William S. Middleton Memorial VA Hospital, Madison, WI**

**14. HELEN V. FERSON**
**102 Bigelow Street**
**Pittsburgh, PA 15207**
**Medical Clerk, SSN: -9719**
**Agency: VA**
**Last Place of employment: Highland Drive VA Medical Center, Pittsburgh, PA**

**15. ROSE ELLEN FLINT**
**4 Spur Circle**
**Albany, NY 12205**
**SSN: - 3561**
**RN, Agency: VA**
**Last Place of employment: Samuel S. Stratton Upstate VA Medical Center, Albany, NY**

**16. SANORA M. GIBSON**
**22 Meadowdale Lane**
**West Seneca, NY 14224**
**SSN: -5782**
**RN, AGENCY: VA**
**Last Place of employment: Buffalo Veterans Medical Center**

**17. CHRISTINE M. (PALMA) GRANT**
**23059 Meadows**
**Flat Rock, MI 48134**
**SSN: -4853**
**RN, Agency: VA**
**Last Place of employment: VAMC Allen Park, MI**

**18. SUE A. HECK**
**4402 Sequoia Dr., Box 303**
**Windsor, WI 53598**
**SSN: -8585**
**LPN, Agency: VA**
**Last place of employment before retirement: Middleton Memorial VA Hospital, Madison, WI**

**19. MARIE LOUISE LAVERDIERE**
**31 Quinby Street**
**Augusta, ME 04330**
**SSN: -8792**
**RN, Agency: VA**
**Last Place of employment: Togus VAC**

**20. MARY ANN MACKIN**
**1016 Sherwood Road**
**Pittsburgh, PA 15221-3765**
**SSN: - 4785**
**RN, Agency: VA**
**Last Place of employment: Highland Drive VA Medical Center, Pittsburgh, PA**

**21. DEBORAH J. McKOWN**
**672 Massachusetts Ave.**
**Acton, MA 01720-2233**
**SSN: -8137**
**RN, Agency: VA**
**Last Place of employment: VAMC Bedford, MA**

**22. PATRICIA M. QUINN**
**28 Bowers Ave.**
**Tyngsboro, MA 01879**

**SSN: -4208**
**RN, Agency: VA**
**Last Place of employment: VAMC Bedford, MA**

**23. FLORENCE D. RICE**
**208 Shunpike Road**
**Madison, NJ 07940**
**SSN: -2879**
**RN, Agency: VA**
**Last Place of employment: VAMC East Orange, New Jersey**

**24. MARY P. ROONEY**
**58-32 – 41 Drive**
**Woodside, N.Y. 11377**
**SSN: -3698**
**RN, Agency: VA**
**Last Place of employment: Manhattan VA Hospital**

**25. JEAN-ROBIN SOLOW**
**1825 Kent Road**
**Pittsburgh, PA 15241**
**SSN: -2497**
**Contract Specialist, Agency: Resolution Trust Corporation/FDIC**
**RTC, Atlanta, GA**

**26. SUSAN C. SWIMLEY**
**148 Juniper Trail**
**Winchester, VA 22602**
**SSN: -9354**
**RN, AGENCY: VA**
**Last Place of Employment: Martinsburg West Va. VAMC**

**27. DONNA L. THOMPSON**
**227 Meadowvale Drive**
**Cheswick, PA 15024-9423**
**SSN: -6853**
**RN, Agency: VA**
**Last Place of employment: Highland Drive VA, Pittsburgh, PA**

**28. ELIZABETH J. TITLEY**
**123 Lakeview Drive**
**Butler, PA 16001**

**SSN: -5596**
**RN, Agency: VA**
**Last Place of employment: Butler VA Medical Center**