IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Rule 12(f), of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully moves this Court to strike the Second Amended Class Action Complaint, filed by plaintiffs on September 29, 2006. Plaintiffs filed the Second Amended Complaint in direct violation of this Court's Order Approving Settlement, dated June 1, 2006, this Court's Severance Order, dated June 1, 2006, as well as the Settlement Agreement between the parties. Furthermore, in filing the Second Amended Complaint plaintiffs failed to comply with the requirements of RCFC 15(a).

On February 22, 2006, the parties to Archuleta et al. v. United States, Case No. 99-205C, entered into a Settlement Agreement settling the claims in that case. The original complaint filed by the named plaintiffs asserted a class action on behalf of all former civilian employees of the Government. See Amended Complaint, filed September 23, 1999. The Settlement Agreement settled the claims brought by the named plaintiffs on behalf of former employees of 17 Government agencies and departments and stipulated that claims relating to former employees of the Department of Veterans Affairs ("VA") would be severed from the agreement. See

Settlement Agreement at p. 2, n. 1. This Court entered an Order Approving Settlement on June 1, 2006. In that Order, the Court dismissed with prejudice "the Archuleta litigation and all claims that were or could have been made in the litigation by the named plaintiffs," except with respect to the claims of the named plaintiffs who were formerly employed by the Department of Veterans Affairs. On that same date, the Court entered a Severance Order in which it ordered, pursuant to RCFC 21, "the severance of the claims of eight plaintiffs formerly employed by the Department of Veterans' Affairs." In the Severance Order, the Court cited specifically to footnote 1 of the Settlement Agreement, and defendant's concurrence with this procedure. See Severance Order. The Court further ordered "[t]he plaintiffs in the severed case [to] file an Amended Complaint within thirty (30) days." Id.

On or about June 19, 2006, plaintiffs, former employees of the VA, filed an Amended Class Action Complaint. Defendant thereafter filed a Motion for an Extension of Time until October 20, 2006, within which to file an answer or other responsive pleading, which was granted on August 17, 2006.

Subsequently, on September 29, 2006, plaintiffs filed a Second Amended Complaint. In the Second Amended Complaint, plaintiffs purport to expand the alleged plaintiff class to include not only former employees of the VA, but also former employees of

> **an agency of the United States other than** the Department of Defense and its component agencies (including the Corps of Engineers); Department of Agriculture; Department of Commerce; Department of Energy; Department of Transportation (including the FAA); Department of Justice; Environmental Protection Agency; General Services Administration; Department of Health and Human Services; Department of Housing and Urban Development; Department of the Interior; Department of Labor; National Aeronautics Space Administration; Office of Personnel Management; Social Security Administration; Department of

State; and the Department of the Treasury.

See Second Amended Complaint ¶ 6. In other words, plaintiffs are attempting to sweep into the Athey case, not only former VA employees, but all other former employees of the Government who were not specifically covered by the Settlement Agreement.

Defendant moves for an order striking plaintiffs' Second Amended Complaint. In direct contravention of this Court's Order Approving the Settlement, the Severance Order, and the agreement reached with defendant, plaintiffs have failed to comply with the Court's order and attempt to make an end-run around that order, as well as RCFC 15(a). This was not contemplated by defendant in the Settlement Agreement,[1] nor is it permitted by the Court's Orders.

Rule 12(f) provides:

> (f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules upon motion made by a party within 20 days after service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

The Government moves to strike the Second Amended Complaint because it is impertinent and scandalous, at best, and a bald attempt to revive claims that have been dismissed with prejudice. As this Court is aware, the Settlement Agreement provided for the severance of claims of former employees of the VA. This reflected the agreement between the Government and attorneys for the named plaintiffs in the Archuleta litigation that a separate case dealing

[1] Indeed, by including additional claims and plaintiffs in the Athey complaint, plaintiffs are jeopardizing the viability of the entire Archuleta Settlement Agreement, as they are in violation of the Settlement Agreement. See Settlement Agreement at pp. 2, 18.

specifically with former employees of the VA would be advisable because VA employees are governed by different statutes relating to annual leave issues, as well as specific regulations promulgated by the Secretary of Veteran's Affairs. While there are VA employees governed by Title V and Office of Personnel Management ("OPM") regulations, a large number of VA employees are employed pursuant to Title 38, United States Code, and the Secretary, pursuant to his authority, has promulgated special regulations that apply to those VA employees. Because the specific statutory and regulatory provisions would have introduced an element of unnecessary confusion into the Archuleta matter, it was agreed that plaintiffs would file a separate suit on behalf of former employees of the VA. Both parties agreed to that course of action, and that agreement was memorialized in the Settlement Agreement signed by the parties. The Court subsequently ordered the severance of the claims of the eight named plaintiffs formerly employed by the Department of Veteran's Affairs in its June 1, 2006 order. Any attempt to expand the scope of the Athey complaint beyond former VA employees, as plaintiffs have done in the Second Amended Complaint, is not part of the agreement reached by the parties and approved by the Court. Plaintiffs' efforts to expand the scope of the Athey case is completely antithetical to the original purpose of severing the claims of the former VA employees from the Archuleta case.

Furthermore, plaintiffs' attempts to revive claims in a case that has been settled, and dismissed by the Court with prejudice, runs afoul of the well-settled systemic interest in the finality of class actions in particular. See, e.g., Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 647 (N.D. Cal. 1978) (finality considerations are "even more pressing in the class action context" because of the number of people the final judgment affects"). The only claims that

survive the dismissal of the Archuleta case are the claims that this Court has specifically identified in its Order Approving Settlement and the Severance Order. All other claims that were brought, or could have been brought by the named plaintiffs in the Archuleta litigation have been dismissed with prejudice. See Order Approving Settlement.

Finally, by filing a Second Amended Complaint without leave of Court or written consent from the Government, plaintiffs failed to comply with RCFC 15(a), which provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Plaintiffs' submission is nothing more than a thinly-veiled attempt to circumvent the Court's Order Approving Settlement, the Court's Severance Order, the Settlement Agreement reached with the Government, and RCFC 15(a).

Accordingly, we respectfully request that the Court issue an order striking the Second Amended Complaint.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court grant our motion to strike plaintiffs Second Amended Class Action Complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch 901 North
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 307-0361

October 13, 2006

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of October, 2006, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE SECOND AMENDED CLASS ACTION COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sharon A. Snyder