IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant, the United States, respectfully submits this reply to Plaintiffs' Opposition to Defendant's Motion to Strike Second Amended Class Action Complaint, filed by plaintiffs on October 27, 2006. Plaintiffs have impermissibly filed a Second Amended Class Action Complaint in which they attempt to revive claims first, that this Court has already dismissed with prejudice and second, that the parties have already resolved in a Settlement Agreement. The Second Amended Complaint should be stricken pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims because it has been filed in contravention of this Court's clear order dismissing with prejudice all claims except those claims asserted by the named plaintiffs on behalf of former employees of the Department of Veterans Affairs ("VA"). To attempt to revive those claims that have been resolved by the parties and the Court by including them in an amended complaint that was intended to assert claims solely on behalf of former employees of the VA is in direct violation of this Court's prior Order and should not be countenanced.

## ARGUMENT

### I. THE INCLUSION OF ALL FORMER FEDERAL EMPLOYEES NOT COVERED BY THE ARCHULETA SETTLEMENT INTO THE ATHEY COMPLAINT IS NOT AUTHORIZED AND IS IN DIRECT VIOLATION OF THIS COURT'S ORDER

Plaintiffs in their opposition to the Government's motion to strike fail to address the most compelling evidence favoring the immediate striking of their Second Amended Complaint -- this Court's Order Approving Settlement. It is no wonder that plaintiffs do not refer to that Order, as it was drafted by plaintiffs' counsel and submitted to the Court with the Unopposed Motion for Final Approval of the Settlement Agreement, filed by plaintiffs on May 22, 2006. Plaintiffs cannot now come before the Court and complain about its full effect. That Order, entered by the Court on June 1, 2006, directly correlates and tracks the language in the Settlement Agreement signed by the parties and approved by the Court. In fact, the language in the Order mirrors directly and identically the language in the Settlement Agreement. This Court's Order states:

> ORDERED, ADJUDGED and DECREED that the *Archuleta* litigation (as that term is defined in the Settlement Agreement),[1] and all claims that were or could have been made in the litigation by the name plaintiffs, are dismissed with prejudice (other than the claim of the named plaintiffs who were formerly employed by the Department of Veterans Affairs), except that this Court will retain Jurisdiction only as provided in the Settlement Agreement and in the Settlement Distribution Plan.

Order Approving Settlement at 3.

And the Settlement Agreement also states clearly:

> The parties will submit a proposed final judgment. Upon entry of

[1] The "litigation" is defined in the Settlement Agreement as "this civil action in the United States Court of Federal Claims entitled *Archuleta, et al. v. United States*, C.A. No. 99-205 (Judge Smith)." Settlement Agreement at ¶ II. I.

> that final judgment by the Court the litigation shall be concluded as to all opt-in claims that have been made or will be made within the time specified in the Distribution Plan, and defendant shall have no obligation related to claims that have been made or that could have been made in the litigation other than those expressly set forth in this Agreement.

Settlement at ¶ X.A.1.

Neither the Order nor the Settlement Agreement provide for any exceptions to the dismissal with prejudice of all claims, except the claims brought by the named plaintiffs who were formerly employed by the VA.[2] There is no exception in either the Order or the Settlement Agreement that would allow former employees of the Resolution Trust Corporation (or any other agency or department not part of the 17 departments and agencies identified in the Settlement Agreement) to file a new case or to continue their claims in the Athey case. The Order and Settlement Agreement are clear on their face: all claims that could have been brought by the named plaintiffs are dismissed with prejudice and the defendant will have no obligation with respect to those claims. There is no mistaking the intent of the Order and the Settlement Agreement as to any claims that could have been brought – they are dismissed with prejudice. Any other interpretation of that language is nothing more than wishful thinking.

## II. THE ARCHULETA COMPLAINT ASSERTED CLAIMS ON BEHALF OF ALL CIVILIAN EMPLOYEES, INCLUDING MS. SOLOW

Plaintiffs state in their opposition that Ms. Solow was not a named plaintiff in the Archuleta case and was not known to plaintiffs' counsel until after the Settlement Agreement was

[2] Plaintiffs also do not explain why the Court's Order and the Settlement Agreement both include a specific exception to the dismissal of the claims of former employees of the VA, but are silent as to the new claims now asserted by plaintiffs. The explanation is clear – the only exception contemplated by the parties was the claim asserted by the named plaintiffs of the VA on behalf of former VA employees.

approved. Opposition at 2. Such a statement is unsupported at best. Plaintiffs' original complaint named fifty plaintiffs and was brought on behalf of a class that consisted of:

> All civilian employees who retired, died, or separated after April 6, 1993 from employment by the United States or an agency, establishment or instrumentality thereof, (and all other employees eligible for a lump-sum payment as identified by OPM regulations, and/or pursuant to 5 U.S.C. § 5551(c).

Complaint, filed April 7, 1999, at ¶ 3 (emphasis added). Thus, Ms. Solow was a putative member of the class defined by plaintiffs in the complaint.

The class definition in the Complaint was not restricted to the 17 agencies with whom plaintiffs have since settled. Nor is the complaint restricted to the three categories of pay that plaintiffs settled: statutory increases, Sunday premium pay, and foreign post allowance. As this Court is aware, the Archuleta complaint included a laundry list of premium pay or allowances that plaintiffs asserted had not been included in the lump sum payment of former Federal employees upon their separation or retirement, including, but not limited to, night pay earned for overtime hours, night differential pay, hazardous duty pay, remote work site allowance, Johnston Island pay, etc. The Settlement Agreement carved out a settlement for a class that includes former employees of the 17 largest Government departments and agencies -- thus including the greatest number of potential plaintiffs -- and includes the three categories of pay listed above. However, by its terms, the Settlement Agreement has preclusive effect on all other claims that could have been brought, except the VA claims which are specifically identified in the Settlement Agreement and the Order Approving Settlement. There would be no incentive for defendant to have settled had another group of plaintiffs been permitted to raise new claims based on the same cause of action.

The original complaint was brought on behalf of Ms. Solow and the thousands of other former federal employees who met the class definition. For plaintiffs now to assert that they did not know of Ms. Solow's claim until after the Settlement Agreement was approved is not believable. While plaintiffs may not have identified Ms. Solow as a named plaintiff, her claim, as a former employee of the Resolution Trust Corporation ("RTC") was part of the Archuleta class action complaint. While plaintiffs' counsel may not have known the identity of Ms. Solow, they were aware of her claim and the claims of each and every one of the thousands of former federal employees. That is precisely why they filed this action as a class action – to sweep into the case all claims and putative class members who fit the class definition. Plaintiffs cannot now argue that because there was not a named plaintiff from the RTC, that the original complaint did not include former employees from the RTC. If that were so, then employees of the Department of Commerce, the Department of State, and the Social Security Administration would not be included in the Settlement Agreement, as there are no named plaintiffs specifically representing those entities.

Furthermore, if the intent of the Settlement Agreement was not to dismiss with prejudice all other claims that could have been brought by the individual named plaintiffs, defendant would not have agreed to include the claims of Messrs. Kirkemo, Pettit, and Redmond of the Interstate Commerce Commission, Mr. Taft of the Office of Management & Budget, Mr. Thompson of the Nuclear Regulatory Commission, and Mr. Summers of the United States Arms Control and Disarmament Agency, as part of the Settlement Agreement. Those named plaintiffs were included in the settlement even though the claims of other former employees of those agencies from which they retired or separated were not included. If the parties anticipated that yet another

complaint would be filed, with all former employees not included in the 17 departments and agencies named in the Settlement Agreement, there would have been no need to include these named plaintiffs in the agreement. In fact, their claims would have been severed like the claims of the VA employees and that exception would have been specifically noted in the Settlement Agreement and the Order Approving Settlement. However, the only exception is identified with specificity in the class definition of the Settlement Agreement, and in this Court's Order Approving Settlement – namely former employees of the VA.

It is axiomatic in class action cases that a named plaintiff may represent a class of putative plaintiffs who share a common legal controversy measured by common questions of fact or law. RCFC 23(a); Quinault Allottee Assoc. v. United States, 453 F.2d 1272, 1277 (Fed. Cir. 1972); Berkley v. United States, 45 Fed. Cl. 224, 231-32 (1999). It is the fundamental nature of a class action that it consists of a class representative and absent class members who share a common interest, but whose joinder is not practicable. In Archuleta, the named plaintiffs represented a class of all former employees who retired after April 1993, who were eligible for a lump-sum payment under OPM regulations, and who regularly received some kind of premium pay. Complaint, filed April 7, 1999, at ¶ 3. The Archuleta named plaintiffs settled the case on behalf of a large subset of the class and agreed to dismiss all other claims that could have been brought by those named plaintiffs.

## III. THE SETTLEMENT AGREEMENT IS CLEAR ON ITS FACE

Plaintiffs cite selectively to excerpts from the Settlement Agreement to try to make their case. Opposition at 3-4. There is no question that the Settlement Agreement signed by the parties clearly bounds the settlement to certain claims brought by the named plaintiffs on behalf of

former employees of those 17 departments and agencies named in the agreement. It further clearly settles all other claims that those plaintiffs could have brought, except the claims of the former VA employees. In addition to the provisions set forth above, there are other provisions that make the scope of the agreement clear.

For example, the first paragraph of the Settlement Agreement states:

> For purposes of disposing **of the claims of the plaintiffs in the above captioned action**, and without constituting an admission of liability on the part of any party, and for other purposes expressly stated in this Settlement Agreement, and for no other purpose.

Settlement Agreement at p. 1.

In addition, the Release provision specifically refers to all claims that could have been brought by the named plaintiffs:

> This Settlement Agreement shall constitute a full and complete release of **all claims brought or which could have been brought against the United States, or any other agencies or instrumentalities of the United States, or any agents, employees, or officers thereof arising from the subject matter of the litigation** with respect to potential class members formerly employed by any of the agencies listed in Exhibit 4 and/or their successors and assigns. Upon execution of this Settlement Agreement, each such potential Archuleta Settlement Class member formerly employed by any of the agencies listed in Exhibit 4 **releases, waives, and abandons any and all claims, causes of action, and demands, whether known or unknown, whether arising in law or in equity, jointly or severally, which they, their heirs, executors, administrators or assignees may have or hereafter acquire against the defendant <u>or</u> <u>any</u> of its agencies, departments, officers, agents or employees** on account of the events and circumstances giving rise to this action and claims incident thereto and which are or might be asserted, now or in the future, before any court or administrative body.

Settlement Agreement at ¶ XI. This release represents a complete release of any claims that could have been brought by the named plaintiffs against any of defendant's agencies or departments.

Those claims, as the Court knows, are claims on behalf of all former federal employees. According to the Settlement Agreement, the named plaintiffs have released all of those claims that could have been brought.

The Second Amended Complaint filed by plaintiffs here should be stricken pursuant to RCFC 12(f). Plaintiffs have violated the Court's Order and the spirit and text of the Settlement Agreement.

## CONCLUSION

For these reasons, we respectfully request that the Court strike the Plaintiffs' Second Amended Class Action Complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker by Todd Hughes
KATHRYN A. BLEECKER
Assistant Director

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch 901 North
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 307-0361

November 13, 2006

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of November, 2006, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SECOND AMENDED CLASS ACTION COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sharon A. Snyder