# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ROBERT ATHEY, et al.,**<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | **Case No. 99-2051C**<br><br>**PLAINTIFFS' NOTICE OF INDIRECTLY RELATED CASE**<br><br>(Senior Judge Smith) |

Pursuant to Rule 40.2(b) of the Rules of this Court ("RCFC"), plaintiffs hereby file a Notice of Indirectly Related Case, namely: *JEAN-ROBIN SOLOW, ET AL v. THE UNITED STATES*, No. 06-872C (Judge George W. Miller).

The case at bar and the *Solow* case present common issues of fact and law. In plaintiffs' view, transfer of the *Solow* case to Senior Judge Smith would significantly promote the efficient administration of justice for the following reasons:

(1) Both *Athey* and *Solow* are alleged as class actions that derive directly as progeny from *Archuleta et al. v. United States*, No. 99-205C (Senior Judge Smith).

(2) *Archuleta* was concluded on June 1, 2006 pursuant to an "Order Approving Settlement" that culminated over six (6) years of litigation and settlement negotiations. *Archuleta* alleged a broad based claim that agencies of the United States violated 5 U.S.C. § 5551 by underpaying the lump-sum payments for unused annual leave to employees who

retire, die, or separate from federal service. The United States agreed to a narrower settlement involving seventeen (17) agencies. As part of the settlement, *Athey* was severed to resolve the class action claims of former employees of the Department of Veterans Affairs ("VA") pursuant to the same statute (5 U.S.C. § 5551). An Amended Complaint then was filed in *Athey* alleging, pursuant to the same statute, that putative class action plaintiff Solow should be permitted to represent employees who retired, died, or separated from all agencies of the United States other than the seventeen agencies settled in Archuleta and the VA. Pursuant to a suggestion from Senior Judge Smith, plaintiffs withdrew the Amended Complaint and filed plaintiff Solow's cause of action as a new case.

(3) All three cases (*Archuleta*, *Athey and Solow*) involve the same claims of former employees of the United States that their lump-sum payments for unused annual leave were underpaid. There are three principal categories of underpayments that are applicable to all three cases: (a) the lump-sum payments of former employees who would have received pay increases if they had remained in federal service for the duration of their unused annual leave; (b) the lump-sum payments of former employees who regularly worked on Sundays and weekends; and (3) the lump-sum payments of those former employees who retired, died, or separated while receiving a foreign post allowance in the foreign area. Defendant asserts that a subset of the VA employees

who are health care professionals should not recover Sunday or weekend premium pay because those premium pay entitlements are under title 38 rather than under title 5, but the core class action claims of the putative plaintiffs in *Athey* and *Solow* are identical inasmuch as the VA employs tens of thousands of non-health care professionals as well as health care professionals who, as federal employees under 5 U.S.C. § 2105, are all eligible to recover back pay and interest under the money mandating statute ( 5 U.S.C. § 5551) that comprises the underlying core of plaintiffs' claims in both cases.

(4) Thus, considering the common issues of fact and law presented by the *Athey* and *Solow* cases, as well as the familiarity and experience of Senior Judge Smith with respect to these same core issues in *Archuleta* for over six years, plaintiffs respectfully submit that the transfer of the *Solow* case to Senior Judge Smith would significantly promote the efficient administration of justice.

Respectfully submitted,

Dated: December 27, 2006

By s/Ira M. Lechner

IRA M. LECHNER
Attorney for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258
Fax (760) 839-5755