IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTION TO TRANSFER PURSUANT TO RULE 40.2(b)**

Plaintiffs in Solow, et al. v, United States, No. 06-872C, filed a Notice of Indirectly Related Case pursuant to Rule 40.2(b) of the Rules of the United States Court of Federal Claims, on December 27, 2006, informing this Court that the Solow case had been filed.[1] The Solow case was assigned to the Honorable George W. Miller. Plaintiffs informed the Court that they believed that the Solow case and the Athey case present common issues of fact and law, and that a transfer of the Solow case to Senior Judge Smith, who is assigned the Athey case, would promote the efficient administration of justice. The Government objects to such a transfer for the following reasons.

First, while the Solow and Athey cases appear facially similar, substantively the cases will present very different issues of law and fact for the Court to resolve. The Athey case deals exclusively with former employees of the Veterans Administration ("VA") whose personnel

[1] Pursuant to Rule 40.2(b), plaintiffs are required to file their Notice of Indirectly Related Case in the earlier filed case, which plaintiffs have done. Plaintiffs are also required to serve all parties in the related cases. Rule 40.2(b)(2). Plaintiffs did not serve Government counsel in the Solow case. After being informed by undersigned counsel of the Rule 40.2(b) filing, counsel representing the Government in Solow indicated that she would adopt the objections submitted herein and would not submit separate objections.

system is considerably different than the Title 5, United States Code, system which regulates the employees in Solow. Under the VA personnel system, employees are hired pursuant to United States Code, Title 38, Title 5 or a combination of Title 38 and Title 5.[2] Title 38 and hybrid employees are governed by VA regulations promulgated under Title 38, code of Federal Regulations, while Title 5 employees are governed by Title 5 regulations promulgated by the Office of Personnel Management ("OPM"). The Secretary of VA was given broad authority to hire employees under Title 38, United States Code, by Congress after World War II and to offer more competitive benefits as a recruitment and retention incentive for prospective employees. This flexibility was built into the system by statute. Congress recognized that the VA needed a flexible personnel system in order to attract qualified medical personnel to tend to the soldiers returning after the war. 38 U.S.C. § 7301(b); see Pub. L. No. 79-293, 59 Stat. 675 (1946). This unique personnel system has continued to the present. In fact, the reason that the VA claims were carved out of the Archuleta case, as plaintiffs are well aware, was because of this unique personnel system.

In Athey, the Court will address the relevance, if any, of 5 U.S.C. § 5551,[3] to former VA employees who were hired pursuant to Title 38. By contrast, one of the first issues that may be addressed in Solow is whether the statute of limitations will preclude any recovery for plaintiffs.

[2] Employees at the VA who are covered by Title 38 for some purposes but are still covered by Title 5 for other purposes are called "hybrids." For purposes of lump-sum payment calculations, hybrids are governed by Title 38. See 38 U.S.C. § 7454(b)(2).

[3] Lump-sum payment for accumulated or annual leave, upon an employee's retirement or separation from service in governed by 5 U.S.C. § 5551. However, under the Title 38 personnel system at the VA, that regulation does not apply for purposes of determining an employee's lump sum payment. See 38 U.S.C. § 7453(i)(1).

Under the circumstances, a transfer of Solow to Senior Judge Smith will not promote efficiency but could result in unnecessary paperwork for the Court.

Even assuming that Solow will not be dismissed, the plaintiffs identified in Solow are Title 5 employees who are governed by such statutory provisions as well as OPM's regulations. Therefore, pay and leave issues in Solow will be different from the issues in Athey.

Moreover, the agencies involved in both cases are different. Whereas, Athey plaintiffs were employed by the VA, the Solow plaintiffs may have been employed by numerous other Federal agencies.[4] Thus, any savings that might have been achieved by transferring the Solow case to Senior Judge Smith, such as coordinating discovery between the two cases, will not be possible, because discovery will involve different agencies.

Finally, Archuleta et al. v. United States, Case No. 99-205 (Fed. Cl.), was in settlement discussions for over six years. There have been no substantive pleadings filed in that case for years because the parties have been in settlement negotiations. Thus, there is no substantive expertise that Senior Judge Smith would bring to the Solow case that any other jurist on the Court of Federal Claims does not also bring to the case. Given that the Government does not anticipate any immediate settlement discussions in either case, there is no actual efficiency that can be gained by transferring Solow. Therefore, a transfer of the Solow case to Senior Judge Smith will not, as plaintiffs suggest, promote any efficiency.

---

[4] In fact, in Solow it is not clear what agency, other than the Resolution Trust Corporation, is involved because the Resolution Trust Corporation was the only agency identified in Solow.

CONCLUSION

For these reasons, the Government objects to the request of plaintiffs to transfer the Solow case to Senior Judge Smith.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 307-0361

Attorneys for Defendant

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. NW
Washington, DC 20420

February 2, 2007

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 2d day of February, 2007, a copy of foregoing "DEFENDANT'S OBJECTION TO TRANSFER PURSUANT TO RULE 40.2(b)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sharon A. Snyder