C.A. No. 99-2051C
(Senior Judge Smith)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ATHEY, ROBERT M., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

KATHRYN A. BLEECKER
Assistant Director

SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 307-0361

Attorneys for Defendant

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. NW
Washington, DC 20420

February 9, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS .... i

TABLE OF AUTHORITIES .... iii

DEFENDANT'S BRIEF .... 1

NATURE OF CASE .... 1

STATEMENT OF ISSUES .... 2

BACKGROUND .... 3

I. Congress Creates A Separate Personnel System For The Veterans Administration .... 3

A. Title 38 Employees .... 3

B. Hybrid Employees .... 6

II. Payment To Federal Employees For Their Accumulated And Accrued Leave Upon Separation Or Retirement From The Government Pursuant To 5 U.S.C. § 5551 .... 8

STATEMENT OF FACTS .... 9

ARGUMENT .... 10

I. Plaintiffs' Claims Are Time Barred .... 10

A. Standard of Review .... 10

B. The Statute Of Limitations Bars The Claims Asserted By Plaintiffs In The Third Amended Class Action Complaint .... 11

C. Alternatively, The Claims Asserted By Plaintiffs Are Barred By Laches .... 12

II. Plaintiffs' Claims That Additional Pay Received Pursuant To Title 38 Should Be Included In A VA Employees' Lump Sum Payment For Accumulated And Accrued Leave Should Be Dismissed Because Title 38 Specifically Prohibits The Inclusion Of Additional Pay In The Employees' Lump-Sum Payment .... 14

A. Standard of Review .................... 14

B. Additional Pay Is Not Included In The Lump-Sum Payment For Accumulated And Accrued Annual Leave Under Title 38 .................... 15

1. Registered Nurses .................... 16

2. Physician's Assistants And Other Health Care Professionals ..... 18

3. Hybrid Employees .................... 19

III. Plaintiffs Have Asserted Claims That Are Barred By The Appropriations Act of 1997 .................... 20

CONCLUSION .................... 20

## TABLE OF AUTHORITIES

### CASES

Alligood v. United States,
14 Cl. Ct. 11 (1987) .......... 12, 13

Alpert v. United States,
161 Ct. Cl. 810,
1963 WL 8500 (1963) .......... 12, 13, 14

American Fed'n of Gov't Employees v. FLRA,
850 F.2d 782 (D.C. Cir. 1988) .......... 5

American Nat'l Bank & Trust Co. v. United States,
22 Cl. Ct. 7 (1990) .......... 14

Archuleta v. United States,
No. 99-205 (Fed. Cl. 1999) .......... 13

Catawba Indian Tribe of So. Carolina v. United States,
982 F.2d 1564 (Fed. Cir. 1993) .......... 11

Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.,
467 U.S. 837 (1984) .......... 8

Colorado Nurses Ass'n v. FLRA,
851 F.2d 1486 (D.C. Cir. 1988) .......... 4, 5

Cornetta v. United States,
851 F.2d 1372 (Fed. Cir. 1988) .......... 12

Curry v, United States,
66 Fed. Cl. 593 (2005) .......... 16, 18

Gaffney v. United States,
834 F. Supp. 1 (D.D.C. 1993) .......... 8, 13

Gould, Inc. v. United States,
935 F.2d 1271 (Fed. Cir. 1991) .......... 15

Hart v. United States,
910 F. 2d 815 (Fed. Cir. 1990) .......... 11

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) .......... 11

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985), cert. denied,
479 U.S. 820 (1986) .......... 11

JANA, Inc. v. United States,
936 F.2d 1265 (Fed. Cir. 1991) .......... 12

J&E Salvage Co. v. United States,
37 Fed. Cl. 256 (1997), aff'd,
152 F.3d 945 (Fed. Cir. 1998) (table), cert. denied,
525 U.S. 827(1998) .......... 11

James v. Von Zemenszky,
284 F.3d 1310 (Fed. Cir. 2002) .......... 3, 7

Kinne v. United States,
21 Cl. Ct. 104 (1990) .......... 15

Rochman v. United States,
27 Fed. Cl. 162 (1992) .......... 15

Scheuer v. Rhodes,
416 U.S. 232 (1974) .......... 14, 15

Thomas v. United States,
34 Fed. Cl. 619 (1995) , aff'd,
101 F.3d 714 (Fed. Cir. 1996) (table) .......... 11

Western Shoshone Nat'l Council v. United States,
73 Fed. Cl. 59 (2006) .......... 11

**STATUTES**

5 U.S.C.§ 5542 .......... 9

5 U.S.C. §5544 .......... 9

5 U.S.C. §§ 5545(a) .......... 7, 9

5 U.S.C. § 5545b .......... 9

5 U.S.C. § 5545(c) ........ 9

5 U.S.C. §5546(a) ........ 9

5 U.S.C. § 5551 ........ passim

5 U.S.C. § 5924(1) ........ 9

28 U.S.C. § 2501 ........ 11

38 U.S.C. § 7301(b) ........ 3

38 U.S.C. § 7401 ........ 2, 3, 7, 15,16

38 U.S.C. § 7403(f)(1)(A) ........ 7, 16

38 U.S.C. § 7421(a) ........ 4

38 U.S.C. § 7422(a) ........ 4

38. U.S.C. § 7425 ........ 5, 6, 18

38 U.S.C. § 7453 ........ passim

38 U.S.C. § 7454 ........ passim

Pub. L. No. 79-293, 59 Stat. 675 (1946) ........ 3, 4

Treasury and General Government Appropriations Act,
Pub. L. No. 105-61, § 636,
111 Stat. 1272 (1997) ........ 20

Veterans Health Care Expansion Act of 1973
Pub. L. No. 93-82, 87 Stat. 179 (1973) ........ 17

Veterans Omnibus Health Care Act of 1976,
Pub. L. No. 94-581, 90 Stat. 2860-2861 (1976) ........ 17

Veterans Administration Health-Care Amendments of 1980,
Pub. L. No. 96-330, §116(a)(1),
94 Stat. 1030 (1980) ........ 5, 6

VA Healthcare Enhancements Act of 2001, Pub. L. No. 107-35, Title 1, § 121(a) ........ 7

**LEGISLATIVE HISTORY**

133 Cong. Rec. §6310, 100th Cong. 1st Sess ........ 5

134 Cong. Rec. §7092, 100th Cong. 2nd Sess ........ 5

H.R.Rep. No. 93-368, at 1708 (1973),
reprinted in 1973 U.S.C.C.A.N. 1688,
1973 WL 12602 (Leg. Hist.) ........ 17

S. Rep. No. 98-145 (1983),
reprinted in 1983 U.S.C.C.A.N. 1344 ........ 6

S. Rep. No. 215, 100th Cong., 1st Sess. 145 (1987) ........ 3

S. Rep. No. 858 (1945),
reprinted in 1945 U.S.C.C.A.N. 956 ........ 3

Sen. Rep. No. 80, 107th Cong., 1st Sess. (2001) ........ 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiffs' claims for lack of subject matter jurisdiction because the statute of limitations, or laches, bars their claims. Alternatively, if the Court finds that the statute of limitations does not bar plaintiffs' claims, defendant respectfully requests that the Court dismiss the claims set forth in paragraph 2, subsections (2), (3), (4), (5), (6), and (9) of the Third Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). In support of this motion, we rely upon the complaint and the following brief.

DEFENDANT'S BRIEF

NATURE OF THE CASE

Plaintiffs, former employees of the Veterans Administration (VA), who have either retired or separated from the VA, assert their claims on their own behalf and on behalf of a class

of similarly situated plaintiffs. Compl. ¶¶ 1-2.[1] Plaintiffs were employed pursuant to United States Code, title 38, title 5, or a combination of title 5 and title 38. Id. Plaintiffs claim that when they retired or separated from the VA, the VA failed to include the proper pay in the lump-sum payment for their accumulated and accrued annual leave. Id. Some of the plaintiffs are alleged to have received, in addition to their basic pay, certain "additional" or "premium" pay such as, night, weekend, and holiday shift differential (forms of premium pay known in title 38 parlance as "additional pay"), pursuant to 38 U.S.C. §§ 7453(a) and 7454(b)(2). Id. at ¶ 6.

However, with respect to plaintiffs paid additional pay pursuant to 38 U.S.C. § 7453 (nurses), 38 U.S.C. § 7454(a) (physician assistants and other health care professionals), and 38 U.S.C. §§ 7401(3) and 7454(b) ("hybrids," such as audiologists, speech pathologists, dieticians), the applicable statutes and regulations do not entitle them to inclusion in their lump-sum payment, the specific pay they seek in paragraph 2, sections 3, 4, 5, 6, and 9. Compl. ¶¶ 1-2. As we will explain below, title 38, United States Code, states clearly that any additional pay, beyond basic pay, is not relevant for purposes of calculating the lump-sum payment for accumulated and annual leave due upon retirement or separation.

## STATEMENT OF THE ISSUES

1. Whether plaintiffs' claims are barred by the statute of limitations or by laches.

2. Whether plaintiffs state a claim upon which relief can be granted pursuant to

---

[1] "Compl. ___" refers to the Third Amended Class Action Complaint For Money Damages, attached to plaintiffs' motion for leave to file, filed on December 22, 2006. The Court has not yet ruled upon plaintiffs' motion to file the Third Amended Class Action Complaint, however, the Court scheduled the date for this responsive pleading of that complaint in an order dated December 12, 2006. The Court granted defendant's motion for enlargement to respond to the Third Amended Class Action Complaint on February 1, 2007.

5 U.S.C. § 5551, when the provisions governing title 38 and hybrid plaintiffs specifically prohibit the relief sought here.

## BACKGROUND

I. Congress Creates A Separate Personnel System For The Veterans Administration

A. Title 38 Employees

The VA Department of Medicine and Surgery, now the Veterans Health Administration (“VHA”), was created in 1946 "to provide a complete medical and hospital service for the medical care and treatment of veterans." 38 U.S.C. § 7301(b); see Pub. L. No. 79-293, 59 Stat. 675 (1946). At that time, Congress was concerned that the civil service system was too rigid to accommodate the swift hiring necessary to satisfy the medical needs of returning World War II veterans. To accommodate these concerns, Congress created an independent personnel system for the VHA under title 38, United States Code. Pub. L. No. 79-293, §§ 2-15, 59 Stat. at 675-79 (codified as amended at 38 U.S.C. §§ 7401-7474); see S. Rep. No. 858 (1945), reprinted in 1945 U.S.C.C.A.N. 956; S. Rep. No. 215, 100th Cong., 1st Sess. 145 (1987). Importantly, the legislation authorized the Secretary (previously, the Administrator) to appoint a variety of medical personnel, including registered nurses (RN's), such as plaintiff Thelma R. Curry, as well as physician assistants (PAs), and expanded-function dental auxiliaries (EFDAs), to positions within the title 38 system. 38 U.S.C. § 7401; James v. Von Zemenszky, 284 F.3d 1310, 1314 (Fed. Cir. 2002).

The title 38 personnel system afforded VHA greater flexibility in hiring, firing, and compensating employees than would be possible under the civil service system (generally codified in title 5, United States Code), and also allowed the administration to offer more

competitive benefits as a recruitment and retention incentive for prospective employees. This flexibility was built into the system by statute.

Pursuant to 38 U.S.C. § 7421(a), the Secretary of the VA is authorized to "prescribe by regulation the hours, conditions of employment, and leaves of absence" of specified title 38 employees (including RN's, PA's and EFDA's) without regard to "any law, Executive order, or regulation." Pub. L. No. 79-293, § 7(b), 59 Stat. at 677. By the express terms of this statute, the Secretary's regulatory authority over these title 38 employees' hours, conditions of employment, and leaves of absence under section 7421(a) is plenary and exclusive. As the Court of Appeals for the D.C. Circuit has noted:

> Section [7421] underscores the exclusive nature of the Administrator's authority by exempting its exercise from "any law, Executive order, or regulation." The purpose of this language is clear: when the Administrator prescribes regulations concerning conditions of employment, he is to be unhampered by the range of federal personnel statutes and regulations that might otherwise constrain his authority.

Colorado Nurses Ass'n v. FLRA, 851 F.2d 1486, 1489 (D.C. Cir. 1988).

The title 38 personnel statutes make clear that the Secretary's broad regulatory authority over the enumerated title 38 employees extends to these employees' compensation. As noted above, 38 U.S.C. § 7421 authorizes the Secretary to regulate "the hours, conditions of employment, and leaves of absence" of employees in enumerated positions within VHA. While an adjacent statute, 38 U.S.C. § 7422(a), subjects the Secretary's regulatory authority under section 7421 to collective bargaining, that same statute (at subsection 7422(b)) exempts from collective bargaining the Secretary's authority to regulate certain enumerated conditions of employment, including "(3) the establishment, determination, or adjustment of employee compensation under ... title [38]." Thus, section 7422(b) clarifies that employee compensation

-- including the additional pay provided by 38 U.S.C. §§ 7453 and 7454 -- is a condition of employment subject to the Secretary's regulatory authority.

Congress' intent in affording the Secretary such unfettered regulatory authority over title 38 compensation is clear: without the flexibility this authority provides, VA could not successfully compete with non-Federal health care facilities to attract qualified medical personnel. The legislative histories of nearly all the title 38 compensation statutes are replete with data reflecting VHA's inability to recruit and retain medical professionals without the ability to offer compensation authorities on par with those offered in non-VA hospitals. See, e.g., 134 Cong. Rec. §7092, 100th Cong. 2nd Sess., May 27, 1988; 133 Cong. Rec. §6310, 100th Cong. 1st Sess., May 12, 1987; Sen. Rep. No. 80, 107th Cong., 1st Sess. (2001).

As a statutory scheme, the title 38 compensation authorities are focused entirely on meeting non-Federal competition – and not on remaining consistent with title 5. As a result, in exercising his regulatory authority over title 38 employees' pay and benefits, the Secretary has prescribed some regulations that are more generous than what is available under title 5, and others that are less advantageous than the general civil service rules. See Colorado Nurses Ass'n, 851 F.2d at 1492; American Fed'n of Gov't Employees v. FLRA, 850 F.2d 782, 787 (D.C. Cir. 1988).

To underscore both the independence and the predominance of the title 38 personnel system, Congress amended title 38 in 1980 to add section 4119, now 7425, to reemphasize that "where title 5 is 'inconsistent with' title 38, the latter governs." American Fed'n of Gov't Employees, 850 F.2d at 786 (quoting 38 U.S.C. § 4119 (Supp. IV 1980) (recodified at 38 U.S.C. § 7425)); see Veterans Administration Health-Care Amendments of 1980, Pub. L. No. 96-330,

§ 116(a)(1), 94 Stat. 1030, 1039 (1980). Section 7425 makes clear that where a provision of title 5 is inconsistent with a provision of title 38, the title 38 provision predominates.

B. Hybrid Employees

Although RNs, such as Ms. Curry, as well as PAs and EFDAs, were included in the title 38 personnel system from its beginning, other health care professionals, such as licensed vocational nurses ("LVNs") and licensed practical nurses ("LPNs"), were initially not included in the title 38 personnel system but, instead, remained covered by title 5. Committee On Veterans Affairs Of The House of Representatives, 97th Cong., Study of The Feasibility and Desirability of Converting Selected Health Care Occupations to Title 38, United States Code (Comm. Print 1982). As time went on, attracting and retaining these allied health professionals became difficult for the VA because the title 5 system did not offer benefits competitive with those offered to these professionals in the private sector. S. Rep. No. 98-145 at 48-51 (1983), reprinted in 1983 U.S.C.C.A.N. 1344, 1375-1378.

In order to alleviate the VA's staffing problems, it was originally proposed that these allied health professional employees be absorbed completely into the title 38 system. Committee on Veterans Affairs of the House of Representatives, 97th Cong., Study of the Feasibility and Desirability of Converting Selected Health Care Occupations To Title 38, United States Code (Comm. Print 1982). However, it eventually was determined that the cost of including so many allied health care professions in the generous title 38 leave system would be crippling to VA. S. Rep. No. 98-145 at 48-51 (1983), reprinted in 1983 U.S.C.C.A.N. 1344, 1375-1378.

Rather than converting all allied health professionals to the title 38 system, Congress created a new type of VA employee. These employees are known in VA parlance as "hybrids" because they are covered by title 38 for some purposes but are still covered by title 5 for other

purposes. James, 284 F.3d at 1314. The hybrid system was intended to improve VHA's ability to recruit and retain designated categories of health care workers by allowing the Secretary to hire, promote and compensate these employees under title 38, while minimizing the cost of the conversion by retaining their title 5 status for such other purposes as leave accrual. Id.

Hybrids are appointed pursuant to 38 U.S.C. §§ 7401(3) and 7403(f). They include certified or registered respiratory therapists, licensed physical therapists, licenced practical or vocational nurses, pharmacists, and occupational therapists, among others. Under the hybrid system, the Secretary wields full and plenary regulatory authority over those aspects of hybrid employees' conditions of employment that are governed by title 38. See, e.g., 38 U.S.C. § 7403(f)(1) (authorizing Secretary to prescribe regulations to establish hybrid employees' qualifications, promotions and advancements), and 38 U.S.C. § 7454(c) (authorizing Secretary to "prescribe by regulation standards for compensation and payment under this section"). The Secretary is authorized to provide hybrids with additional pay, "on the same basis as provided for nurses in section 7453 of this title."[2] 38 U.S.C. § 7454(b). Hybrid employees receive premium pay under title 5 unless the Director of the Medical Center to which they are assigned authorizes payment of title 38 additional pay on the ground that such pay is necessary to retain their services. 38 U.S.C. § 7454(b).

[2] Hybrid employees can earn night and holiday differential pay pursuant to either 38 U.S.C. § 7454(b)(1) or 5 U.S.C. §§ 5545(a) and 5546(b), respectively. In addition, initially, hybrid employees could earn either weekend additional pay pursuant to title 38 or Sunday premium pay pursuant to title 5. However, on January 23, 2002, Congress enacted the VA Healthcare Enhancements Act of 2001, Pub. L. No. 107-35, Title 1, § 121(a), Jan. 23, 2002, 115 Stat. 2450 (codified at 38 U.S.C. § 7454(b)(2)), making weekend additional pay pursuant to title 38 an entitlement for hybrids.

II. Payment To Federal Employees For Their Accumulated And Accrued Leave Upon Separation Or Retirement From The Government Pursuant To 5 U.S.C. § 5551

Pursuant to 5 U.S.C. § 5551(a), Federal employees who separate from service are entitled to receive a lump sum-payment for the unused annual leave that they have accrued. That provision provides in pertinent part:

> An employee . . . who is separated from the service, is transferred to a position . . . or who elects to receive a lump-sum payment for leave under section 5552 of this title is entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave to which he is entitled by statute. The lump-sum payment shall equal the pay (excluding any differential under section 5925 and any allowance under section 5928) the employee or individual would have received had he remained in the service until expiration of the period of the annual or vacation leave.

5 U.S.C. § 5551(a). In a case dealing with issues similar to those presented here, the United States District Court for the District of Columbia found that the interpretation of the Office of Personnel Management ("OPM") of section 5551, limiting the lump-sum payment to the base pay of the employee, was permissible, reasonable, and entitled to deference. Gaffney v. United States, 834 F. Suppl 1, 4-5 (D.D.C. 1993).[3] In reaching that conclusion, the court found:

> [T]he base pay is the only pay that an employee is certain to have received. Unlike the case with the leave-with-pay statutes, there is no judicial interpretation of the relevant phrase and no legislative history indicating that something more than base pay was intended.

Id. at 4-5. The court granted the Government's summary judgment motion and dismissed the

---

[3] The court dismissed count I of the plaintiffs' complaint in which they had asserted that premium pay should be included in their lump-sum payment for accumulated and accrued annual leave, the same claim asserted by plaintiffs here. Gaffney, 834 F. Supp. at 5. The Government's policy at the time was to exclude premium pay from the lump-sum payment. Id. at 3. OPM had promulgated that policy based upon its interpretation of 5 U.S.C. § 5551(a), which the district court upheld as a permissible construction of the statute. Id. at 3-5 (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984)).

claim that Sunday premium pay should be included in plaintiffs' lump-sum payment. Id. at 5.

STATEMENT OF FACTS

Plaintiffs, former employees of the VA who retired or separated, bring this class action case on behalf of themselves and a class of similarly situated employees. Compl. ¶ 1. Plaintiffs claim that when they retired or separated, from April 3, 1993 and thereafter, the VA did not include all required forms of pay in their lump-sum payment for accumulated and accrued leave upon separation to which plaintiffs were entitled under 5 U.S.C. §§ 5551 and 5552. Id. ¶ 2. Plaintiffs' claim that their lump-sum payment should have included various forms of additional or premium pay. Id.

The premium or additional pay that plaintiffs allege they were not paid includes pay that may have been paid to VA employees pursuant to title 5 and title 38. For example, under title 5, plaintiffs allege that VA employees may receive additional or premium pay under the following circumstances: (a) "non-overtime Sunday premium pay [for Title 5] employees, under 5 U.S.C. § 5546(a) of title 5, prior to fiscal year 1999" [Compl. (¶ 2(2)]; (b) "premium [or additional] pay under 5 U.S.C. § 5545(c), 5 U.S.C. § 5545b, and 5 U.S.C. § 5545a" [Compl. (¶ 2(7)]; (c) "overtime [or premium pay] under various circumstances, pursuant to 5 U.S.C. § 5545b and 5 U.S.C. § 5545(c)(1)" [Compl. (¶ 2(8)]; (d) "overtime pay under 5 U.S.C.§ 5542 and 5 U.S.C. § 5544" [Compl. ¶2(10)]; and (e) post allowance pursuant to 5 U.S.C. § 5924(1) [Compl. ¶ 2(12)].

Plaintiffs include several assertions that "premium pay" should be included in the lump-sum payment without citations to any particular pay statutes. For example, they also seek

(a) “night differential premium pay for prevailing rate employees during non-overtime hours that was not included within the employees’ rate of basic pay” [Compl. (¶ 2(1)], and (b) “supervisory differential” [Compl. ¶ 2(11)].

Plaintiffs further appear to allege that VA employees who have been hired pursuant to the Secretary’s authority under title 38, may have received additional or premium pay under the following circumstances: (a) Sunday “additional pay” for nurses (pre- fiscal 1999), pursuant to 38 U.S.C. § 7453(c) [Compl. (¶ 2(3)]; (b) “additional pay” for nurses for Friday and Saturday hours between 12 pm Friday and 12 pm Saturday, pursuant to 38 U.S.C. § 7453(c), and for PA’s and EFDA’s, pursuant to 38 U.S.C. § 7454(a) [Compl. (¶ 2(4)]; (c) “additional pay” for night, Friday and Saturday hours for individually designated “hybrid” employees prior to January 1, 2002, pursuant to 38 U.S.C. § 7454(b) [Compl. (¶ 2(5)]; (d) “additional pay” for night, Friday and Saturday hours for all “hybrid” employees from January 1, 2002, forward pursuant to 38 U.S.C. § 7454(b) [Compl. (¶ 2(6)]; (e) “overtime pay” for nurses, PAs and other health care professionals, pursuant to 38 U.S.C. 7453(e) and 38 U.S.C. § 7454 [Compl. (¶ 2(9)].

With respect to each of the forms of additional pay listed above, plaintiffs allege that, pursuant to 5 U.S.C. §§ 5551 and 5552, the VA should have included that additional pay in the lump-sum payment for accumulated and accrued leave when they separated from Government service. Compl. ¶ 2.

## ARGUMENT

### I. Plaintiffs’ Claims Are Time Barred

#### A. Standard Of Review

In deciding a RCFC 12(b)(1) motion, “determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the

plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1464 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter jurisdiction is placed into issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table), cert. denied, 525 U.S. 827 (1998). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

### B. The Statute Of Limitations Bars The Claims Asserted By Plaintiffs In The Third Amended Class Action Complaint

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; Western Shoshone Nat'l Council v. United States, 73 Fed. Cl. 59, 64 (2006). The limitations period is an express condition of the Government's consent to be sued and, therefore, the Court has no power to toll the running of the statute of limitations on equitable grounds. Hart v. United States, 910 F. 2d 815, 817 (Fed. Cir. 1990). A cause of action accrues when all of the events necessary to fix the alleged liability of the Government have occurred and the claimant is legally entitled to bring a suit. Catawba Indian Tribe of So. Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993).

Plaintiffs here allege that the Government failed to include in their lump-sum payment for accumulated and accrued leave upon their separation from service beginning on April 7, 1993. Compl. ¶ 1. Therefore, plaintiffs' cause of action accrued nearly 14 years ago and the

filing of the Athey complaint on June 21, 2006, is untimely. Thus, the Court should dismiss the plaintiffs' complaint in its entirety with prejudice.

C. Alternatively, The Claims Asserted By Plaintiffs Are Barred By Laches

If the Court should find that the statute of limitations does not bar plaintiffs' claims, the Government requests that the Court dismiss the complaint based on laches. Laches is an affirmative defense applied in spite of the statute of limitations. Alligood v. United States, 14 Cl. Ct. 11, 15 (1987). In order to invoke the doctrine of laches, the Government must meet a two-part test. JANA, Inc. v. United States, 936 F.2d 1265, 1269-70 (Fed. Cir. 1991). First, the Government must show unreasonable and inexcusable delay from the time the plaintiff knew or reasonably should have known of its claim and the time the claim was filed. Id. at 1269-70. Second, the Government must then show that the delay has caused it either economic prejudice or injury to its ability to mount a defense against the claims. Id. The Federal Circuit has stated, in describing the defense of laches, that:

> The doctrine of laches is based upon grounds of public policy, which require for the peace of society the discouragement of stale demands. And where the difficulty of doing entire justice by reason of the death of the principal witness or witnesses, or from the original transactions having become obscured by time, is attributable to gross negligence or deliberate delay, a court of equity will not aid a party whose application is thus destitute of conscience, good faith and reasonable diligence.

Cornetta v. United States, 851 F.2d 1372, 1376 (Fed. Cir. 1988).

Courts do not require a definite time period for establishing unreasonable delay. In the context of Federal employees who have contested their removals, litigation delays ranging from 11 months to five years have provided sufficient grounds upon which laches has been invoked to bar plaintiffs' claims. See Alpert v. United States, 161 Ct. Cl. 810, 1963 WL 8500 at * 6 (1963)

(citing cases where laches barred suit when delays in filing ranged from four years to 11 months). Thus, a plaintiff may be barred from bringing a suit by laches even if the suit is brought within the statute of limitations, if the facts demonstrate an unreasonable delay. With respect to the interplay between laches and the statute of limitations, this Court has found:

> The period for which the laches defense may be asserted is not necessarily coextensive with the statute of limitations period. Although the limitations period starts to run at the time of discharge, a plaintiff may be charged with periods of inexcusable delay even though such period occurred prior to accrual of the cause of action.

Alligood, 14 Cl. Ct. at 16.

Here, plaintiffs have known since before April 1993 of their claims against the VA and yet they did not file this complaint until June 2006.[4] Plaintiffs cannot show that their delay was anything but unreasonable and inexcusable. The prejudice to the Government in the 14-year delay in asserting the claims is clear. The Government is injured because its ability to mount a defense under the circumstances has been extremely compromised. For example, because of the passage of time, employee records have been archived and are difficult to access without expending considerable time and much expense. In addition, many of the witnesses who may have had direct knowledge of the facts and circumstances surrounding plaintiffs' claims have retired or separated themselves, or have gone onto other employment. Even if employees

---

[4] Plaintiffs counsel filed the Gaffney case in 1991, asserting as plaintiffs assert here, among other things, that the Government had not properly included Sunday pay, overtime pay, and other forms of "premium" pay in plaintiffs' lump-sum payment for accumulated and accrued annual leave. Gaffney, 824 F. Supp. at 3. The court dismissed the case finding that it was plausible for OPM to conclude that the language "would have received" in 5 U.S.C. § 5551, "contemplates only entitlement to base pay." Id. at 5. Eight years later plaintiffs filed Archuleta v. United States, No. 99-205, before this Court, asserting claims back to April 1993. It is clear that plaintiffs were aware of their claims as early as 1991, and most probably before then.

familiar with the facts remain on the job, memories, after so many years, have understandably dimmed. Thus, it will be very difficult for the Government to adequately defend against this suit absent considerable expense, effort and disruption. Indeed, "the Government has the right to have its services disturbed as little as possible." Alpert, 161 Ct. Cl. 810, 1963 WL 8500 at *7. Under the circumstances, the Court should dismiss the plaintiffs' complaint in its entirety with prejudice.

## II. Plaintiffs' Claims That Additional Pay Received Pursuant To Title 38 Should Be Included In A VA Employee's Lump Sum Payment For Accumulated And Accrued Leave Should Be Dismissed Because Title 38 Specifically Prohibits The Inclusion Of Additional Pay In The Employees' Lump-Sum Payment

### A. Standard of Review

If the Court determines that plaintiffs' claims are not barred by the statute of limitations or by laches, defendant requests that the Court dismiss with prejudice plaintiffs' claims asserted in paragraph 2, subsections (3), (4), (5), (6), and (9) of the Third Amended Complaint, pursuant to RCFC 12(b)(6). Pursuant to RCFC 12(b)(6), the Court may dismiss a complaint if, as a matter of law, it fails to state a claim upon which relief can be granted, even assuming the truth of its allegations. Unlike a RCFC 12(b)(1) disposition, however, "dismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990). As the Supreme Court has held, dismissal for failure to state a claim is appropriate whenever "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In resolving a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Kinne v. United States, 21 Cl. Ct. 104, 107 (1990) (quoting Scheuer, 416 U.S. at 236). Thus, the Court "must . . . indulge in all reasonable inferences in favor of the nonmovant." Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Nonetheless, the Court should not place any weight upon any assertions in the complaint other than allegations of fact, because “legal conclusions, deduction, or opinions couched as factual allegations are not given a presumption of truthfulness.” Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted).

B. Additional Pay Is Not Included In The Lump-Sum Payment For Accumulated And Accrued Annual Leave Under Title 38

Defendant focuses this portion of our motion on the following three groups of employees, who, as a matter of law, are not eligible for the inclusion of premium pay in their lump-sum payment upon separation or retirement:

(1) RNs and certified registered nurse anesthetists (CRNAs), who were appointed under 38 U.S.C. § 7401(1), and whose receipt of any lump-sum payment for accumulated and accrued annual leave is defined pursuant to 38 U.S.C. § 7453(i)(1);

(2) PAs and EFDAs, who were appointed under 38 U.S.C. § 7401(1), and whose receipt of any lump-sum payment for accumulated and accrued annual leave is defined pursuant to 38 U.S.C. § 7454(a) and 38 U.S.C. § 7453(i)(1); and

(3) Hybrid employees, such as certified or registered respiratory therapists, licensed physical therapists, licensed practical or vocational nurses, pharmacists, and occupational therapists, who were appointed under 38 U.S.C. § 7401(3) and 38 U.S.C. § 7403(f)(1)(A) and whose receipt of any lump-sum payment for accumulated or accrued annual leave is defined pursuant to 38 U.S.C. § 7454(b)(2).

1. Registered Nurses

Ms. Curry, and the other RNs named in the Athey complaint, were hired pursuant to title 38 and are, therefore, governed by that statute. 38 U.S.C.§ 7401(1). RNs are eligible for additional pay, also called premium pay, in addition to their "rate of basic pay." 38 U.S.C. § 7453(a). As described above, RNs may be eligible for overtime pay, holiday pay, or weekend pay. 38 U.S.C. § 7453(b), (c), (d), (e). However, title 38 is clear that any additional pay that an RN may receive is not to be considered basic pay for purposes of 5 U.S.C. § 5551:

> Any additional pay paid pursuant to this section **shall not be** considered as basic pay for the purposes of the following provisions of title 5 (and any other provision of law relating to benefits based on basic pay):
>
> (1) Subchapter VI of chapter 55. [5 U.S.C. § 5551]
> (2) Section 5595.
> (3) Chapters 81, 83, 84, and 87.

38 U.S.C. § 7453(i) (emphasis added); see Curry v. United States, 66 Fed. Cl. 593, 600 (2005) ("Congress has 'with clarity' determined via section 7453(i) that lump-sum separation pay should not include additional pay").

Moreover, the legislative history of section 7453(i) makes clear that Congress did not intend to include any additional pay in the lump-sum payment for accumulated and accrued annual leave:

> Paragraph (9) of the new subsection [section 7453(i)] provides that additional pay under this new subsection will not count as basic compensation for lump-sum leave payments, severance pay, and other benefits relating to basic compensation.

H.R.Rep. No. 93-368, at 1708 (1973), reprinted in 1973 U.S.C.C.A.N. 1688, 1973 WL 12602 (Leg. Hist.).[5]

Furthermore, title 38, United States Code, specifically provides that any provision of title 5 that is in conflict with title 38, is superseded by title 38:

> (b) Notwithstanding any other provision of law, no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with any provision of section 7306 of this title or this chapter shall be considered to supercede, override, or otherwise modify such provision of that section or this chapter except to the extent that such provision of title 5 or of such other law specifically provides, by specific reference to a provision of this chapter, for such provision to be superceded, overridden, or otherwise modified.

38 U.S.C. § 7425(b). In order to harmonize any apparent conflict between title 5 and title 38, 38 U.S.C. § 7425(b) makes clear that title 38 overrides title 5, unless title 5 expressly states otherwise. In this instance, title 5 has no such specific reference to the relevant title 38 provision related to the pay sought by plaintiffs here. Thus, pursuant to

[5] The Veteran's Health Care Expansion Act of 1973 provided that "any additional compensation paid pursuant to this subsection shall not be considered as basic compensation" for purposes of subchapter VI of chapter 55. "Compensation" was later changed to "pay" in subsequent legislation. See Veterans Omnibus Health Care Act of 1976, Pub. L. No. 94-581, 90 Stat. 2860-2861 (1976).

5 U.S.C. § 5551, while nurses may receive a lump-sum payment for their accumulated and accrued annual leave upon separation or retirement from service, the lump-sum payment, pursuant to 38 U.S.C. § 7453(i), is calculated using the basic rate of pay, excluding any additional or premium pay that they may have earned during their employment with the VHA. Plaintiffs, nurses paid pursuant to 38 U.S.C. § 7453, therefore, are not entitled to the relief that they seek in paragraph 2, subsections (3), (4), and (9) of the Third Amended Complaint.

2. Physician's Assistants and Other Health Care Professionals

The same provision excluding any pay except basic pay in an employee's lump-sum payment for accumulated and accrued annual leave upon separation or retirement, applies with equal force to PAs and other health care professionals, including EFDAs:

> (a) Physician assistants and expanded-function dental auxiliaries shall be entitled to additional pay on the same basis as provided for nurses in section 7453 of this title.

38 U.S.C. § 7454(a). Thus, 38 U.S.C. § 7454(a) refers to the provisions for registered nurses and incorporates those into the provisions governing PAs and other health care professionals. VA employees, such as PAs and EFDAs, paid pursuant to 38 U.S.C. § 7454, are not eligible for the inclusion of any premium pay in their lump-sum payment. Curry, 66 Fed. Cl. at 607. Plaintiffs who are PAs or EFDAs, therefore, are not entitled to the relief that they seek in paragraph 2, subsections (3), (4), and (9) of the Third Amended Complaint.

3. Hybrid Employees

Likewise, for hybrid employees, for purposes of determining their lump-sum payment, the Court must look to the provisions of title 38. 38 U.S.C. § 7454(b)(1). Pursuant to title 38, the calculation of the lump-sum payment for accumulated and accrued leave for hybrids is based upon the same principles that apply to nurses, PAs, and EFDAs. That provision of title 38 is clear:

> When the Secretary determines it to be necessary in order to obtain or retain the services of individuals in positions listed in section 7401(3) of this title, the Secretary may, on a nationwide, local, or other geographic basis, pay persons employed in such positions additional pay on the same basis as provided for nurses in section 7453 of this title.

38 U.S.C. § 7454(b)(1).

Thus, the lump-sum leave payment for hybrids, like nurses, PAs, and EFDAs, is calculated using their basic rate of pay, excluding any additional pay that those employees may have received during their employment with the VHA. 38 U.S.C. § 7453(c) applies with equal force to hybrid employees. Plaintiffs who are hybrid employees, therefore, are not entitled to the relief that they seek in paragraph 2, subsections (5), (6), and (9) of the Third Amended Complaint.

Accordingly, the Court should dismiss that portion of plaintiffs' complaint which seeks payment for title 38 and hybrid employees of any additional pay in their lump-sum payment upon retirement or separation. This dismissal would apply specifically to paragraph 2, subsections (3), (4), (5), (6), and (9) of the Third Amended Complaint.

## III. Plaintiffs Have Asserted Claims That Are Barred By The Appropriations Act Of 1997

Plaintiffs, in paragraph 2, subsections (2) and (3) of the Third Amended Complaint, assert claims for Sunday premium pay, prior to fiscal 1999. Those claims are also barred by statute.

In October 1997, Congress enacted the Appropriations Act of 1997 which prohibits the payment of Sunday premium pay to any employee who does not actually perform work "during the time corresponding to such premium pay." Treasury and General Government Appropriations Act, Pub. L. No. 105-61, § 636, 111 Stat. 1272, 1316 (1997) ("1997 Appropriations Act"). Thus, leave sought for Sunday premium pay after September 30, 1997, the effective date of the Act, is specifically prohibited by the 1997 Appropriations Act. Because plaintiffs seek payment of leave for Sunday premium pay prior to fiscal 1999, i.e. prior to October 1, 1998, the Court should dismiss the claims asserted by plaintiffs in paragraph 2, subsections (2) and (3) of the Third Amended Complaint.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction because plaintiffs' claims are barred by the statute of limitations, or by laches. Alternatively, defendant requests that the Court dismiss with prejudice those claims set forth in plaintiffs' complaint at paragraph 2, subsections (2), (3), (4), (5), (6), and (9), of the Third Amended Complaint, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. NW
Washington, DC 20420

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 307-0361

February 9, 2007

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 9th day of February, 2007, a copy of foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sharon A. Snyder