C.A. No. 99-2051C
(Senior Judge Smith)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ATHEY, ROBERT M., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 616-0347

Attorneys for Defendant

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. NW
Washington, DC 20420

June 6, 2007

## TABLE OF CONTENTS

INTRODUCTION .................................................... 1

ARGUMENT .................................................... 3

I. PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS .................................................... 3

II. PLAINTIFFS' CLAIMS ARE TIME BARRED BY LACHES .................................................... 5

A. Plaintiffs' First Instance Of Delay In Bringing Their Claims Can Be Traced To The Gaffney Case Filed in 1991 .................................................... 5

B. Plaintiffs Also Filed The Curry Case, With Many Of The Same Plaintiffs Who Are Class Representatives Here, In The United States District Court For The Southern District of California .................................................... 7

C. Plaintiffs Continued To Sit On Their Rights While The Archuleta Plaintiffs Were Engaged in Settlement Negotiations .................................................... 8

III. PLAINTIFFS' INTERPRETATION OF TITLE 38 IGNORES THE PLAIN LANGUAGE OF THE STATUTE .................................................... 10

A. Interpreting "Pay" As Plaintiffs Suggest, Would Render Title 38 Provisions A Nullity And, Therefore, Is Improper Statutory Construction .................................................... 10

B. Title 38's Provision Regarding The Calculation Of The Lump-Sum Payment Applies With Equal Force To Other Health Care Professionals And Hybrid Employees .................................................... 14

C. Plaintiffs' Citations To Lanehart and Armitage Are Misplaced .................................................... 15

D. Plaintiffs Have Not Identified The Number Of Potential Persons In Their Class And, Thus, It Is Currently Unknown .................................................... 16

CONCLUSION .................................................... 17

# TABLE OF AUTHORITIES

## CASES

Aero Union Corp. v. United States,
47 Fed. Cl. 677 (2000) .......... 5, 6

Armitage v. United States,
991 F.2d 746 (Fed. Cir. 1993) .......... 15, 16

Bailey v. United States,
516 U.S. 137 (1995) .......... 11

Boise Cascade Corp. v. EPA,
942 F.2d 1427 (9th Cir. 1991) .......... 10

Caguas Cent. Fed. Sav. Bank v. United States,
215 F.3d 1304 (Fed. Cir. 2000), cert. denied,
531 U.S. 1070 (2001) .......... 4

Caminetti v. United States,
242 U.S. 470 (1917) .......... 10

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988) .......... 4

Curry et al. v. United States,
Case No. 01 Civ 1602IEG(JAH)(S.D. Cal.) .......... 7, 13, 14

Curry et al. v. United States,
Case No. 02-101C (Fed.Cl.) .......... 7

Curry v. United States,
66 Fed. Cl. 593 (2005) .......... 14

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, 428 (1984), aff'd,
758 F.2d 665 (Fed. Cir.1984) (table) .......... 3

Engine Mfrs. Ass’n v. S. Coast Air Quality Mgmt. Dist.,
541 U.S. 246 (2004) .......... 11

Fidelity Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983), cert. denied,
464 U.S. 826 (1983) .......... 3

Frazer v. United States,
288 F.3d 1347 (Fed. Cir. 2002) .......... 3

Gaffney v. United States,
834 F. Supp. 1 (D.D.C. 1993) .......... 1, 5, 6

Greyhound Corp. v. Mt. Hood Stages, Inc.,
437 U.S. 322 (1978) .......... 10, 12

Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,
530 U.S. 1 (2000) .......... 10

Hughes Aircraft Co. v. Jacobson,
525 U.S. 432 (1999) .......... 10, 12

Insurance Co. of North America v. United States,
121 F. Supp. 649 (Ct. Cl. 1954), cert. denied,
348 U.S. 863 (1954) .......... 4

JANA, Inc. v. United States,
936 F.2d 1265 (Fed. Cir. 1991) .......... 5

Keene Corp. v. United States,
508 U.S. 200 (1993) .......... 4

King v. Saint Vincent's Hosp.,
502 U.S. 215 (1991) .......... 11

Lanehart v. United States,
818 F.2d 1574 (Fed. Cir. 1987) .......... 15

Link v. Wabash R.R. Co.,
370 U.S. 626 (1962) .......... 6

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003) .......... 3

Motions Systems Corp. v. Bush,
437 F.3d 1356 (Fed. Cir. 2006) .......... 11

Phaidin v. United States,
28 Fed. Cl. 231 (1993) .......... 3

Richardson v. United States,
526 U.S. 813 (1999) .......... 10, 12

Shell Oil Co. v. Iowa Dept. of Revenue,
488 U.S. 19 (1988) .......... 11

Soriano v. United States,
352 U.S. 270 (1957) .......... 4, 5

Steuer v. United States,
207 Ct. Cl. 282 (1975) .......... 5

UNR Industries, Inc. v. United States,
962 F.2d 1013 (Fed. Cir. 1992) .......... 4

United States v. King,
395 U.S. 1 (1969) .......... 4

United States v. Mitchell,
445 U.S. 535 (1980) .......... 3

United States v. Mottaz,
476 U.S. 834 (1986) .......... 4

United States v. Ron Pair Enter., Inc.,
489 U.S. 235 (1989) .......... 10

United States v. Sherwood,
312 U.S. 584 (1941) .......... 3

United States v. Testan,
424 U.S. 392 (1976) .......... 3, 4

Weston v. Dep't of Housing & Urban Dev.,
724 F.2d 943 (Fed. Cir. 1983) .......... 6

**STATUTES**

5 U.S.C. § 5541(2) .......... 16

5 U.S.C. § 5551 .......... passim

28 U.S.C. § 1491 .................................................. 4

28 U.S.C. § 2501 .................................................. 4

38 U.S.C. § 7401(3) .................................................. 15

38 U.S.C. § 7421 .................................................. 8

38 U.S.C. § 7453 .................................................. passim

38 U.S.C. § 7454 .................................................. passim

**MISCELLANEOUS**

H.R.Rep. No. 93-368 (1973),
reprinted in 1973 U.S.C.C.A.N. 1688,
1973 WL 12602 (Leg. Hist.) .................................................. 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully submits this response to plaintiffs' opposition to defendant's motion to dismiss, filed on May 1, 2007.

## **INTRODUCTION**

Plaintiffs raise numerous arguments in their opposition to our motion to dismiss. In doing so, plaintiffs misstate the law on laches, mischaracterize defendant's arguments regarding laches, and misapprehend the application of the lump-sum leave statute to the "additional pay" statutes for Department of Veterans Affairs ("VA") Title 38 and hybrid employees.

We established in our motion to dismiss that the statute of limitations or laches should bar the claims asserted by plaintiffs. Plaintiffs' counsel knew of the legal basis for the claims that are asserted in the Athey complaint as early as 1991. The Gaffney case, filed in 1991 by the same counsel representing plaintiffs here, is evidence of that. Gaffney v. United States, 834 F. Supp. 1, 2 (D.D.C. 1993). Plaintiffs have sat on their rights for over 15 years, to the prejudice of the Government's ability to mount substantive defenses against their claims. Furthermore, after plaintiffs finally filed their complaint in 1993, they failed to prosecute those claims, preferring

instead to sit on their rights, again to the prejudice of the defendant in this case. Because the Athey case presents a clear example for which laches should be applied, the case should be dismissed with prejudice pursuant to Rules 12 (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), or because the claims are barred by the six-year statute of limitations pursuant to RCFC 12(b)(1).

Regarding our motion to dismiss plaintiffs' claims that involve Title 38 and hybrid VA employees – those claims set forth in paragraph 2, subsections (2), (3), (4), (5), (6), and (9) of the Third Amended Complaint – plaintiffs attempt to introduce confusion into a straightforward interpretation of the relevant provisions of Title 38, United States Code. As we established in our opening brief, Title 38 is plain on its face. The actual lump-sum payment for accumulated and accrued annual leave to be paid to nurses, physicians assistants, other health professionals, and VA employees known as hybrids is governed specifically and clearly by 38 U.S.C. §§ 7453 and 7454. A review of all provisions governing the pay for Title 38 employees and hybrid employees establishes the framework for the lump-sum payment. See id. Even if the Court denies our motion to dismiss based on statute of limitations and laches, the claims asserted by Title 38 and hybrid VA employees in paragraph 2, subsections (2), (3), (4), (5), (6), and (9) should be dismissed for failure to state a claim, pursuant to RCFC 12(b)(6).

## ARGUMENT

I. PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs seems to make two arguments to support the continuation of the VA class claims even though those claims accrued over 14 years ago, well outside of the statute of limitations. First, plaintiffs contend that the parties agreed to sever those claims from the original Archuleta case, and thus, by agreement, the VA claims continue to be viable. Second, plaintiffs contend that because the parties agreed to stay the Archuleta proceedings pending settlement discussions, that the statute of limitations was equitably tolled as to the class of VA employees now before the Court in the Athey litigation. However, plaintiffs fail to recognize that the parties may not waive the statute of limitations as it is applied in the Tucker Act because it is a jurisdictional requirement. Moreover, equitable tolling is not applicable to section 2501. Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003); Frazer v. United States, 288 F.3d 1347, 1352 (Fed. Cir. 2002).

The Court of Federal Claims, like its predecessors, is a court of limited jurisdiction. Phaidin v. United States, 28 Fed. Cl. 231, 233 (1993); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984), aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in the Court of Federal Claims, which thereby waives sovereign immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983),

cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Moreover, "a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988); accord UNR Industries, Inc. v. United States, 962 F.2d 1013, 1022-23, 1025 (Fed. Cir. 1992) (en banc)("UNR III"), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993)("Keene III").

The Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress." 28 U.S.C. § 1491. This consent to suits against the United States in the Court of Federal Claims is limited by 28 U.S.C. § 2501, which provides:

> Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

The Court's six-year statute of limitations constitutes a "condition" upon the sovereign's consent to suit. Soriano v. United States, 352 U.S. 270, 276 (1957); accord Insurance Co. of North America v. United States, 121 F. Supp. 649, 651 (Ct. Cl. 1954), cert. denied, 348 U.S. 863 (1954). Failure to comply with the statute of limitations places the claim beyond the court's power to consider it. United States v. Mottaz, 476 U.S. 834, 841 (1986); Soriano, 352 U.S. at 273; Caguas Cent. Fed. Sav. Bank v. United States, 215 F.3d 1304, 1310 (Fed. Cir. 2000), cert. denied, 531 U.S. 1070 (2001).

The VA plaintiffs claims here accrued as of April 7, 1993. The six-year statute of limitations expired on April 7, 1999. Therefore, the Athey complaint, filed June 21, 2006, is

time-barred. The parties cannot waive the Court's jurisdictional requirement. Similarly, because 28 U.S.C. § 2501 is jurisdictional, it is not subject to equitable tolling. See Soriano, 352 U.S. at 273. Even if section 2510 could be tolled, for the reasons discussed below, equitable tolling would not be appropriate here.

## II. PLAINTIFFS' CLAIMS ARE TIME BARRED BY LACHES

### A. Plaintiffs' First Instance Of Delay In Bringing Their Claims Can Be Traced To The Gaffney Case Filed in 1991

There is no question that plaintiffs have delayed in bringing this separate action on behalf of VA employees, thereby prejudicing defendant's ability to defend against the litigation. However, they attempt to sidestep their responsibility by misstating the law and the facts.

Plaintiffs first misstate the showing that the Government must make in order to succeed on its affirmative defense of laches. Pl. Br. at 15 n.3. Laches "requires a showing of two things: (1) unreasonable and unexcused delay by the claimant, and (2) prejudice to the other party, either economic prejudice or 'defense prejudice'-impairment of the ability to mount a defense due to circumstance such as loss of records, destruction of evidence or witness availability." JANA, Inc. v. United States, 936 F.2d 1265, 1269-70 (Fed. Cir. 1991) (emphasis added). It is clear from the case law that, to demonstrate laches, a defendant can show prejudice to its ability to mount a defense, as is the case here. See, e.g., id.; Aero Union Corp. v. United States, 47 Fed. Cl. 677, 686 (2000); Steuer v. United States, 207 Ct. Cl. 282 (1975). There is no fixed amount of time that is deemed automatically unreasonable, and the Court looks to the circumstances of each case to determine what is unreasonable. Aero Union, 47 Fed. Cl. at 686. The period of delay is measured from when the claimant "knew or should have known about his claim to the date of the suit." Id. at 686.

Plaintiffs, in an attempt to excuse their obvious delay and distance themselves from the claims raised in the Gaffney case, assert that those claims had nothing to do with the claims raised in Archuleta, and then again in Athey and in Solow. And yet, the same counsel representing plaintiffs here, and in Archuleta and Solow, raised the exact same claims on behalf of a class of former General Service Administration ("GSA") employees in Gaffney in a complaint filed in 1991, asserting claims on behalf of a class dating back to 1985. Gaffney, 834 F. Supp. at 2. Having failed in their attempts to certify a class in the United States District Court for the District of Columbia in the Gaffney case, plaintiffs next filed the Archuleta class action complaint in 1993 in the Court of Federal Claims, this time enlarging the class by naming all Federal employees, including GSA employees.

The period of delay for a laches defense is measured from the time the claimant knew or should have known about the claim and the date of the suit. There can be no denying that counsel for the Gaffney plaintiffs was well-aware of the claims relating to lump-sum payment for accumulated leave as early as 1991, and knew that the claims of all Federal employees regarding lump-sum payment are exactly the same claims. Plaintiffs cannot deny that they were aware of these very same claims as early as 1991. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) ("each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts") (citation omitted); Weston v. Dep't of Housing & Urban Dev., 724 F.2d 943, 951 (Fed. Cir. 1983) (litigant "must be held accountable for conclusions of her designated attorney"). Now, in 2007, plaintiffs come before the Court and try to argue that they have not delayed in raising their claims. Based upon the facts before this Court, such a position is untenable. In fact, it appears from the filings in these many cases, that plaintiffs have chosen to

proceed seriatim on their claims, picking and choosing their forums as they go. Such conduct should not be tolerated by this Court because it encourages forum shopping and delay, and discourages the speedy resolution of disputes.

B. Plaintiffs Also Filed The Curry Case, With Many Of The Same Plaintiffs Who Are Class Representatives Here, In The United States District Court For The Southern District of California

Moreover, plaintiffs here filed another related lawsuit while the Archuleta case was pending, naming many of the same plaintiffs named in their Athey case. In September 2001, plaintiffs Thelma Curry and Yolanda Quimby filed a class action in the United States District Court for the Southern District of California asserting that the VA did not include "premium pay" in their pay when they took "leave with pay," such as sick leave or annual leave. Curry et al. v. United States, Case No. 01 Civ 1602IEG (JAH) (S.D.Cal.). That case was transferred to this Court because the district court lacked jurisdiction, and it is currently pending before Judge Wheeler. Curry et al. v. United States, Case No. 02-101C (Fed.Cl.). Plaintiffs later moved to add 14 additional plaintiffs as class representatives in the Curry case. Of those 14 plaintiffs, 11 also are named in this action. While the claims in Curry are not identical to those claims asserted here, they relate to the payment of "premium pay" to employees of the VA in the context of sick leave and military leave. At best, the filing of the Curry case, while the claims for lump-sum payment on behalf of the same plaintiffs languished for years, demonstrates a failure to prosecute the claims before this Court by plaintiffs here.

C. Plaintiffs Continued To Sit On Their Rights While The Archuleta Plaintiffs Were Engaged in Settlement Negotiations

Plaintiffs assert that they did not delay 14 years or more to raise their claims, but rather had to wait that long to press their claims in this Court. Pl. Br. at 14. However, plaintiffs knew almost from the outset of settlement negotiations in Archuleta, if not sooner, that the claims of the former VA employees would not be settled as part of any class-wide settlement in Archuleta. As plaintiffs were well aware, and as we have demonstrated, many of the VA employees are employed pursuant to Title 38, which provides the Secretary with authority to regulate the hours and times of employment. 38 U.S.C.§ 7421. Furthermore, as we established in our opening brief, Title 38 also provides for a separate provision dealing exclusively with the lump-sum payments to Title 38 and hybrid VA employees for their accumulated and accrued annual leave. 38 U.S.C. §§ 7453(i) and 7454(b)(3). As we advised the Court during Archuleta, the VA's position is that Title 38 operated differently in the context of the lump-sum payment, and the agency refused to settle the claims against it in conjunction with other Federal agencies which were regulated by Title 5. Plaintiffs knew as early as the fall of 2001, that their claims would have to be brought in a separate action, and yet they did nothing, preferring instead, to wait years to file a separate case. The Government is not to blame for plaintiffs' delay in bringing their claims. However, the claims raised by plaintiffs have been unreasonably delayed to the detriment of defendant.

The Government is seriously compromised in its ability to raise defenses against the claims because of the delay. Contrary to plaintiffs' assertions, in order to defend against this action, the VA cannot merely produce personnel records by searching a mainframe database.

Pl. Br. at 15 n.3. VA personnel records are kept in many locations around the country. See Declaration of Gail Jandrew, Supervisory Systems & Procedures Analyst at ¶¶ 3-4, attached hereto. For example, VA field facilities calculate and pay the VA employees their lump-sum payment, if it is owed. Id. at ¶ 3. There are approximately 300 VA field offices. Moreover, because of the number of VA employees retiring each year, the personnel records are necessarily archived, making them costly and difficult to access. Id. at ¶ 5. As Ms. Jandrew describes in the attached declaration, in order to determine the status of the lump-sum payment for over 440,000 retried or separated VA employees, records kept at field offices, at interim locations, or archived at the National Personnel Records Center in St. Louis, Missouri, would need to be searched. Id. Many of those records necessarily have been archived because they are over 14 years old. Furthermore, VA personnel who may have relevant knowledge regarding the application of Title 38 to VA employees, or who may have knowledge regarding the factual bases of plaintiffs' claims, have retired or died. Moreover, memories of employees who may still be on the job obviously fade over time. The prejudice to defendant in plaintiffs bringing these claims now, so many years after the fact, is incalculable.

Plaintiffs have chosen to wait to prosecute their claims against the VA at their peril. Such delay prejudices the Government in its defense. As this Court is well-aware, with the passage of time, documents are lost, memories fade, and facts become more difficult to discern. It is prejudicial to the Government to be forced to defend against this case at this late date. Thus, defendant has met its burden of establishing laches and the Court should dismiss the case with prejudice, pursuant to RCFC 12 (b)(6).

## III. PLAINTIFFS' INTERPRETATION OF TITLE 38 IGNORES THE PLAIN LANGUAGE OF THE STATUTE

### A. Interpreting "Pay" As Plaintiffs Suggest, Would Render Title 38 Provisions A Nullity And, Therefore, Is Improper Statutory Construction

Plaintiffs' lengthy, convoluted attempts to expand the term "pay" in the Title 38 statutes governing the lump-sum payment to VA Title 38 and hybrid employees completely ignores the plain text of the statute and its legislative history. Plaintiffs turn to Title 5, United States Code, in an effort discern the meaning of "pay" in Title 38, when the meaning of "basic pay" and "additional pay" is quite clearly understood within the same provision at issue here – 38 U.S.C.§ 7453(i) -- which defines what should be included in the lump-sum payment to Title 38 and hybrid VA employees. The Court should reject these confusing and muddled attempts of plaintiffs to re-cast Title 38. The lump-sum payment for Title 38 and hybrid employees can and should be determined from the plain meaning of Title 38 itself.

Statutory construction requires the application of recognized rules. "As in the case of statutory construction, our analysis begins with the language of the statute . . . And where the statutory language provides a clear answer, it ends there." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999); see also Richardson v. United States, 526 U.S. 813, 818 (1999); Greyhound Corp. v. Mt. Hood Stages, Inc., 437 U.S. 322, 330 (1978). "[W]hen the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6 (2000) (internal quotations omitted) (quoting United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989) (in turn quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). "In construing statutory language, we begin with the

'assumption that the ordinary meaning of [Congress'] language accurately expresses the legislative purpose." Motions Systems Corp. v. Bush, 437 F.3d 1356, 1366 (Fed. Cir. 2006) (quoting Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist., 541 U.S. 246, 252 (2004)). Furthermore, when courts construe a statute, they should attempt not to interpret a provision such that it renders other provisions of the same statute inconsistent, meaningless, or superfluous. Boise Cascade Corp. v. EPA, 942 F.2d 1427, 1432 (9th Cir. 1991). The meaning of statutory language depends upon context, and a statute should be read as a whole. Bailey v. United States, 516 U.S. 137, 145 (1995); King v. Saint Vincent's Hosp., 502 U.S. 215, 221 (1991) (citing Shell Oil Co. v. Iowa Dept. of Revenue, 488 U.S. 19, 26 (1988)).

The Court must begin its statutory review here with Title 38, which provides the basis for the calculation of the lump-sum payment for accumulated and accrued annual leave for nurses, other health care professionals, and hybrids:

> Any additional pay paid pursuant to this section shall not be considered **as basic pay** for the purposes of the following provisions of title 5 (**and any other provision of law relating to benefits based on basic pay**):
>
> (1) Subchapter VI of chapter 55. [lump-sum for annual leave, 5 U.S.C. § 5551]
> (2) Section 5595.
> (3) Chapters 81, 83, 84, and 87.

38 U.S.C. § 7453(i) (emphasis added).

In order to determine whether Congress intended "basic pay" to mean the base pay provided to nurses, other health care professionals, and VA hybrid employees pursuant to Title 38, without consideration of any additional pay that those professionals may earn during the course of their employment with the VA, the Court need look no further than 38 U.S.C. § 7453.

Plaintiffs argue that "basic pay" in Title 38 really means all of an employees' regular and customary "pay" for purposes of the Title 5 lump-sum payment distribution. See, e.g., Pl. Br. at 17-18. However, as we established in our opening brief, the plain language of Title 38, as well as the plain language of the legislative history, provide that the lump-sum payment for nurses, other health care professionals, and hybrid VA employees must be based upon their basic rate of pay without consideration of any "additional pay" that those employees might be eligible to receive. Indeed, plaintiffs ignore the very statute that they purport to interpret. Section 7453 of Title 38, United States Code, clearly states what should be considered basic pay and additional pay for nurses. According to the rules of statutory construction, the Court need not, and indeed should not, go beyond the plain meaning of the statute, as plaintiffs suggest. See, e.g., Hughes Aircraft Co., 525 U.S. at 438; Richardson, 526 U.S. at 818; Greyhound, 437 U.S. at 330.

In defining "pay" for nurses, and by extension for physician assistants, other health care professionals, and hybrids, Title 38 states clearly that: "[i]n addition to the rate of basic pay provided for nurses, a nurse shall receive additional pay as provided by this section." 38 U.S.C. § 7453(a). "Additional pay" that a nurse may receive includes additional pay if the nurse works, for example, any hours from midnight Friday to midnight Sunday, hours of overtime worked, hours worked on holidays. Id. at (b), (c), (d), (e). Title 38 also provides the specific manner of determining the rate of additional pay to be paid to nurses and other health care professionals, and in doing so, explains further what "basic pay" includes: "For the purpose of computing the additional pay provided by subsection (b), (c), (d), or (e), a nurses' hourly rate of basic pay shall be derived by dividing such nurse's annual rate of basic pay by 2,080." 38 U.S.C. § 7453(f). Thus, basic pay and additional pay are set forth in Title 38 and, contrary to plaintiffs assertions,

there is no need for this Court to engage in any other statutory interpretation beyond the plain meaning of Title 38 itself.

As we stated in our opening brief, defendant does not challenge the fact that 5 U.S.C. § 5551, lump-sum payment for accumulated and accrued leave statute, applies to employees of the VA. However, as we established, the actual amount of payment to Title 38 and hybrid VA employees is defined in Title 38 and is not the same as the payment to non-Title 38 employees. Moreover, the legislative history of Title 38 supports this plain reading. In fact, plaintiffs concede that Title 38 and hybrid employees are specifically exempted from provisions of Title 5. Pl. Br. at 17.

Plaintiffs cite extensively to legislative history on other pay statutes but largely ignore the legislative history of Title 38. The legislative history of Title 38 makes clear that Congress did not intend to include additional pay earned by nurses, or any other employees regulated by Title 38, in the lump-sum payment:

> Paragraph (9) of the new subsection [section 7453(i)] provides that additional pay under this new subsection will not count as basic compensation for lump-sum leave payments, severance pay, and other benefits relating to basic compensation.

H.R.Rep. No. 93-368, at 1708 (1973), reprinted in 1973 U.S.C.C.A.N. 1688, 1973 WL 12602 (Leg. Hist.). Plaintiffs do not, because they cannot, dispute the plain language of Title 38 or its legislative history.

Finally, this court already has found that additional pay, beyond the basic pay received, is not included in the lump-sum leave payment:

> Congress has "with clarity" determined via section 7453(i) that lump-sum separation pay should not include additional pay. It has also determined that the additional pay is excluded from several

> other benefits, some of which are defined in terms of "basic pay," see 5 U.S.C. §§ 5595(c), 8331(3), 8401(4), and others in terms of "monthly pay" or "annual pay," see 5 U.S.C. §§ 8114, 8704(c).

Curry v. United States, 66 Fed. Cl. 593, 600 (2005). The Curry decision also discussed the rationale for excluding any additional pay from the lump-sum leave payment within the context of Title 38 – because the purpose of providing additional pay to nurses and other VA employees is to ensure that VA could recruit and retain qualified medical personnel, once an employee decides to retire or separate, it is no longer necessary to provide him with the benefits that are designed to recruit and retain.[1] Id.

B. Title 38's Provision Regarding The Calculation Of The Lump-Sum Payment Applies With Equal Force To Other Health Care Professionals And Hybrid Employees

Moreover, the same interpretation regarding "basic pay" applies to VA employees employed pursuant to 38 U.S.C. § 7454, including physician assistants and other health care professionals. Section 7453 clearly states that "[p]hysican assistants and expanded-function dental auxiliaries shall be entitled to additional pay on the same basis as provided for nurses in section 7453 of this title." 38 U.S.C. § 7454(a). The very same provision of section 7453 also pertains to hybrid employees, including audiologists, speech pathologists, licensed practical or vocational nurses, employed pursuant to section 7401(3) (listing hybrid employees subject to

---

[1] The Curry court stated:

> It would also be rational not to provide that additional pay as part of a separated employee's severance package under 5 U.S.C. § 5551; for if the employee is leaving, why provide him with benefits whose purpose was to keep him with the VA?

Curry, 66 Fed. Cl. at 600 n.12.

Title 38 provisions regarding lump-sum leave payments).

C. Plaintiffs' Citations To Lanehart and Armitage Are Misplaced

Plaintiffs rely primarily on Lanehart v. United States, 818 F.2d 1574 (Fed. Cir. 1987), and Armitage v. United States, 991 F.2d 746 (Fed. Cir. 1993), to support their interpretations of "basic pay" in 38 U.S.C. § 7453. However, the Athey plaintiffs are VA employees, many of whom were employed pursuant to the Secretary's authority under Title 38, while the Lanehart and Armitage rulings are limited to Title 5 employees. Title 38 employees, as we have established, include nurses, physicians' assistants, other health care providers, as well as a class of employees known as hybrids, including professionals such as audiologists, speech pathologists, pharmacists, licensed vocational nurses, among others. See 38 U.S.C. § 7401(3).

Moreover, while Lanehart did not interpret Title 38, nor provide any findings regarding 5 U.S.C. § 5551, the Court made clear that Congress has, under certain circumstances (as it did in Title 38), clearly defined "pay" in limited terms:

> Based upon the above, we conclude that "pay" as used in the "leave with pay" statutes has consistently been construed for more than a century as encompassing the total compensation or remuneration normally and regularly received by an employee. Buttressing this conclusion is the fact that Congress has used more limited terms, rather than the generic term "pay," when it intended to refer to specific types of pay. For example, §§ 5504, 5542 and 5545 use the phrase "basic pay" and §§ 5542, 5545, 5546 and 5547 speak to "premium pay." Moreover, when Congress has intended to exclude types of remuneration from a pay statute it has done so with clarity.

Lanehart, 818 F.2d at 1581-82. In Title 38, Congress did use the more limited term "basic pay" to make clear that, for purposes of 5 U.S.C.§ 5551, basic pay would not include additional pay that could be earned by Title 38 employees.

Furthermore, the ruling in Armitage is narrow. In Armitage, a class action filed on behalf of police officers, the Federal Circuit held that those workers were entitled to receive Sunday premium pay for hours regularly scheduled for work on Sunday but for which they took annual or sick leave. Armitage, 991 F.2d at 750. The Federal Circuit did not interpret the statutes – 38 U.S.C §§ 7453 and 7454, and 5 U.S.C. § 5551 – at issue here which, provide for a different outcome.

D. Plaintiffs Have Not Identified The Number Of Potential Persons In Their Class And, Thus, It Is Currently Unknown

Plaintiffs finally assert that our motion to dismiss challenges only a minority of claims at issue in plaintiffs' complaint and that there are thousands of General Service ("GS") employees at the VA who may be included in the class before the Court. Pl. Br. at 15-16. However, plaintiffs have made no attempt, either in their complaint or in their briefing, to provide the Court or the defendant with any idea as to the actual number of former employees who may be plaintiffs here. In fact, of the 29 named plaintiffs, 20 are nurses, subject to Title 38 regulations, and six of the named plaintiffs are members of the Senior Executive Service ("SES") and not eligible for premium pay. See 5 USC 5541(2)(c)(xvi). Only three of the 29 named plaintiffs are GS employees. Thus, the majority of the class representatives in the complaint are nurses subject to Title 38, which makes this Court's determination of what must be included in the lump-sum payment at issue in this motion specifically relevant to the complaint. The Government's motion applies to nurses, other health care professionals and "hybrid" employees, appointed by the VA pursuant to Title 38.

CONCLUSION

For the reasons set forth above and in our motion to dismiss, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction because plaintiffs' claims are barred by the statute of limitations, or by laches. Alternatively, defendant requests that the Court dismiss with prejudice those claims set forth in plaintiffs' complaint at paragraph 2, subsections (2), (3), (4), (5), (6), and (9), of the Third Amended Complaint, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. NW
Washington, DC 20420

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 616-0347

June 6, 2007

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of June, 2007, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sharon A. Snyder