# In the United States Court of Federal Claims

Case No. 99-2051C
FOR PUBLICATION
**AMENDED OPINION**
Filed: August 23, 2007

| | | |
|---|---|---|
| **ATHEY, ROBERT M., et al.,** *Plaintiffs,* v. **THE UNITED STATES**, *Defendant.* | * | Motion to Dismiss; RCFC 12(b)(1); RCFC 12(b)(6); Statute of Limitations; Laches; 5 U.S.C. § 5551; 38 U.S.C. §§ 7401-7474; Lump-sum Payment; Basic Pay; Premium Pay |

*Ira M. Lechner*, Escondido, California, for the Plaintiffs.

*Sharon A. Snyder*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice with whom were *Peter D. Keisler*, Assistant Attorney General, Jeanne E. Davidson, Acting Director, and *Kathryn A. Bleecker*, Assistant Director, and *Kate M. Ryan*, General Attorney, Department of Veterans Affairs, for the Defendant.

## OPINION and ORDER

**SMITH**, Senior Judge:

This case arises from a separate class action suit brought before this Court in *Archuleta v. United States*, Case No. 99-205C. The previous case involved the claims of federal employees that challenged the government's computation of lump-sum payments of accrued annual leave to which they were entitled upon retirement, separation, or death under 5 U.S.C. § 5551. That litigation concluded in a settlement agreement that, *inter alia*, severed without prejudice the claims of the Plaintiffs consisting of former employees of the Veterans Administration (VA)[1]. Plaintiffs claim that the government miscalculated their lump-sum payment of accrued annual leave after separation

[1] The Veterans Administration has since been renamed the Department of Veterans Affairs.

from federal service and bring this action for relief.

The present case is before the Court on the Government's Motion to Dismiss claiming that pursuant to RCFC 12(b)(1), this Court lacks jurisdiction because Plaintiffs' claims are time barred by the statute of limitations imposed by 28 U.S.C. § 2501, and/or the doctrine of laches. In the alternative, the Government argues that the case must be dismissed for failure to state a claim pursuant RCFC 12(b)(6). After oral argument and careful consideration, and for the reasons set forth below, the Court **DENIES IN PART** and **GRANTS IN PART** Defendant's Motion to Dismiss.

## BACKGROUND

In 1946, Congress created what is now the Veterans Health Administration to meet the medical needs of returning World War II veterans. *D. Br. at 3.* At the time, there was a need to quickly hire personnel who could provide care for returning service members as the existing federal civilian personnel system was inadequate for the task. *Id.* As a result, Congress enacted a separate and unique personnel system to increase recruitment and retention of VA medical employees. *See* 38 U.S.C. §§ 7401-7474. Title 38 gives the Secretary of Veterans Affairs the authority over hiring and other personnel related matters. *Id.* Certain categories of health practitioners are governed under title 38, including registered nurses (RNs), physician assistants (PAs), and expanded-function dental auxiliaries (EFDA). *Id.* However, not all VA employees are governed by title 38; some are governed entirely under the general civil service personnel system of title 5. *P. Br. at 16.* Moreover, there is a remaining group of VA employees referred to as "hybrids" because they are governed under both titles 5 and 38. *Id.*

Federal employees, whether under title 5 or title 38, who leave federal service are entitled to a lump-sum payment of their accrued annual leave. VA employees are eligible to certain forms of premium pay, in addition to their basic pay, based on certain eligibility requirements as well as possibly being entitled to scheduled pay increases during the course of their employment. According to the statute, the amount of lump-sum payment is to be "equal to the pay . . . the employee or individual would have received had he remained in the service until expiration" of the annual leave period. 5 U.S.C. § 5551(a). The Office of Personnel Management (OPM) exercises regulatory authority over the lump-sum statute. 5 U.S.C. § 5553.

## FACTS

In this case, Plaintiffs are all former employees of the VA that left federal service on or after April 7, 1993. *3d Am. Compl. at ¶ 1.* At the time Plaintiffs separated from the agency, the VA paid out a lump-sum payment of accrued annual leave to the employees. *D. Br. at 9.* The Plaintiffs claim the VA did not include certain categories of premium pay or scheduled pay increases that the employees would have received had they stayed at the agency through their leave period when they calculated the lump-sum amount. *3d Am. Compl at ¶¶ 2,3.*

The claims of Plaintiffs were originally part of a larger class action lawsuit involving the

calculation of lump-sum payments to federal employees heard by this Court in *Archuleta v. United States,* Case No. 99-205C that was filed on April 7, 1999. *P. Br. at 9*. That case ultimately reached a settlement agreement after several years of settlement negotiations on this complex issue, and pursuant to its terms this Court severed employees of the VA from the suit without prejudice. *Severance order,* Filed June 1, 2006. Promptly, the Plaintiffs filed their third amended complaint on June 21, 2006 and it was docketed as 99-2051C, as an offshoot case of 99-205C. In response, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction and/or for failure to state a claim under which relief may be granted. The Plaintiffs answered and oral argument was held. For the reasons set forth below, the Court hereby **DENIES IN PART** and **GRANTS IN PART** Defendant's Motion to Dismiss.

## DISCUSSION

### I. Motion to Dismiss

#### A. The Suit is Timely

In order for a case to be brought in this Court, the claim must be brought within six years after the first claim accrues. 28 U.S.C. § 2501. It is well settled that a "claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." *Creppel v. United States*, 41 F.3d 627, 631 (Fed. Cir. 1994) (*quoting Japanese War Notes Claimants Ass'n v. United States*, 373 F.2d 356, 358 (Ct. Cl. 1967)).

Defendant argues that the six year statute of limitations requires the Court to dismiss its claims because the claims accrued almost 14 years ago. *D. Br. at 11-12*. Defendant arrives at this 14 year calculation arguing that the present suit was filed in June of 2006 and that the claims first arose when they separated from the government beginning in April of 1993. *Id. at 11*. Therefore, because the Plaintiffs waited more than six years from the time the claims first accrued before filing suit, the Defendant argues that based on the statute of limitations the case must be dismissed. On the other hand, Plaintiffs argue that this case was part of the earlier *Archuleta* class action filed in 1999. *P. Br. at 8-9.* Plaintiffs argue that the instant case is a continuation of the earlier suit because the claims were in the earlier suit and the VA Plaintiffs were only severed on June 1, 2006. *Id. at 8*. Thus, the Plaintiffs allege the suit is timely.

At oral argument, Plaintiffs supplemented their brief by arguing that RCFC 23 tolled the statute of limitations and, therefore, their claims are timely. In *Christian v. United States*, 46 Fed. Cl. 793, 818 (2000) and *Barbieri v. United States*, 15 Cl. Ct. 747 (1988) this Court has held "that filing of a class action under Rule 23 of the Court of Federal Claims tolls the statute of limitations just as it does under the Federal Rule of Civil Procedure 23." *Christian*, 46 Fed. Cl. at 818. Plaintiffs argued that because they were part of an earlier class action under RCFC 23, that action tolled the statute of limitations when it was filed in 1999. In June 2006, the *Archuleta* case was settled. In settling the matter, the current Plaintiffs' claims were severed and were to "continue as a separate action." *Order Approving Settlement*. It is clear to the Court that like *Barbieri* and *Christian*, the VA Plaintiffs' claims were tolled in 1999 when the *Archuleta* suit was filed. Further

evidence of that fact is found in the docket number, which is 99-2051C. The "99" refers to the year in which the case was filed. Accordingly, this Court finds that the statute of limitations governing the Plaintiffs' claims was tolled by the *Archuleta* suit and that the instant suit is timely.[2]

**B. Case is Not Precluded by Laches**

In the alternative, the Defendant argues that this Court lacks jurisdiction to hear this case under RCFC 12(b)(1) because the Plaintiffs' claims are barred under the doctrine of laches. *D. Br. at 12.* The defense of laches "is based upon considerations of public policy, which require for the peace of society the discouragement of stale demands." *Alligood v. United States*, 14 Cl. Ct. 11, 15 (1987). The doctrine recognizes the need for the "speedy vindication or enforcement of rights." *Id*. To prevail on a claim of laches, the burden lies with the defendant to show an "unreasonable" delay in filing suit which causes "prejudice or injury to the defendant." *Poett v. Merit Sys. Prot. Bd.*, 360 F.3d 1377, 1384 (Fed. Cir. 2004).

The Defendant argues that the doctrine of laches applies because the Plaintiffs were aware of their claims since 1991 but waited until 2006 to file their complaint and hence unreasonably delayed in asserting their claims. *D. Br. at 13.* It is further argued that delay resulted in prejudice against the Defendant by impeding its ability to mount a defense since evidence would be difficult and costly to obtain because the facts at issue arose so long ago. *Id.* The Defendant bases its assertion that the Plaintiffs were aware of their claims since 1991 on the fact that the Plaintiffs' counsel filed a similar suit in *Gaffney v. United States*, 834 F. Supp.1 (D.D.C. 1993) that involved the lump-sum calculation for a separate group of federal employees. In articulating its reasoning during oral argument, Defendant argued that it is the responsibility of the attorney to identify all potential claimants who may be entitled to assert legal claims at the time any class of plaintiffs file suit. This argument is absurd. Were this Court to make a determination on whether a plaintiff delayed in filing suit based retroactively on the knowledge of their attorney that a claim has accrued, it would unfairly prevent a substantial number of legitimate suits from moving forward. It would also impose an impossible duty upon an attorney to tell every potential client every claim they "might" possibly have. Instead, in class action cases, the Court must look to the time when each individual plaintiff became aware of his or her claims in deciding whether there was unreasonable delay. Here, it cannot be argued that the Plaintiffs knew of their claims when *Gaffney* was filed in 1991 because they had not yet separated from federal service at that time. Further, the Plaintiffs could not have been aware of their claims until after they separated from service.

The Court finds that the procedural history of this case makes the doctrine of laches inapplicable. It is clear from the background of the case that the Plaintiffs were part of an earlier class action suit that was timely filed. Specifically, the Plaintiffs first asserted their claims in 1999

---

[2] In addition, at oral argument Defendant argued that this Court is without authority to waive a jurisdictional limitation according to the recent Supreme Court holding in *Bowles v. Russell*, 551 U.S. --,127 S. Ct. 2360 (2007). This argument is simply misplaced. The statute of limitations need not be waived in order for the present suit to proceed. *Id.*

by the filing of the *Archuleta* lawsuit. For that reason, the Plaintiffs did not unreasonably delay in pursuing their claims. The Court agrees with the Plaintiffs that their claims "have been pending in this court for eight (8) years." *P. Br. 14.*

For the foregoing reasons, this Court finds that the Plaintiffs' claims are not time barred by the statute of limitations or under the doctrine of laches. Therefore, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

**II. Failure to State a Claim for Relief**

**A. Standard of Review**

In the alternative, Defendant has filed a Motion to Dismiss under RCFC 12(b)(6) for failure to state a claim. Dismissal is only appropriate when the accepted pleading standard set forth in RCFC 8(a)(2) is not met: "once a claim for relief has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint." *Bell Atl. Corp v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (2007). Moreover, "once a claim for relief has been stated, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* at 1969 (citation and internal quotation marks omitted).

**B. The Statute is Clear that Plaintiffs are not entitled to Premium Pay**

Defendant argues that title 38 employees are excluded from having premium pay calculated into their lump-sum payment . *D. Br. at 15.* The Defendant contends that title 38 created a unique personnel system to meet the needs of veterans and that the compensation of these employees is not necessarily the same as general civil service employees under title 5. *D. Br. at 15.* According to the Defendant, the VA Secretary exercises discretion with respect to personnel matters involving title 38 employees and "hybrid" employees. *D. Br. at 3,7.* Defendant contends that this discretion includes authority over employee pay. *Id.* As a result, title 38 employees may be compensated differently than employees under the title 5 system. *Id. at 5.*

The Defendant identifies three categories of employees among class members who are under the title 38 system. *Id. at 15-16.* Specifically, registered nurses and nurse anesthetists under 38 U.S.C. § 7401(1), physicians assistants and expanded-function dental auxiliaries (EFDA) under 38 U.S.C. § 7401(3), and "hybrid" employees under 38 U.S.C. § 7401(3) and 38 U.S.C. § 7403(f)(1)(a). *Id*. With respect to these categories of federal workers, the Defendant asserts that title 38 entitles them to a lump-sum payment of accrued annual leave calculated based on the basic rate of pay they were earning prior to separation and that the statute prohibits the inclusion of additional pay, i.e., premium pay, in the payout amount. *Id*. The Defendant relies on 38 U.S.C. § 7453(i) which states:

> Any additional pay paid pursuant to this section shall not be considered as basic pay for the purposes of the following provisions of title 5 (and any other provision of law relating to benefits based on basic pay):

(1) Subchapter VI of chapter 55
(2) Section 5595
(3) Chapters 81, 83, 84, and 87.

38 U.S.C. § 7453(i). The referenced portions relate to accumulated and accrued leave upon separation.

On the other hand, the Plaintiffs argue that all VA employees are federal workers entitled to the lump-sum payment of 5 U.S.C. §§ 5551-5553 whether they are "hybrids" or governed under title 5 or title 38. *P. Br. at 16-17*. In arguing for the proper way to calculate the lump-sum payment, the Plaintiffs cite 5 U.S.C. § 5551 which reads that the amount "shall equal the pay (excluding any differential under section 5925 and any allowance under section 5928) the employee or individual would have received had he remained in service until expiration of the period of annual or vacation leave." *Id. at 17 (quoting* 5 U.S.C. § 5551*).* The Plaintiffs contend that the term "pay" in the statute is not limited to "basic pay" but also includes premium pay. *Id. at 18.* The Plaintiffs make several arguments in support of their reading of the term "pay" for purposes of the lump-sum payment including the argument that the OPM, in its 1999 regulations, defined the term "pay" in the statute "as including premium pay." In addition, Plaintiffs assert that the VA Secretary has not construed the term "pay" as limited to "basic pay" by allowing certain forms of premium pay to be included as an employee's "pay" for the purposes of the lump-sum payment.[3] *P. Br. at 19.* The Plaintiffs argue that 38 U.S.C. § 7453(i) is properly understood to mean that additional pay is not part of "basic pay" rather than as excluding it from the calculation of "pay" for purposes of the lump-sum payment. *Id*. In support of their contention, the Plaintiffs point to the separate use of the terms "additional pay" and "basic pay" in 38 U.S.C. 7453(a). *Id. at 20.* The statute reads, "[i]n addition to the rate of basic pay provided for nurses, a nurse shall receive additional pay as provided by this section." 38 U.S.C. § 7453(a). Therefore, it is argued that the prohibition on including additional pay as part of "basic pay" does not exclude its use in calculating the "pay" to which an employee is entitled under the lump-sum payment.

However, the Defendant argues that because the calculation of the lump-sum payment for title 38 and "hybrid" employees is governed by 38 U.S.C. § 7453(i), it is unnecessary to define the meaning of "pay" in 5 U.S.C. § 5551 to make the proper calculation. *D. Br. at 10, 13.* The Defendant asserts that the use of the terms "basic pay" and "additional pay" in title 38 is clear. *Id.* The Defendant alleges that the plain language of the statute limits the lump-sum payout to employees under its authority to their "basic rate of pay without consideration of any 'additional pay.'" *Id. at 12.* Defendant also argues that Congress has on occasion narrowed the definition of "pay" in various pay statutes. *Id. at 15.* In this case, according to Defendant, Congress has clearly

---

[3] The Secretary has adopted a policy which specifically includes regularly earned types of premium pay. The types of premium pays include: night differential under 5 U.S.C. § 5343(f), stand-by duty pay, overtime pay under title 5 and the FLSA, supervisory differential, cost-of-living allowance and foreign area post allowance in certain circumstances. *See* VA Handbook 5007, Part IV, Chapter 3, Appendix B.

limited the pay that title 38 and "hybrid" employees would receive in their lump-sum payment with the inclusion of the adjective "basic" in 38 U.S.C. § 7453(i) – thereby limiting the calculation to an employee's "basic pay." *Id. at 15*. The Defendant relies on *Curry v. United States*, 66 Fed. Cl. 593 (2005) for its proposition that additional pay received by title 38 employees is not calculated as part of the lump-sum payment. *P. Br. at 14*. Specifically, in *Curry*, this Court stated that "Congress has 'with clarity' determined via section 7453(I) that lump-sum separation pay should not include additional pay." *Id. at 600.*

Plaintiffs also argue that Congress has created a "statutory scheme" that dictates that employees who take annual leave or elect the lump-sum payment of accrued leave are paid according to the amount they regularly earn during their employment. *Pl. B. at 18.* Plaintiffs assert that the courts have interpreted the term "pay" to include premium pay and basic pay in calculating the amount to compensate employees who take leave with pay provided to federal workers under 5 U.S.C. § 6303. *Id. at 18*. The Plaintiffs rely on *Lanehart v. Horner*, 818 F.2d 1574 (Fed. Cir. 1987) and *Armitage v. United States*, 991 F.2d 746 (Fed. Cir. 1993). *Id. at 20.* In *Lanehart*, the Court "concluded that 'pay' as used in the 'leave with pay' statutes has consistently been construed for more than a century as encompassing the total compensation or remuneration normally and regularly received by an employee." *Lanehart*, 818 F.2d at 1581-1582. The Plaintiffs contend that 5 U.S.C. § 6303 is analogous to 5 U.S.C. § 5551. *P. Br. at 20*. Therefore, the Plaintiffs argue that the term "pay" in the two statutes should be interpreted consistently. *Id. at 19.* The Court finds that the Plaintiffs misinterpret the holdings in *Lanehart* and *Armitage*. In both cases the Federal Circuit found that the Plaintiffs were entitled to premium pay *while on leave*. (Emphasis added.) In arriving at its conclusion, the court turned to the "leave with pay" statutes and concluded that there would be no reduction in pay while on leave. Contrary to the case at hand, these employees were still working and it was determined that they were to receive the same pay they would have received had they worked for leave purposes only, not lump-sum payments.

Finally, the Plaintiffs argue that the lump-sum payment is not limited to basic pay based on the legislative history of 5 U.S.C. §§ 5551-5552. *Id. at 24.* However, the Court finds that the legislative history of title 38 is consistent with excluding additional pay from the lump-sum payment for employees. *See* H.R. Rep. No. 93-368 at 1708 (1973), *reprinted in* 1973 U.S.C.C.A.N. 1688) (discussing 38 U.S.C. § 7453(i) stating "additional pay under this new subsection will not count as basic compensation for lump-sum leave payments, severance pay, and other benefits relating to basic compensation.").

It is clear to the Court that Congress has "with clarity" determined that section 7453(i) lump-sum separation pay should not include additional pay regardless of what title 5 might provide to other civil service employees. Hence, following *Curry*, "the most logical conclusion is that Congress meant what it did and did what it meant-excluding the additional pay only from the lump-sum separation pay calculation . . . ." *Curry*, 66 Fed. Cl. at 600. Therefore, because the Plaintiffs are employees governed by section 7453(i) the Court finds that the statute is clear that additional pay is excluded from the lump-sum calculation.

Even if the terms in Section 7453(i) were ambiguous, the Court must look to the test in

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). That test consists of two questions. The first question the Court must address is "whether Congress has directly spoken on the precise question at issue." *Id.* at 843. If Congress has directly spoken, the inquiry ends. *Id*. If, however, the statute is silent or ambiguous, the Court must determine the second question, that question being "whether the agency's answer is based on a permissible construction of the statute." *Id*. If there is a gap in the the statute, "there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Id*. at 843-44. And unless the interpretation is one that is arbitrary, capricious, or manifestly contrary to the statute, the "court may not substitute its own construction of a statutory provision for a reasonable interpretation made by an administrator." *Id.* at 844. Thus, unless the agency's interpretation is unreasonable, the agency's interpretation must prevail. *Id.* Here, the Court finds that the agency's interpretation is not unreasonable and, therefore, the decision by the VA Secretary that premium pay is not included in the lump-sum payment must be upheld. The Court, therefore, **GRANTS** Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted.

**C. Treasury and General Government Appropriations Act of 1997**

Further, the Defendant asserts that plaintiffs' claim for Sunday premium pay is statutorily barred. *D. Br. at 20.* In support, the Defendant cites, Pub. L. No. 105-61[4], the Treasury and General Government Appropriations Act for fiscal year 1998. *D. Br. at 20.* The Defendant argues that the Act precludes the payment of appropriated funds for Sunday premium pay unless the payee actually worked during the time for which pay is received. *Id.* The specific language in question is § 636 which states:

> Notwithstanding any other provision of law, no part of any appropriation contained in this Act or any other Act for any fiscal year shall be available for paying Sunday premium pay to any employee unless such employee actually performed work during the time corresponding to such premium pay.

111 STAT. 1272, 1316.

The Defendant notes that the effective date of the Act was September 30, 1997. *D. Br. at 20.* Accordingly, the Defendant contends the Act bars Plaintiffs' claim to Sunday premium pay if they did not actually perform the work. *Id.* In their Third Amended Complaint Plaintiffs seek payment of leave for Sunday premium pay prior to 1999.

Based on the clear prohibition in the FY 1998 Appropriations Act, the Court finds that the Plaintiffs are, therefore, precluded from seeking relief for the inclusion of Sunday premium pay as part of their accrued annual leave if they did not actually perform the work after October 1, 1997.

---

[4] Treasury, Postal Service, and General Government Appropriations, 1998, Pub. L. No. 105-61, § 636, 111 Stat. 1272, 1316 (1997).

However, prior to the enactment of the law, Plaintiffs may be entitled to such payment. Therefore, the Defendant's Motion to Dismiss for failure to state a claim on which relief may be granted is **PARTIALLY GRANTED** as to the inclusion of Sunday premium pay in the lump sum payment calculation.

## CONCLUSION

For the reasons set forth in this opinion the Court hereby **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and **GRANTS** Defendant's Motion to Dismiss for failure to state a claim on which relief may be granted. Therefore, the Court hereby **DISMISSES with prejudice** those claims set forth in Plaintiffs' Third Amended Complaint paragraph 2, subsections (4), (5), (6) and (9) pursuant to RCFC 12 (b)(6). The Court further **PARTIALLY GRANTS** Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint paragraph 2 subsections (2) and (3) in accordance with the opinion. The Court will contact the parties to schedule a status conference to discuss the remaining litigation in this matter.

**It is so ORDERED.**

s/Loren A. Smith
LOREN A. SMITH
SENIOR JUDGE