IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. ROBERT M. ATHEY
2. MICHAEL R. CLAYTON
3. RICHARD S. DROSKE
4. RALPH L. FULLWOOD
5. PAUL D. ISING
6. CHARLES A. MILBRANDT
7. TROY E. PAGE,
8. Corenna M. Ambrose
9. Beulah G. Arnold
10. Barbara Jean Cain
11. Patricia M. Cassidy
12. Sandra A. Cesnik
13. Helen V. Ferson
14. Rose Ellen Flint
15. Christine M. (Palma) Grant
16. Mary Ann Mackin
17. Patricia M. Quinn
18. Mary P. Rooney

on behalf of themselves and all others similarly situated,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

No. 99-2051C
(Senior Judge Smith)

**FOURTH AMENDED CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

Come now the named plaintiffs, on behalf of themselves and all others similarly situated, and for their complaint allege as follows:

**INTRODUCTION**

1. This action deals with specific categories of "pay", including but not limited to "premium pay", that the Department of Veterans Affairs (the "VA") failed to include in the lump-sum payments for accrued and accumulated, unused annual leave of persons employed by the VA from April 7, 1993 and thereafter.

2. When members of the plaintiff class retired, died, separated (or transferred in certain situations) with unused annual leave to their credit, they were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code equal to the "pay" they would have received had they worked their regular and customary scheduled hours until the period of their unused annual leave expired. However, when they received payment of the lump-sum for their unused annual leave, they did not receive the full payments to which they were entitled because the computation of their lump-sum payment did not include an amount equal to one or more of the following categories of premium pay, allowances, and/or "special" or heightened pay, which they regularly and customarily received immediately prior to the date the employee became eligible for a lump-sum payment for unused annual leave: (1) night differential premium pay under § 5343(f)for prevailing rate employees during non-overtime hours that was not included within the employees'

rate of basic pay; (2)regularly scheduled non-overtime Sunday premium pay under § 5546(a)of title 5 for title 5 employees from April 7, 1993 up until and including September 30, 1997; (3) post allowance under 5 U.S.C. § 5924(1) as authorized by the U.S. Department of State's Standardized Regulations (Government Civilians, Foreign Areas) if the employee's official duty station was in the foreign area when he or she became eligible for a lump-sum payment; and/or (4) all categories of "special" or "heightened" pay for title 5 employees, and for physicians and dentists under title 38, such as, but not limited to, primary special pay for executive positions, special pay for full-time and part-time status, length of service pay, scarce special categories pay, board certification pay, geographic location pay, and exceptional qualifications pay, as reduced by any applicable refund liability.

3. When members of the plaintiff class retired, died, separated (or transferred in certain situations) with unused annual leave to their credit, they also were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code equal to one or more of the following pay increases that became effective during the period of their unused annual leave so that the retired, separated, deceased, or transferred employees would have received such increases in pay had he or she remained in the employ of the United States until the expiration of the period of

unused annual leave: (a) any statutory adjustments in pay or any general system-wide increases in pay that became effective during the lump-sum period, including adjustments to a special salary rate or locality pay system (LPS)schedule from which the employee was paid immediately prior to separation, such as system-wide adjustments granted under Title 38, or pay adjustments pursuant to Sections 5303,5304,5318,5362, 5363, 5372,5372a,5376, 5382, or 5392 of title 5;(b) any adjustments in the rates of basic pay for "covered positions" pursuant to 38 U.S.C. § 7451; (c) any adjustments in the rates of basic pay of physicians, dentists, or other personnel appointed pursuant to 38 U.S.C.§§ 7401(2) and 7306; (d) any increases in pay prescribed by Executive Order as authorized by chapter 53 of Title 5, U.S.C., or otherwise authorized by law; (e) adjustments in the scheduled rate of pay and any applicable adjustments in rates for prevailing rate employees that became effective during the lump-sum period;(f) additional steps paid under 38 U.S.C. §§ 7452(a)(2) and 7452(c) if the employees received the additional payments immediately prior to the date the employee became eligible for the lump-sum payment; and/or (g) a within-grade increase to Title 5 employees under 5 U.S.C. § 5335 or 5343(e)(2), which became effective during the period of time covered by the employees' lump-sum leave cash payment if the Title 5 employee met the requirements of § 531.404 or § 532.417 of Chapter I of Title 5 of the Code of Federal Regulations

prior to the date the employee became eligible for a lump-sum payment. However, when the members of the class received payment of a lump-sum for their unused annual leave, they did not receive the full payment to which they were entitled because the computation of their lump-sum payment did not include such pay increases or adjustments.

4. Plaintiffs also claim interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), attorneys' fees and costs.

## JURISDICTION AND VENUE

5. Jurisdiction over this action is conferred by 28 U.S.C. § 1346(a)(2) (Tucker Act), 5 U.S.C. § 5596 (the Back Pay Act) and 28 U.S.C. § 2501.

6. Plaintiffs, and/or members of the plaintiff class similarly situated, were each employed by the VA, or its predecessor, and (1) who had retired, or separated from the service, or had transferred to a position described under 5 U.S.C.§ 6301 (2)(B)(xiii), or elected to receive a lump-sum payment for leave under 5 U.S.C.§ 5552, or died while employed by the VA; (2) were entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave provided by statute, or by regulation, policy or procedure of the VA, when he or she retired, died, separated, or transferred;(3)customarily and regularly received one or more of the "premium" pay, allowances, and "heightened" or special pay(s) enumerated in paragraph 2 above immediately prior to retirement,

death, separation or transfer from such employment; (4) the employee would have been entitled to receive such pay had the employee remained in the employ of the VA until the expiration of the period of the annual or vacation leave; and/or (5) the employee would have been entitled to receive any one or more of the pay adjustments or pay increases enumerated in paragraph 3 above that became effective during the period of unused annual leave covered by the cash lump-sum payment had the employee remained in the employ of the VA until the expiration of the period of annual or vacation leave. Each plaintiff's full name, address, last four digits of their social security number, last place of employment, and position are identified in the list attached as Exhibit 1. If the Court so requests, plaintiffs can file under seal an un-redacted exhibit containing the full social security numbers pursuant to General Order No. 42A, Part VII, paragraph 26.

## CLASS ACTION ALLEGATIONS

7.Class Description: The "opt-in" plaintiff class consists of:

> All civilian employees of the United States who retired, died, separated, or transferred under conditions enumerated in 5 U.S.C. §§ 5551 and 5552, from April 7, 1993 or thereafter from employment by the Department of Veterans Affairs or its predecessor,:

(a) who upon retirement, death, separation or such transfer were eligible for a lump-sum payment for unused annual leave pursuant to 5 U.S.C. §§ 5551-5552;

(b) immediately prior to their retirement, death, separation or transfer, regularly received certain “premium” pay, and/or allowances, under Title 5, United States Code, or “heightened” or special pay under Title 5 or Title 38, United States Code, as enumerated in paragraph 2 of Plaintiffs’ Fourth Amended Complaint, which was not included in their lump-sum payment for unused accrued and accumulated annual leave; and/or

(c) whose rate of pay would have increased as a result of any across-the board annual adjustment and locality pay adjustment, or general system-wide pay increase, or within-grade increase, or pay increase or adjustment prescribed by Executive Order authorized by chapter 53 of Title 5, U.S.C. or as otherwise authorized by law, that would have become effective for that employee had the employee remained in the employ of the United States for the period of his or her unused annual leave, but such increased rate of pay was not included in the calculation of the employee’s lump-sum payment for unused accrued and accumulated annual leave.

8. This action is properly maintained as a class action under Rule 23 of the Rules of the United States Court of Federal Claims.

9. The class is so numerous that joinder of all members is impracticable. The pool of potential class members is in excess of 20,000 former employees.

10. There are common questions of law and fact affecting the members of the class. The overriding legal question in this case is whether the practice and policy of the VA violates 5 U.S.C. §§ 5551-5552 by failing to include in the lump-sum payment of employees the enumerated

“premium” pay, allowances, “heightened” or special pay, and/or the general system-wide increases in pay, within-grade increases, and/or adjustments in rates of pay, that each such employee would have received had they remained in the employ of the United States until the expiration of the period of unused annual leave.

11. Plaintiffs’ claims are typical of the claims of the class because the harm suffered by Plaintiffs, and the other class members, was caused by Defendant’s failure to comply with the applicable statutes and regulations with respect to the computation of the lump-sum payment for unused annual leave. Plaintiffs do not have interests antagonistic to, or in conflict with, the class.

12. Plaintiffs will fairly and adequately protect the interests of the class. They have retained competent counsel experienced in class action litigation and in litigation involving federal pay statutes.

13. Certification of this case as a class action is appropriate because Defendant has acted or refused to act on grounds generally applicable to the class.

14. Unless the Plaintiff class is certified to include in one cause of action all of the types of pay and allowances enumerated in paragraph 2, supra, that was not included in the computation of the lump-sum cash leave payment, as well as all pay adjustments that should have been made to such lump-sum payments based on statutory pay increases, or certain within-grade increases, as enumerated

in paragraph 3, supra, which became effective during the lump-sum leave period, the rights of the members of the class of retired, deceased, separated, or transferred employees to receive full and appropriate retroactive back pay and interest will be extinguished.

15. Primacy of Class-Wide Issues. The claims for relief and damages with respect to the class as a whole are primary to this suit and predominate over any individual questions of fact regarding the extent of Defendant's back pay liability to individual class members. A class action is superior to other available methods for the fair and efficient adjudication of such secondary individual matters.

16. Impracticability of Individual Suits. It would be financially impractical, if not impossible, for class members to prosecute their claims on an individual basis in non-class action suits. In addition, these claims were stayed during the litigation of *Archuleta et al. v. United States,* and if class certification should be denied, most of the individual claims of the members of the class would be barred by the renewal of the running of the statute of limitations unless the potential class members received written notice of the denial of class action status. Unless this class action is certified to be maintainable as such, thousands of putative class members effectively will be denied any opportunity for judicial review and appropriate relief respecting the claims made in this case.

**COUNT I: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Statutory Pay Increases**

17. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

18. Each member of the Plaintiff class was an "employee" of the VA and the United States and, pursuant to 5 U.S.C. §§ 5551-5552, was entitled, upon retirement, death, separation, or transfer from service, to receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

19. The pay rates of members of the Plaintiff class were subject to an increase that became effective during their unused annual leave period as a result of either a statutory adjustment or a general, system-wide pay increase, or within-grade increases, and/or an increase in the rate of basic pay, as specified in paragraph 3 herein.

20. When members of the Plaintiff class retired, died, separated, or transferred, or entered on active duty in the armed forces without electing to have the leave remain to his credit until his return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

21. In violation of 5 U.S.C. §§ 5551 and 5552, members of the plaintiff class did not receive the full amount to which they were entitled because the lump-sum payment they received had not been adjusted to reflect any increased pay rate that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave.

**Count II: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Failure To Receive Regularly Scheduled Premium Pay**

22. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

23. Each member of the Plaintiff class was an "employee" of the VA and the United States and, pursuant to 5 U.S.C. §§ 5551-5552, was entitled, upon retirement, death, separation, or transfer from service, to receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

24. When members of the Plaintiff class retired, died, separated, or transferred, or entered on active duty in the armed forces without electing to have the leave remain to his credit until his return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

**25.** In violation of 5 U.S.C. §§ 5551 and 5552, members of the plaintiff class did not receive the full

amount to which they were entitled when they received the lump-sum payment because the lump-sum payment did not include all the pay(s) and/or allowances, as specified in paragraph 2 herein, that they regularly received immediately prior to their retirement, death, separation, or transfer, and that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave.

**CONCLUSION**

26. As a result of the foregoing, there is due and owing to each of the named Plaintiffs, and members of the plaintiff class, payment equal to the amounts of pay and/or allowances, as enumerated above, that they should have received upon retirement, death, separation, or transfer as a lump-sum for the period of unused accrued and accumulated annual leave to their credit as of that date, and interest thereon pursuant to 5 U.S.C. § 5596(b).

27. Plaintiffs are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of Defendant.

WHEREFORE, Plaintiffs pray that this Court:

(a) Certify this action as an “opt-in” class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims; certify Plaintiffs as the class representatives; and approve the undersigned attorney as Class Counsel;

(b) Enter judgment against Defendant for back pay due named Plaintiffs, and all other eligible class members, for an amount equivalent to the pay which they should have received under law as part of their lump-sum payment for unused accrued and accumulated annual leave during the period from April 7,1993 to the date of final judgment;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

(d) Award reasonable attorneys' fees and reimbursement of reasonable and customary out-of-pocket costs and expenses of this action against Defendant under the fee-shifting provisions of the Back Pay Act, and award Class Counsel a "percentage attorney fee" to be determined by the Court to be paid from the back pay and interest fund created by this action equal to a percentage of the amount recovered on behalf of the Class, crediting the class with the amount of attorney fees to be paid by the Defendant under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: September 26, 2007

By s/Ira M. Lechner

IRA M. LECHNER
Attorney for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258

**Exhibit 1 to Plaintiffs' Fourth Amended Complaint**

1. **ROBERT A. ATHEY**
   **10 Plantation Hills Drive**
   **Evans, GA 30809**
   **SSN: -9503**
   **SES, Agency : VA**
   **Last Place of employment: VA Med Center Columbia, SC**

2. **MICHAEL R. CLAYTON**
   **613 Park Forest Lane**
   **Montevallo, AL 35115**
   **Sunday work, SSN: -4246**
   **Police/Guard, Agency: VA**
   **Last Place of employment: Birmingham Veterans Hospital**

3. **RICHARD S. DROSKE**
   **19 Bardney Circle**
   **Fairport, NY 14450**
   **SSN: -1363**
   **SES, Agency: VA**
   **Last Place of employment: VA Healthcare Center, Buffalo, NY**

4. **RALPH L. FULLWOOD**
   **7000 Constitution Place**
   **Columbus, OH 43235**
   **SSN: -0143**
   **SES, Agency: VA**
   **Last Place of employment: VA Columbus Outpatient Clinic**

5. **PAUL D. ISING**
   **808 Fearrington Post**
   **Pittsboro, NC 27312**
   **SES, SSN: -4965**
   **Agency: VA**
   **Last Place of employment: VA Central Office, Washington, DC**

6. **CHARLES A. MILBRANDT**
   **1416 SW 53rd Lane**
   **Cape Coral, FL 33914**
   **SSN: -5315**
   **SES, Agency: VA**
   **Last Place of employment: VA Medical Center, Minneapolis, MN**

**7. TROY E. PAGE**
**1325 Noe-Bixby Road**
**Columbus, OH 43232**
**SSN: -6731**
**SES, Agency: VA**
**Last Place of employment: VA Medical Center, Chillicothe, OH**

**8. CORENNA M. AMBROSE**
**222 Crescent Road**
**Beckley, WV 25801**
**SSN: 7757**
**RN, Agency: VA**
**Last Place of employment: VA Medical Center, Beckley, WV**

**9. BEULAH G. ARNOLD**
**2004 Fairlawn St.**
**Pittsburgh, PA 15221**
**SSN: -9166**
**RN, Agency; VA**
**Last Place of employment: VA Medical Center Highland Drive Pittsburgh**

**10. BARBARA JEAN CAIN**
**417 Wooded Acres Drive**
**Newport, NC 28570-7561**
**SSN: - 1291**
**RN, Agency: VA**
**Last Place of employment: Northport VA Hospital, Northport, NY**

**11. PATRICIA M. CASSIDY**
**1790 Magnolia Cr.**
**Pleasanton, CA 94566**
**SSN: -9768**
**RN, Agency: VA**
**Last Place of employment: VA Livermori Div. Of VA Palo Alto Health Care Systems**

**12. SANDRA A. CESNIK**
**3822 Euclid Avenue**
**Madison, WI 53711**
**SSN: -4151**
**RN, Agency: VA**
**Last Place of employment: William S. Middleton Memorial VA Hospital, Madison, WI**

**13. HELEN V. FERSON**
**102 Bigelow Street**
**Pittsburgh, PA 15207**
**Medical Clerk, SSN: -9719**
**Agency: VA**
**Last Place of employment: Highland Drive VA Medical Center, Pittsburgh, PA**

**14. ROSE ELLEN FLINT**
**4 Spur Circle**
**Albany, NY 12205**
**SSN: - 3561**
**RN, Agency: VA**
**Last Place of employment: Samuel S. Stratton Upstate VA Medical Center, Albany, NY**

**15. CHRISTINE M. (PALMA) GRANT**
**23059 Meadows**
**Flat Rock, MI 48134**
**SSN: -4853**
**RN, Agency: VA**
**Last Place of employment: VAMC Allen Park, MI**

**16. MARY ANN MACKIN**
**1016 Sherwood Road**
**Pittsburgh, PA 15221-3765**
**SSN: - 4785**
**RN, Agency: VA**
**Last Place of employment: Highland Drive VA Medical Center, Pittsburgh, PA**

**17. PATRICIA M. QUINN**
**28 Bowers Ave.**
**Tyngsboro, MA 01879**
**SSN: -4208**
**RN, Agency: VA**
**Last Place of employment: VAMC Bedford, MA**

**18. MARY P. ROONEY**
**58-32 – 41 Drive**
**Woodside, N.Y. 11377**
**SSN: -3698**
**RN, Agency: VA**
**Last Place of employment: Manhattan VA Hospital**