IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report.

**4.a. Does the Court possess jurisdiction to entertain the action?**

Plaintiffs and Defendant agree that they have identified no reason to question the jurisdiction of the Court at this time.

**b. Should the case be consolidated with any other case and the reasons therefor?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated and the reasons therefor?**

Plaintiffs state that liability and damages should be bifurcated at this time. Defendant states that it is too early to determine if the trial should be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?**

The parties agree that this case should not be deferred pending resolution of any other case.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

Neither party seeks remand or suspension.

**f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

Plaintiffs' attorney has not yet determined whether additional plaintiffs who are former employees of the Veterans Administration (VA) will be added.

Defendant does not intend to join additional parties at this time.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

The parties expect that after conducting discovery in this case they may file motions for summary judgment on plaintiffs' claims.

**h. What are the relevant factual and legal issues?**

1. Did the VA pay the appropriate lump-sum payment for accumulated and accrued annual leave to plaintiffs who retired, died, or separated from VA employment since April 7, 1993;

2. Whether plaintiffs' claims may be properly certified as an opt-in class action pursuant to RCFC 23.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

At this time, the parties cannot state whether the case can be settled. The parties will consider pursuing settlement negotiations as the litigation progresses.

At this time, the parties cannot state whether alternative dispute resolution (ADR) may be appropriate. The parties will consider pursuing ADR as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?**

The parties anticipate that, following discovery, the case may be decided upon motions and that a trial will be unnecessary.

The parties do not request expedited trial scheduling.

**k. Are there special issues regarding electronic case management needs?**

There are no special issues regarding electronic case management needs.

**l. Is there other information of which the Court should be aware at this time?**

Defendant states, pursuant to Rule 23(c)(1)(A), that: "When a person sues or is sued as a representative of a class, the court must – at an early practicable time - determine by order whether to certify the action as a class action." The Advisory Committee Notes following Rule 23 of the Federal Rules of Civil Procedure, upon which the Rules of the United States Court of Federal Claims is based, provide that:

> In order to give clear definition to the action, this provision requires the court to determine, as early in the proceedings as may be practicable, whether an action brought as a class action is to be so maintained.

Fed. R. Civ. P. 23 advisory committee's note.

Pursuant to the Rules of this Court, and the Federal Rules of Civil Procedure upon which the rules of this court are patterned, and for considerations of fairness to the parties, the Government urges the Court to schedule a date certain by which plaintiffs must file their motion for class certification so that the issue may be decided by the Court and the proper scope of discovery established. The Government provides such a schedule, attached hereto as Exhibit A, for the Court's consideration.

Plaintiffs state that it is too early to determine if class certification should be decided before the conclusion of discovery on liability. Defendant's discovery plan is too specific at this time to be workable. Plaintiffs also anticipate that discovery will likely take longer than six months because of the technical nature of the case. Plaintiffs request that the Court revisit the issue of discovery in June, 2008, to determine if an extension may be necessary.

**5. Discovery Plan**

Plaintiffs propose a discovery period of six months.

Defendant attaches hereto at Exhibit A a proposed discovery schedule.

Respectfully submitted,

s/ Ira M. Lechner by s/Sharon A. Snyder
IRA M. LECHNER
19811 Fourth Place
Escondido, CA 92029
(858) 864-2258

Attorney for Plaintiffs

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. N.W.
Washington, D.C.

Attorneys for Defendant

December 17, 2007

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PROPOSED SCHEDULING ORDER**

As part of the Joint Preliminary Status Report, defendant, the United States, hereby respectfully proposes the following discovery schedule:

| | |
|---|---|
| December 20, 2007 | Joint Preliminary Status Report filed |
| January 22, 2008 | Telephonic Status Conference |
| January 23, 2008 | Commencement of Fact and Class Discovery |
| March 7, 2008 | Exchange Initial Disclosures Pursuant to Rule 26(a)(1) |
| June 30, 2008 | Completion of Class Discovery |
| August 1, 2008 | Submission of Plaintiff's Motion for Class Certification |
| September 12, 2008 | Submission of Defendant's Response to Defendant's Motion for Class Certification |
| September 26, 2008 | Submission of Plaintiff's Reply for Class Certification |
| TBD | Class Certification Oral Argument |

CERTIFICATE OF FILING

I hereby certify that on December 17, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder