IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS

Defendant, the United States, provides the following response to plaintiffs' motion to add additional plaintiffs, filed on March 21, 2008. We respectfully oppose plaintiffs' motion to add additional plaintiffs.

Plaintiffs have requested that the Court permit them to add 51 new plaintiffs to the complaint in this action. Plaintiffs' moved to file their Third Amended Complaint, on December 22, 2006, naming 29 plaintiffs.[1] Plaintiffs' Fourth Amended Complaint naming 18 plaintiffs was deemed filed on October 15, 2007. Without any explanation, plaintiffs had dropped 11 plaintiffs who had been included in the Third Amended Complaint from their Fourth Amended Complaint. Indeed, Thelma Curry, one of the original plaintiffs in the Archuleta case is no longer a plaintiff in this case. Now, plaintiffs request that they be permitted to add 51 new plaintiffs.

Plaintiffs filed this action as a class action, on behalf of themselves and others similarly situated. Plaintiffs allege, among other things, both that the claims of the named plaintiffs, who

[1] It does not appear that the Court granted that motion because other events had rendered the motion moot.

act as class representatives, are "typical" of the claims of the putative class members and that the named plaintiffs will adequately and fairly protect the claims of the putative class. See Fourth Amended Complaint at ¶¶ 11 and 12.

Defendant objects to this motion first, because plaintiffs have provided no justification or explanation for adding these specific individuals to the case beyond the apparent desire to increase the total number of potential class representatives. Plaintiffs do not explain what specific benefits would accrue from the addition of these particular individuals or how they strengthen plaintiffs' argument for class certification.

Furthermore, the addition of multiple plaintiffs to a proposed class action makes no sense legally, and imposes a burden on the Court and on defendant. The purpose of a class action is to provide plaintiffs whose claims are allegedly similar to those of the class representatives with a vehicle for their claims. In addition, class actions are used when the claims of individuals may be too economically de minimis to proceed individually. It is a vehicle that can also be used when joinder of all potential plaintiffs is difficult, if not impossible, because plaintiffs are so numerous. The plaintiffs who are named in a class action represent the interests of the unnamed putative plaintiffs. The plaintiffs who are identified as potential class representatives must demonstrate, among other things, that their claims are typical of the claims of the class and that there are no conflicts or potential conflicts of interests as between the class representatives and the putative class.

The addition of so many plaintiffs to the class increases the burden on defendant. While it is plaintiffs' burden to establish the RCFC 23 prerequisite factors to maintain a class action, including commonality of facts and typicality of claims, defendant must engage in discovery to

determine whether the class representatives are suitable. Thus, the Government must conduct discovery with respect to all of the 51 potential new plaintiffs, as well as the other 18 plaintiffs, to determine whether they are former employees Veterans Administration (VA) and to determine their suitability as class representatives. There is no reason for the Government, under the circumstances of this case, to be required to ascertain whether all of these additional plaintiffs are adequate representatives or have claims typical of other putative plaintiffs, as contemplated by Rule 23. Moreover, we have not even had an opportunity to verify that these potential plaintiffs are or were employees of the VA. Alternatively, if plaintiffs choose to proceed with their claims on an individual basis, and not as a class action, defendant may not oppose such a proposal.

Finally, if joinder of plaintiffs in this action is a simple matter for counsel, as it appears, then there is no reason to proceed as a class action – all plaintiffs who wish to proceed may be joined in a single action and they may proceed for themselves as individuals. Unless plaintiffs can demonstrate a real benefit from the addition of these 51 plaintiffs or a legal requirement arising from RCFC 23, the Government believes that it will only add unnecessary burdens on the Court and on defendant.

Based upon the foregoing, we oppose plaintiffs' motion for leave to add additional plaintiffs. Accordingly, we respectfully request that the Court to deny the motion at this time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

OF COUNSEL:

/s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 616-0347

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. N.W.
Washington, D.C.

April 7 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 7, 2008, a copy of the foregoing “DEFENDANT'S OPPOSITION TO PLAINTIFFS’ MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Sharon A. Snyder