# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**ROBERT M. ATHEY, et al.,**

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

**Case No. 99-2051C**

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO ADD ADDITIONAL PLAINTIFFS**

(Senior Judge Smith)

Defendant sometimes opposes the adding of additional plaintiffs and sometimes does not. When an opposition has been offered, it has not been persuasive. Last month, Judge Wolski rejected an identical argument by Defendant opposing the addition of twelve plaintiffs in another class action involving the VA's pay practices. *Curry et al. v. United States*, No.12-101C [now renamed *Quimby v. United States*], Memorandum Opinion and Order, p. 4 fn. 9, pp.13-14 (March 27, 2008). In *Kandel et al. v. United States*, No.06-872C, Defendant had no opposition to Plaintiffs' motion to add thirty-six additional plaintiffs. *Kandel* also involves lump-sum payments for unused annual leave. This Court granted the motion (Order, March 5, 2008). And, in *Archuleta et al. v. United States*, No. 99-205C, as well as in *Barnes v. United States*, 68 Fed. Cl. 492 (2005), Plaintiffs added a number of additional class representatives during the litigation.[1]

[1] Defendant also complains that Plaintiffs dropped "without explanation" eleven plaintiffs who had been included in the Third Amended Complaint from their Fourth Amended Complaint. Those plaintiffs were deleted in compliance with this Court's ruling of August 23, 2007 with respect to certain provisions of Plaintiffs' Third Amended Complaint relating to "additional pay" received by those eleven plaintiffs pursuant to title 38, U.S.C.. Plaintiffs have continually attempted to refine their Complaint to narrow the scope of this litigation so that the Court will be presented with a class that is unquestionably manageable.

In the case at bar, although Defendant claims that Plaintiffs have offered no explanation to justify the additional Class Representatives, Plaintiffs carefully have explained that the additional plaintiffs represent a wide variety of occupations and job locations within the VA: "They were employed at various VA locations in every section of the United States and Puerto Rico, in various occupations such as dentists, registered nurses, therapists, pharmacist, physician's assistant, computer automation specialists, Administrative Directors of VA Medical Centers, administrators in the VA Central Headquarters, public affairs specialist, and a former Judge of the Board of Veterans Appeals". Plaintiffs' Motion for Leave To Add Additional Plaintiffs, p.2. All of these proposed additional plaintiffs allege, in common with the named Plaintiffs, that they retired without being paid the lump-sum payment for unused annual leave that the VA was obligated to pay them pursuant to 5 U.S.C. § 5551.

The VA is the second largest agency within the federal government. In *Quimby*, the VA adamantly opposed class certification on the ground that the putative class was too dispersed by different job occupations and job locations to satisfy Plaintiffs' burden with respect to commonality and typicality. Judge Wolski rejected that argument based on typicality represented by the proposed additional plaintiffs as well as by the named plaintiffs. *Id.*, pp. 9-10 (citing *Barnes v. United States*, 68 Fed. Cl. at 498 (2005)). In the case at bar, Plaintiffs have the right to anticipate and rebut that defense. The addition of these fifty-one additional Class Representatives will demonstrate to the Court that under the lump-sum payment statute, the damages claims of a variety of VA employees meet the commonality and typicality requirements for class certification regardless of their job occupation or the location of the VA facility where they worked. For example, while *the*

*amount* of compensation received individually by VA administrators and computer automation specialists differs from the compensation of registered nurses, therapists, dentists, and pharmacists (and their compensation also differs depending on the cost of living index in various parts of the country), Plaintiffs are entitled to prove that all of these employees were shortchanged by the VA's computational methodology when their lump-sum payment was computed. "Like the commonality requirement, typicality does not require the representative parties' claims to be identical to those of the putative class members. Indeed, the analysis of commonality and typicality tends to merge because '[b]oth serve as guideposts for determining whether…the named plaintiff's claim and the class are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Barnes*, 68 Fed. Cl. at 496 (2005) (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147 at 157 n.13). RCFC 23 requires that the class representatives' interests be "aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *Id.*

Defendant will not be burdened *unfairly* by the addition of Class Representatives because Plaintiffs still have the burden to prove that the claims of these additional plaintiffs, as well as the claims of the existing named Plaintiffs, are typical of the claims of the class, and that there are no potential conflicts of interest as between the Class Representatives and the putative class. By requesting the Court to bar Plaintiffs from adding additional class representatives before discovery has been completed, Defendant seeks to interfere with the right of the Plaintiffs to present their case.

Defendant suggests, as it did in *Quimby*, that the additional plaintiffs may not have been employees of the VA, and Defendant has not had sufficient time to verify their former employment. Such an accusation that they could be imposters is absurd. Plaintiffs' counsel, consistent with his obligation as an officer of the court, has signed the pleading and identified each proposed additional plaintiff by full name, last four digits of his or her Social Security number, each person's former job occupation, and the specific VA facility where he or she was last employed. Plaintiffs' counsel volunteered to provide the un-redacted social security number of each of the proposed additional plaintiffs under seal, but Defendant has not even requested that information. Defendant's counsel probably took longer to draft its Opposition, to clear it with a DOJ supervisor, and to have it approved by the VA, than it would have taken OPM to verify that each of the proposed additional Class Representatives in fact retired from the VA, and that each receives an annuity check every month.

RCFC 23 gives the Court wide latitude and flexibility to manage this case. Further, RCFC 21 affords broad permissive rights to join plaintiffs ("Parties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just."). RCFC 21 cites virtually the same standard as that of RCFC 15, which governs amended and supplemental pleadings. Discussing the directive of FRCP 15 that "leave to amend 'shall be freely given when justice so requires,'" Justice Goldberg noted that "this mandate is to be heeded." *Foman v. Davis,* 83 S. Ct. 227, 371 U.S. 178, 182 (1962). Courts have long interpreted these phrases liberally and have only denied the plaintiff's motion upon a defendant's showing of "undue delay, bad faith, or dilatory motive on the part of the movant…" *Id.*; *see also Te-Moak Bands of W. Shoshone Indians of Nev. v.*

*United States*, 948 F. 2d 1258, 1260 (Fed. Cir. 1991); *Christofferson v. United States*, 77 Fed. Cl. 361, 363-66 (2007). By contrast, the proposed additional plaintiffs have a strong interest in joining this case so that they may serve as representatives of the class and protect the interests of the class. The grant or denial of such a motion pursuant to RCFC 21 obviously is within the discretion of the Court, but the Supreme Court has gone so far as to say with respect to comparable motions under FRCP 15 that "outright refusal to grant the leave [under FRCP 15] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman* at 182.

Plaintiffs respectfully submit that their motion for leave to add additional plaintiffs be granted. It is unfortunate that the Defendant has chosen to engage the time and resources of the Court on this uncontroversial matter.

Dated: April 21, 2008

Respectfully Submitted,

s/Ira M. Lechner

Ira M. Lechner
Counsel for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258