IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATHEY, ROBERT M., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 99-2051C<br>(Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to plaintiffs' interrogatories.

GENERAL OBJECTIONS

Defendant asserts and incorporates by reference the following objections to plaintiffs' document requests as though they are set forth in full in each response:

1. Defendant objects to each and every document request and instruction to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including, without limitation, the attorney-client privilege, the work-product doctrine, deliberative process privilege, or any other evidentiary privilege, or are protected from disclosure under applicable law, including the Privacy Act of 1994, 5 U.S.C.§ 552a, or any other Government privilege.

2. Defendant objects to the instructions and definitions accompanying plaintiffs' requests to the extent that such instructions and definitions attempt to impose obligations on defendant other than those imposed by Rules 26 and 34 of the RCFC.

3. Defendant objects to the plaintiffs' document requests upon the grounds and to the extent that, by them, plaintiffs seek the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to the plaintiffs' document requests to the extent that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

5. Defendant objects to the plaintiffs' document requests upon the grounds that, by them, plaintiffs seek to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that, to respond to them, defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden, and undue expense to defendant.

6. Defendant objects to any inference that can be drawn from any portion of plaintiffs' document requests or the response to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

7. The objections set forth above apply to each of the numbered paragraphs of the plaintiffs' document requests.

8. Defendant's responses are based upon the present knowledge of, and information provided to, counsel. Discovery proceedings are continuing, and defendant will provide additional non-privileged information responsive to these requests as it becomes known and available to counsel. In addition, defendant reserves the right to assert legal or factual contentions, including any applicable objections, not set forth in its present responses.

9. To the extent that these documents may contain privileged or otherwise protected information, including (but not limited to) information protected from disclosure by the Privacy Act, our production of such documents for inspection and copying by plaintiffs shall not constitute a waiver of any applicable privileges and shall be covered by the protective order entered in this case.

10. Defendant objects to plaintiffs' request that documents be produced at the offices of its attorney. In accord with the rules of the Court, non-privileged documents responsive to each request to which we do not otherwise object will be made available for plaintiffs' counsel to collect from defendant's counsel or will be produced for plaintiff's inspection and copying as they are kept in the usual course of business, at the option of defendant's counsel.

11. Without waving the above objections, defendant will provide only relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the RCFC.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:

Produce all "Record of Salary Payment" documents, reflecting each of the plaintiffs' bi-weekly pay period payments for twenty-six (26) pay periods immediately prior to the date each such plaintiff retired, died, or separated, including the amount of the Annual Leave balance to their credit on the date of their retirement, death, or separation, and the amount of the lump-sum payment(s) for unused, accumulated and accrued annual leave, if any.

RESPONSE:

Defendant objects to this document request to the extent that it calls for the production of documents for plaintiffs other than those identified in the Fourth Amended Complaint. Any persons not so identified are not "plaintiffs" in this case. Defendant further objects to this document request to the extent that the documents requested are available to the plaintiffs who should have their own Record of Salary Payment documents. Defendant further objects to the request in that it requests documents reflecting plaintiffs' bi-weekly pay period payments for 26 pay periods immediately prior to the date each such plaintiff retired, died or separated as that request is unduly burdensome, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, defendant will produce copies of the Record of Payment documents for the pay period immediately preceding the date when plaintiffs retired, separated or died.

REQUEST NO. 2:

Produce all "Record of Salary Payment" documents reflecting any retroactive or supplemental payments, if any, of a lump-sum payment for unused, accumulated and accrued annual leave that was paid to each of the plaintiffs subsequent to the date each such plaintiff retired, died, or separated.

RESPONSE:

Without waiving any objections, defendant will produce documents that reflect supplemental payments to Richard Droske, Helen Ferson, and Mary Rooney.

REQUEST NO. 3:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, October 29, 1998 with respect to the inclusion or exclusion in lump-sum payments of doctors' and dentists' special pay under 38 U.S.C. 7431 referred to by Interrogatory No. 10.

RESPONSE:

Without waiving any objection, defendant will produce available documents relating to the VA policy and/or practice applicable at anytime from April 7, 1993 to October 29, 1998 regarding the inclusion in lump-sum payments of doctors' and dentists' special pay under 38 U.S.C. 7431.

REQUEST NO. 4:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, September 30, 1998 with respect to the inclusion or exclusion in

lump-sum payments to nurses of "pay adjustments or increases" referred to by Interrogatory No. 3.

RESPONSE:

Defendant incorporates by reference its objections and response to Interrogatory No. 3.

Without waiving any objection, defendant will produce available documents relating to the VA policy and/or practice applicable at anytime from April 7, 1993 to September 30, 1998 regarding the payment of lump-sum payments to nurses.

REQUEST NO. 5:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, April 14, 2002 with respect to the inclusion or exclusion in lump-sum payments of premium pay referred to by Interrogatory No. 1.

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 3.

Without waiving any objection, defendant will produce available documents relating to the VA policy and/or practice applicable at anytime from April 7, 1993 to April 14, 2002 regarding the inclusion of premium pay in lump-sum payments.

REQUEST NO. 6:

If the answer to Interrogatory No. 11 of Plaintiffs' First Set of Interrogatories is negative in any respect, produce the documents that described VA policy and/or practice applicable

anytime from April 7, 1993 to, and including, September 30, 1997 with respect to the inclusion or exclusion in lump-sum payments of Sunday premium pay as referred to by such Interrogatory.

RESPONSE:

Defendant incorporates by reference its objections and response to Interrogatory No. 11.

Without waiving any objection, defendant will produce available documents relating to the VA policy and/or practice regarding inclusion of non-overtime Sunday premium pay pursuant to

§ 5546(a) in the lump-sum payment of VA employees from April 7, 1993 through September 30, 1997.

REQUEST NO. 7:

Produce all blank forms and instructions directed to, or utilized by, computer operators, payroll or Fiscal Department clerks, and/or timekeepers at the VA field offices and facilities with respect to the computation, calculation and/or payment of lump-sum payments for unused annual leave applicable anytime from April 7, 1993 to April 14, 2002.

RESPONSE:

Defendant objects to this document request as grossly overbroad and unduly burdensome. There are over 200 Veterans Administration (VA) field offices that handle pay issues and for defendant to produce "all blank forms and instructions directed to, or utilized by, computer operators, payroll or Fiscal Department clerks, and/or timekeepers at the VA field offices and facilities with respect to the computation, calculation and/or payment of lump-sum payments for unused annual leave applicable anytime from April 7, 1993 to April 14, 2002" would require

review of the records of each and every field offices for documents that may exist relating to the period between April 7, 1993 to April 14, 2002. The document request is premature in that it seeks documents related to issues of merit and not to whether this case should be certified as a class action. Such discovery is improper as it does not seek to identify whether this case should proceed as a class action, as opposed to on an individual basis. The document request does not address any of the eight factors identified in Quinault Allotee Ass'n v. United States, 197 Ct.Cl. 134, 453 F.2d 1272 (1927), as being relevant to a determination of whether the action should proceed as a class action. In fact, this document request, as well as many of the other requests and the other discovery propounded by plaintiffs, demonstrates exactly why the claims asserted by plaintiffs here should not be certified as a class because, among other things, individual questions of fact predominate over common questions of law, the class is not manageable, and the prosecution of individual claims will not cause inconsistent results. This document request, standing on its own, requesting information from over 200 field offices, illustrates clearly the difficulties in maintaining the action as a class action. Until the Court determines if the class should be certified as a class, and an opt-in class is identified, the discovery is premature.

Without waiving any objection, defendant will produce relevant sections of VA documents MP-4, MP-5, and MP-6, as well as relevant sections and updates to the VA Handbook relating to the payment of the lump-sum payment.

REQUEST NO. 8:

Produce all blank forms and instructions directed to, or utilized by, computer operators, payroll or Fiscal Department clerks, and/or timekeepers at each of the VA field offices and

facilities with respect to the computation, calculation and/or to payment of lump-sum payments for unused annual leave applicable anytime from April 15, 2002 to January 31, 2008.

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 7.

REQUEST NO. 9:

Produce any and all documents relating to, or which describe, VA policy and/or practice with respect to the computation and/or payment of lump-sum payments by virtue of the publication, implementation and/or application of APPENDIX B, VA HANDBOOK 5007, PART IV, entitled: "COMPUTING A LUMP-SUM PAYMENT FOR ACCUMULATED AND ACCRUED ANNUAL LEAVE", dated April 15, 2002.

RESPONSE:

Defendant objects to this document request as overbroad and unduly burdensome in that it requests "any and all documents."

Without waiving any objection, defendant states that it will produce available documents that relate to APPENDIX B, VA HANDBOOK 5007, PART IV, entitled: "COMPUTING A LUMP-SUM PAYMENT FOR ACCUMULATED AND ACCRUED ANNUAL LEAVE", dated April 15, 2002.

REQUEST NO. 10:

Produce all ESI, written documents, instructions and forms (including Form TT 82) issued to, or utilized by, computer operators, payment clerks, timekeepers and/or their supervisors at each of the VA field offices, facilities, headquarters, and regional payment centers effective during, or applicable to, the period anytime from April 7, 1993 to, and including, April 14, 2002 with respect to the "pay" to be included or excluded from lump-sum payments for unused annual leave pursuant to VHA Supplement, MP-5, Part II, Chapter 7, Section 7.11, dated October 30, 1998, entitled "(a) Lump-Sum Leave Payments".

RESPONSE:

Defendant objects to this production request as vague, tremendously broad and unduly burdensome in that it asks that the Government produce all documents used at each of the VA field offices, facilities, headquarters, and regional payment centers.

Defendant also incorporates by reference its objections and response to Document Request No. 7.

Without waiving any objection, defendant will produce responsive documents, including a sample Form TT 82.

REQUEST NO. 11:

Produce any and all documents which Defendant believes may support its good-faith denials in its Answer to the allegations contained in Plaintiffs' Fourth Amended Complaint.

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 7. Defendant further objects to this document request upon the grounds that plaintiff seeks to have defendant make certain legal conclusions. Defendant also objects to this document request

because it is premature, as such determinations cannot be made prior to the completion of discovery. Discovery has only recently begun in this case, and defendant has made no final decisions concerning what defenses or arguments it may raise at trial.

Without waiving any objection, see documents produced in response to other document requests herein.

REQUEST NO. 12:

Produce all ESI, regulations, written instructions, forms, official orders, bulletins, written procedures, handbooks, policies or directives and/or manuals issued or utilized by the VA, applicable anytime from April 7, 1993 to, and including, January 15, 2008, relating to the computation and payment of lump-sum payments for unused, accumulated and accrued annual leave that have not been produced in Response to any other Request contained in Plaintiffs' First Requests for the Production of Documents.

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 7.

Without waiving any objections, defendant will produce any non-privileged documents relating to the computation and payment of lump-sum payments for unused, accumulated and accrued annual leave applicable from April 7, 1993 to, and including, January 15, 2008, that may be available that have not been previously produced.

REQUEST NO.13:

If Plaintiffs' Request For Admission No. 1 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant objects to this document request as overbroad and unduly burdensome. There are over 200 Veterans Administration (VA) field offices and over 225,00 VA employees who retired, separated, or died (from April 7, 1993 to April 14, 2002), and for defendant to determine which, if any, of those individual field offices included or did not include certain types of pay in employee lump-sum payments would require review of each and every earnings and leave statement issued by those field offices between April 7, 1993 to April 14, 2002. Furthermore, the document request is premature in that it seeks documents regarding each and every "prevailing rate employee" who retired between April 7, 1993 and April 14, 2002, who was "paid regularly immediately preceding their retirement, separation, or death," which is discovery that goes to issues of merit and not to whether this case should be certified as a class action. Such discovery is improper as it does not seek to identify whether this case should proceed as a class action, as opposed to on an individual basis. The document request does not address any of the eight factors identified in Quinault Allotee Ass'n v. United States, 197 Ct.Cl. 134, 453 F.2d 1272 (1927), as being relevant to a determination of whether the action should proceed as a class action. In fact, this document request, as well as many of the other document requests and the other discovery propounded by plaintiffs, demonstrates exactly why the claims asserted by plaintiffs here should not be certified as a class because, among other things, individual questions of fact predominate over common questions of law, the class is not manageable, and the prosecution of individual claims will not cause inconsistent results. Further, the discovery alone, requesting information from over 200 field offices for multiple time periods and multiple pay issues, illustrates clearly

the difficulties in maintaining the action as a class action. Until the Court determines if the class should be certified as a class, and an opt-in class is identified, the discovery is premature.

Finally, defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "prevailing rate employee," thereby rendering the document request vague and ambiguous.

REQUEST NO.14:

If Plaintiffs' Request For Admission No. 2 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.15:

If Plaintiffs' Request For Admission No. 3 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.16:

If Plaintiffs' Request For Admission No. 4 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.17:

If Plaintiffs' Request For Admission No. 6 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.18:

If Plaintiffs' Request For Admission No. 8 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.19:

If Plaintiffs' Request For Admission No. 9 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO.20:

If Plaintiffs' Request For Admission No. 10 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 21:

If Plaintiffs' Request For Admission No. 16 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous.

REQUEST NO. 22:

If Plaintiffs' Request For Admission No. 17 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 23:

If Plaintiffs' Request For Admission No. 18 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 24:

If Plaintiffs' Request For Admission No. 19 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 25:

If Plaintiffs' Request For Admission No. 20 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 26:

If Plaintiffs' Request For Admission No. 21 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 27:

If Plaintiffs' Request For Admission No. 22 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 28:

If Plaintiffs' Request For Admission No. 23 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 29:

If Plaintiffs' Request For Admission No. 24 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 30:

If Plaintiffs' Request For Admission No. 25 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

<u>REQUEST NO. 31</u>:

If Plaintiffs' Request For Admission No. 26 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Document Request No. 13.

<u>REQUEST NO. 32</u>:

If Plaintiffs' Request For Admission No. 27 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Document Request No. 13.

<u>REQUEST NO. 33</u>:

If Plaintiffs' Request For Admission No. 28 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Document Request No. 13.

<u>REQUEST NO. 34</u>:

If Plaintiffs' Request For Admission No. 29 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 35:

If Plaintiffs' Request For Admission No. 30 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 36:

If Plaintiffs' Request For Admission No. 31 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 37:

If Plaintiffs' Request For Admission No. 32 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request

No. 13.

REQUEST NO. 38:

If Plaintiffs' Request For Admission No. 33 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 39:

If Plaintiffs' Request For Admission No. 34 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 40:

If Plaintiffs' Request For Admission No. 35 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request

No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 41:

If Plaintiffs' Request For Admission No. 36 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 42:

If Plaintiffs' Request For Admission No. 37 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 43:

If Plaintiffs' Request For Admission No. 38 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13.

REQUEST NO. 44:

If Plaintiffs' Request For Admission No. 39 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 45:

If Plaintiffs' Request For Admission No. 40 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this document request as vague and ambiguous. Plaintiffs do not define their use of the phrase "consistently," thereby rendering the document request vague and ambiguous.

REQUEST NO. 46:

If Plaintiffs' Request For Admission No. 41 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 41.

REQUEST NO. 47:

If Plaintiffs' Request For Admission No. 42 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 42.

REQUEST NO. 48:

If Plaintiffs' Request For Admission No. 43 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 43.

REQUEST NO. 49:

If Plaintiffs' Request For Admission No. 44 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 44.

<u>REQUEST NO. 50</u>:

If Plaintiffs' Request For Admission No. 45 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Document Request No. 7.

<u>REQUEST NO. 51</u>:

If Plaintiffs' Request For Admission No. 46 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Request for Admission No. 46.

<u>REQUEST NO. 52</u>:

If Plaintiffs' Request For Admission No. 47 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Request for Admission No. 47.

<u>REQUEST NO. 53</u>:

If Plaintiffs' Request For Admission No. 48 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Document Request No. 13. Without waiving any objections, defendant will produce relevant, non-privileged documents in response to this document request.

<u>REQUEST NO. 54</u>:

If Plaintiffs' Request For Admission No. 49 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Request for Admission No. 49.

<u>REQUEST NO. 55</u>:

If Plaintiffs' Request For Admission No. 50 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

<u>RESPONSE</u>:

Defendant incorporates by reference its objections and response to Request for Admission No. 50.

<u>REQUEST NO. 56</u>:

If Plaintiffs' Request For Admission No. 51 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 51.

REQUEST NO. 57:

If Plaintiffs' Request For Admission No. 52 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Request for Admission No. 52.

REQUEST NO. 58:

If Plaintiffs' Request For Admission No. 53 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Without waiving any objection, defendant will produce relevant, non-privileged documents in response to this request.

REQUEST NO. 59:

Produce all "Locality Pay Schedules For Registered Nurses" (LPS) and "Nurse Pay Schedules" issued by each VHA facility or VHA field office during the timeframe between April 7, 1993 and January 31, 2008, including the effective date of each LPS Pay Schedule and Nurse Pay Schedule.

RESPONSE:

Defendant incorporates by reference its objections and response to Document Request No. 13. Defendant further objects to this request for documents as overbroad and unduly burdensome. There are over 200 VA field offices that each issue at least two or three, or more, LPS schedules each year, totaling over 4,500 LPS for the time frame requested.

REQUEST NO. 60:

Produce all documents from the files of the Office of Personnel Management("OPM") with respect to OPM's Proposed Regulation, 62 FR 40475 (dated July 29, 1997) and Final Regulation, 64 FR 36763 (dated July 8, 1999), that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

RESPONSE:

Defendant objects to this document request as overbroad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Defendant further objects to this document request to the extent that it calls for the production of documents that are protected by the deliberative process privilege. Without waiving any objection, defendant states that any non-privileged, non-protected documents in the VA files that describe the VA's policies regarding the

computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the present will be produced.

REQUEST NO. 61:

Produce any documents from the files of the Government Accounting Office ("GAO") with respect to the GAO Report entitled "Federal Civilian Personnel: Cost of Lump-Sum Annual Leave Payments to Employees Separating From Government (Letter Report, 05/29/97, GAO/GGD-97-100), that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

RESPONSE:

Defendant objects to this document request as overbroad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Defendant further objects to this document request to the extent that it calls for the production of documents that are protected by the deliberative process privilege. Without waiving any objection, defendant states that any non-privileged, non-protected documents in the VA files that describe the VA's policies regarding the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the present will be produced.

REQUEST No. 62:

Produce all documents from the files of the VA with respect to OPM's Proposed Regulation, 62 FR 40475 (dated July 29, 1997), OPM's Final Regulation, 64 FR 36763 (dated July 8, 1999), and the GAO Report entitled "Federal Civilian Personnel: Cost of Lump-Sum

Annual Leave Payments to Employees Separating From Government (Letter Report, 05/29/97, GAO/GGD-97-100) that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

RESPONSE:

Defendant objects to this document request as overbroad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Defendant further objects to this document request to the extent that it calls for the production of documents that are protected by the deliberative process privilege. Without waiving any objection, defendant states that any available non-privileged, non-protected documents that describe the VA's policies regarding the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the present will be produced.

GREGORY D. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

OF COUNSEL:

s/Sharon Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 616-0347

KATE M. RYAN
General Attorney
U.S. Department of Veterans Affairs
801 Vermont Ave. N.W.
Washington, D.C.

May 22, 2008

Attorneys for Defendant