Exhibit 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARCHULETA, HILBERT, ET AL. | ) | |
| Plaintiffs, | ) | C.A. No. 99-205C |
| v. | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PRIVACY ACT PROTECTIVE ORDER

Upon stipulation of the parties in the above-captioned case, and pursuant to the provisions of Section (b)(11) of the Privacy Act of 1974, 5 U.S.C. 552a(b)(11),

IT IS HEREBY ORDERED that, for purposes of this Order, terms used herein that are defined in the Settlement Agreement entered in this class action and preliminarily approved by the Court, or in the Settlement Distribution Plan to which reference is made in that Settlement Agreement, shall have the meanings given in that Settlement Agreement or Settlement Distribution Plan, as the case may be, and it is further

ORDERED that, for any proceedings conducted in this action pursuant to the Settlement, the defendant is authorized to release to class counsel, the Settlement Administrator, and, if appropriate, to this Court, information relating to the individual potential class members' employment with the Federal Government, including Former

Employee Status Information, and information contained in individual potential class members' Official Personnel Folders (OPFs), without obtaining prior written consent of the individuals to whom such information pertains. The disclosure of this information, which is subject to the Privacy Act, to the above identified persons and entities is necessary for the administration of the proposed Settlement and to the payment of the monetary relief that is owing to members of the plaintiff settlement class. The disclosure of this information is subject to the following conditions:

(1) All records, including electronic records, that are disclosed by the defendant pursuant to this Order which identify individual class members or potential class members by name, social security number, or any other identifying particular, shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Such records and all information derived therefrom may be used only for purposes relating to the implementation and administration of the Settlement. Such purposes include communicating with class members regarding issues directly related to their claims in this litigation; obtaining class members' addresses in order to provide notice; generating data for individual class member distribution packages (as described in Section V of the Settlement Distribution Plan); determining whether individual class members are entitled to a monetary payment in accordance with the terms of the Settlement; adjudicating challenges that may be brought by class members (or certain of their successors as described in Section VI of the Settlement Distribution Plan) pursuant to the terms of the Settlement Distribution Plan regarding the accuracy of their Former Employee Status Information; causing payment to be made, and accompanying tax documentation to be

provided, to individual class members; and submitting reports in accordance with the terms of the Settlement Distribution Plan. Under no circumstances may any Government records or any information derived therefrom that are disclosed pursuant to this Order be used for any purpose, either directly or indirectly, not relating to the implementation and administration of the Settlement.

(2) All records and information identifying individual class members and potential class members that are disclosed pursuant to this Order to persons or entities outside of the Government must be returned by such persons or entities to defendant, or destroyed, no later than 30 days after the termination of the Settlement Fund pursuant to Section XV of the Settlement Distribution Plan. Also, any records created by persons or entities outside of the Government that contain information derived from records or information produced pursuant to this Order must be returned to defendant, or destroyed, no later than 30 days after completion by the person or entity of all responsibilities imposed upon on it by the Settlement or law, except as provided in Para. 3 below relating to communications by and between class counsel and class members. Should class counsel or the Settlement Administrator elect to destroy the records rather than return them, such persons or entities shall certify in writing to the defendant that all such records and copies thereof have been destroyed.

(3) Class counsel are allowed to use the names and addresses of class members obtained as a direct or indirect consequence of the release of information pursuant to this Order solely for the specific and exclusive purpose of communicating with class members about this litigation and for no other purpose. Subject to these provisions, class counsel are allowed to retain all communications

provided to or received from class members for 30 days after the termination of the Settlement Fund.

(4) Except as provided in Para. 6 - 7 below, records and information produced pursuant to this Order may be disclosed by the Settlement Administrator and class counsel only to persons regularly in the employ of such persons or entities, or to independent contractors retained by such persons or entities, who have a need for the information in the performance of their specified duties relating to the implementation and administration of the Settlement. All individuals obtaining access to the records produced pursuant to this Order shall be required to sign the attached Acknowledgment Form indicating that they have read and agree to abide by the terms of this Order. Such Acknowledgment Forms shall be retained by class counsel and the Settlement Administrator and be available to defendant upon request.

(5) Any filings with the Court that contain Privacy Act information produced pursuant to this Order, i.e., information that identifies individual class members or potential class members by name, social security number, or other identifying particular, shall be made under seal and shall be identified as containing information that is subject to this Order. A redacted version with as few redactions as possible should be filed on the public record.

(6) The Settlement Administrator is authorized to include in distribution packages information derived from records and/or information released pursuant to this Order concerning individual class members or potential class members. Pursuant to Section V of the Settlement Distribution Plan, the Settlement

Administrator may send such distribution packages to the last known addresses of class members or their survivor annuitants, putative successors (as provided in Section VA of the Settlement Distribution Plan, or legal representatives, and otherwise may issue such a distribution package only to the potential class member to whom it pertains (or to a survivor annuitant, putative successor, or legal representative), class counsel, the Office of Personnel Management ("OPM"), defendant's counsel, and the Court, when appropriate. Such distribution packages may not be released or disseminated otherwise, and may be used only in accordance with the terms of the Settlement.

(7) In the event there are challenges by potential class members to their Former Employee Status Information pursuant to Section VI of the Settlement Distribution Plan, the Settlement Administrator is authorized to include in written decisions that will be issued relating to such challenges any information derived from records released pursuant to this Order. The Settlement Administrator may issue such a decision only to the potential class member to whom it pertains (or to a survivor annuitant, putative successor, or legal representative), or class counsel, as appropriate, and the Court, when appropriate.

(8) The Settlement Administrator is authorized to include information derived from records to be released pursuant to this Order in any reports or tabulations that are required to be made in accordance with the terms and conditions of the Settlement and the Trust Agreement. Such reports or tabulations cannot be released or disseminated except as provided in the Settlement and the Trust Agreement.

(9) Any classified records and information identifying individual class members or potential class members shall not be disclosed to the Settlement Administrator until he receives the appropriate clearance. Such information will not be disclosed to Class Counsel or any other person. The Settlement Administrator must submit appropriate documentation to defendant indicating that he has received the proper clearance before any classified information will be provided to him.

SO ORDERED, this __________day of_______________, 2005.

________________________

JUDGE LOREN A. SMITH

UNITED STATES COURT OF FEDERAL CLAIMS