# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ROBERT ATHEY, et al.,**<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | **Case No. 99-2051C**<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>(Senior Judge Smith) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that Defendant respond within thirty (30) days to the following requests for production of documents.

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, defendant must respond in writing under oath to the following demands for inspection of documents and produce the documents requested below within thirty (30) days from the date of service hereof, to counsel for the Plaintiffs, Ira M. Lechner, 19811-4th Place, Escondido, CA 92029.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "defendant" means defendant United States of America and its agents, officers and employees. As used herein, the term "agents," officers," and "employees" and any other such designation means any person serving at any

relevant time in any such capacity even though that person may no longer be serving in such capacity; and the term "VA" means the Department of Veterans Affairs and the Veterans Health Administration (VHA), or their predecessor organizations. The term "plaintiff" or "plaintiffs" means any former VA employee who is a named Plaintiff in this case or is named as a proposed Plaintiff and/or Class Representative in a Motion For Leave To Add Additional Plaintiffs to this case. **Plaintiffs also incorporate by reference all "Definitions" described in Plaintiffs' First Requests For Admissions.**

2. The term "documents" is intended to be interpreted in its broadest sense, including but not limited to any kind of written, typewritten, electronic, printed or recorded material whatsoever, including but not limited to all electronically stored information (hereinafter referred to as "ESI"), any notes, memoranda, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, e-mail, books, reports, summaries, policies, procedures, manuals, handbooks, minutes, logs, communications, certificates, contracts, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions of recordings, information retrievable from computers, photographs, pictures, diagrams, drawings, microfilm, invoices, bills, receipts, requests or any other writing, however produced or reproduced, and further includes, without limitation, all originals, all file copies and all other copies, no matter how prepared,

and all drafts prepared in connection with such documents whether or not used, within the possession, custody and/or control of Defendants, or their agents, attorneys, and/or any other persons who may act on their behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Plaintiff no later than the date upon which such production is due.

3. As to any document that defendant refuses to produce, defendant shall supply a description of the document by date, author, addressee and/or recipient, custodian and subject matter sufficient to allow a motion for production of the document. If refusal to produce is based upon a claim that the document is subject to a privilege, in addition to the foregoing, state the nature and basis of the claim of privilege.

4. These requests are continuing in nature and any documents that come into defendant's possession, custody or control or the possession, custody or control of anyone acting on defendant's behalf after these requests are served, and which are responsive to these requests, shall be produced forthwith.

5. Defendant shall produce all documents identified in defendant's possession, custody or control, including, but not limited to, documents in the possession of defendant's staff, agents, employees, representatives, accountants and attorneys.

6. Defendant shall reasonably amend any response if it obtains information upon the basis of which it knows that the prior response was incorrect or, though the response was correct when made, it is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

7. Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs specify the following time, date, place and manner for making the inspection and performing the related activities requested:

Date: March 31, 2008

Time: 10:00 a.m.

Place: 19811-4th Place, Escondido, CA 92029

Manner: Produce for visual inspection and photocopying

In lieu of producing originals of the documents requested, defendant may produce complete, accurate and legible copies on the date set forth above, provided defendant makes available the originals of any documents so produced upon reasonable notice.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 1:

Produce all "Record of Salary Payment" documents, reflecting each of the plaintiffs' bi-weekly pay period payments for twenty-six (26) pay periods immediately prior to the date each such plaintiff retired, died, or separated, including the amount of the Annual Leave balance to their credit on the date of their retirement, death, or

separation, and the amount of the lump-sum payment(s) for unused, accumulated and accrued annual leave, if any.

REQUEST NO. 2:

Produce all "Record of Salary Payment" documents reflecting any retroactive or supplemental payments, if any, of a lump-sum payment for unused, accumulated and accrued annual leave that was paid to each of the plaintiffs subsequent to the date each such plaintiff retired, died, or separated.

REQUEST NO. 3:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, October 29, 1998 with respect to the inclusion or exclusion in lump-sum payments of doctors' and dentists' special pay under 38 U.S.C. 7431 referred to by Interrogatory No. 10.

REQUEST NO. 4:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, September 30, 1998 with respect to the inclusion or exclusion in lump-sum payments to nurses of "pay adjustments or increases" referred to by Interrogatory No. 3.

REQUEST NO. 5:

Produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, April 14, 2002 with respect to the inclusion or

exclusion in lump-sum payments of premium pay referred to by Interrogatory No. 1.

REQUEST NO. 6:

If the answer to Interrogatory No. 11 of Plaintiffs' First Set of Interrogatories is negative in any respect, produce the documents that described VA policy and/or practice applicable anytime from April 7, 1993 to, and including, September 30, 1997 with respect to the inclusion or exclusion in lump-sum payments of Sunday premium pay as referred to by such Interrogatory.

REQUEST NO. 7:

Produce all blank forms and instructions directed to, or utilized by, computer operators, payroll or Fiscal Department clerks, and/or timekeepers at the VA field offices and facilities with respect to the computation, calculation and/or payment of lump-sum payments for unused annual leave applicable anytime from April 7, 1993 to April 14, 2002.

REQUEST NO. 8:

Produce all blank forms and instructions directed to, or utilized by, computer operators, payroll or Fiscal Department clerks, and/or timekeepers at each of the VA field offices and facilities with respect to the computation, calculation and/or to payment of lump-sum payments for unused annual leave applicable anytime from April 15, 2002 to January 31, 2008.

REQUEST NO. 9:

Produce any and all documents relating to, or which describe, VA policy and/or practice with respect to the computation and/or payment of lump-sum payments by virtue of the publication, implementation and/or application of APPENDIX B, VA HANDBOOK 5007, PART IV, entitled: “COMPUTING A LUMP-SUM PAYMENT FOR ACCUMULATED AND ACCRUED ANNUAL LEAVE”, dated April 15, 2002.

REQUEST NO. 10:

Produce all ESI, written documents, instructions and forms (including Form TT 82) issued to, or utilized by, computer operators, payment clerks, timekeepers and/or their supervisors at each of the VA field offices, facilities, headquarters, and regional payment centers effective during, or applicable to, the period anytime from April 7, 1993 to, and including, April 14, 2002 with respect to the “pay” to be included or excluded from lump-sum payments for unused annual leave pursuant to VHA Supplement, MP-5, Part II, Chapter 7, Section 7.11, dated October 30, 1998, entitled “(a) Lump-Sum Leave Payments”.

REQUEST NO. 11:

Produce any and all documents which Defendant believes may support its good-faith denials in its Answer to the allegations contained in Plaintiffs’ Fourth Amended Complaint.

REQUEST NO. 12:

Produce all ESI, regulations, written instructions, forms, official orders, bulletins, written procedures, handbooks, policies or directives and/or manuals issued or utilized by the VA, applicable anytime from April 7, 1993 to, and including, January 15, 2008, relating to the computation and payment of lump-sum payments for unused, accumulated and accrued annual leave that have not been produced in Response to any other Request contained in Plaintiffs' First Requests for the Production of Documents.

REQUEST NO.13:

If Plaintiffs' Request For Admission No.1 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.14:

If Plaintiffs' Request For Admission No.2 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.15:

If Plaintiffs' Request For Admission No.3 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.16:

If Plaintiffs' Request For Admission No.4 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.17:

If Plaintiffs' Request For Admission No.6 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.18:

If Plaintiffs' Request For Admission No.8 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.19:

If Plaintiffs' Request For Admission No.9 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO.20:

If Plaintiffs' Request For Admission No.10 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 21:

If Plaintiffs' Request For Admission No.16 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 22:

If Plaintiffs' Request For Admission No.17 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 23:

If Plaintiffs' Request For Admission No.18 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 24:

If Plaintiffs' Request For Admission No.19 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 25:

If Plaintiffs' Request For Admission No.20 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 26:

If Plaintiffs' Request For Admission No.21 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 27:

If Plaintiffs' Request For Admission No.22 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 28:

If Plaintiffs' Request For Admission No.23 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 29:

If Plaintiffs' Request For Admission No. 24 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 30:

If Plaintiffs' Request For Admission No. 25 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 31:

If Plaintiffs' Request For Admission No. 26 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 32:

If Plaintiffs' Request For Admission No. 27 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 33:

If Plaintiffs' Request For Admission No. 28 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 34:

If Plaintiffs' Request For Admission No. 29 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 35:

If Plaintiffs' Request For Admission No. 30 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 36:

If Plaintiffs' Request For Admission No. 31 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 37:

If Plaintiffs' Request For Admission No. 32 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 38:

If Plaintiffs' Request For Admission No. 33 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 39:

If Plaintiffs' Request For Admission No. 34 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 40:

If Plaintiffs' Request For Admission No. 35 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 41:

If Plaintiffs' Request For Admission No. 36 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 42:

If Plaintiffs' Request For Admission No. 37 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 43:

If Plaintiffs' Request For Admission No. 38 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 44:

If Plaintiffs' Request For Admission No. 39 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 45:

If Plaintiffs' Request For Admission No. 40 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 46:

If Plaintiffs' Request For Admission No. 41 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 47:

If Plaintiffs' Request For Admission No. 42 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 48:

If Plaintiffs' Request For Admission No. 43 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 49:

If Plaintiffs' Request For Admission No. 44 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 50:

If Plaintiffs' Request For Admission No. 45 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 51:

If Plaintiffs' Request For Admission No. 46 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 52:

If Plaintiffs' Request For Admission No. 47 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 53:

If Plaintiffs' Request For Admission No. 48 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 54:

If Plaintiffs' Request For Admission No. 49 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 55:

If Plaintiffs' Request For Admission No. 50 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 56:

If Plaintiffs' Request For Admission No. 51 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 57:

If Plaintiffs' Request For Admission No. 52 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 58:

If Plaintiffs' Request For Admission No. 53 is denied in whole or in part, produce all documents that Defendant believes may support its denial(s).

REQUEST NO. 59:

Produce all "Locality Pay Schedules For Registered Nurses" (LPS) and "Nurse Pay Schedules" issued by each VHA facility or VHA field office during the timeframe between April 7, 1993 and January 31, 2008, including the effective date of each LPS Pay Schedule and Nurse Pay Schedule.

REQUEST NO. 60:

Produce all documents from the files of the Office of Personnel Management("OPM") with respect to OPM's Proposed Regulation, 62 FR 40475 (dated July 29, 1997) and Final Regulation, 64 FR 36763 (dated July 8, 1999), that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

REQUEST NO. 61:

Produce any documents from the files of the Government Accounting Office ("GAO") with respect to the GAO Report entitled "Federal Civilian Personnel: Cost of Lump-Sum Annual Leave Payments to Employees Separating From Government (Letter Report, 05/29/97, GAO/GGD-97-100), that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

REQUEST No. 62:

Produce all documents from the files of the VA with respect to OPM's Proposed Regulation, 62 FR 40475 (dated

July 29, 1997), OPM's Final Regulation, 64 FR 36763 (dated July 8, 1999), and the GAO Report entitled "Federal Civilian Personnel: Cost of Lump-Sum Annual Leave Payments to Employees Separating From Government (Letter Report, 05/29/97, GAO/GGD-97-100) that describe the VA's then-existing policies and/or pay practices as to the computation and payment of lump-sum payments for unused annual leave applicable to the period from April 7, 1993 to the date of the relevant document.

Date: January 31, 2008

s/ Ira M. Lechner
Ira M. Lechner
19811-4th Pl.
Escondido, CA 92029
(858) 864-2258
Fax (760) 839-5755
Counsel for Plaintiffs