# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**ROBERT ATHEY, et al.,**

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

**Case No. 99-2051C**

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES UPON DEFENDANT**

(Senior Judge Smith)

Pursuant to Rule 33(a) of the Rules of this Court ("RCFC"), and consistent with the principles of RCFC 26(b) (2), plaintiffs hereby move for leave to serve ten (10) additional interrogatories upon Defendant in the above-captioned matter.

**I. Introduction**

The history of this discovery dispute is as follows:

On January 22, 2008, the Court issued its Order setting the discovery schedule. On January 31, 2008, Plaintiffs served Defendant with twenty (20) interrogatories. On May 22, 2008, Defendant served Plaintiffs with Defendant's Responses to Plaintiffs' First Set of Interrogatories.

Defendant refused to answer 10 of the 20 interrogatories for a variety of reasons, such as "overbroad and unduly burdensome", "vague and ambiguous", and that the Plaintiffs did not define to the satisfaction of Defendant the following words and phrases: "consistently", "nurses", "immediately prior to his or her retirement, separation, or death", and "[pay] that such employees

were paid regularly immediately preceding their retirement, separation, or death" in addition to other objections and alleged privileges based on the subject matter of the particular interrogatory.

On June 9, 2008, Plaintiffs' counsel telephoned Defendant's counsel to discuss the reasons for Defendant's refusal to answer fifty percent of the interrogatories propounded by Plaintiffs and to see if some compromises could be reached between the parties. Plaintiffs' counsel initiated the conversation in compliance with the requirement of RCFC 37 (a)(2) that a party who intends to move to compel disclosure must certify that it "has in good faith conferred…with the party not making disclosure in an effort to secure the disclosure without court action". After an extensive conversation, Plaintiffs' counsel offered to revise and re-characterize the unanswered interrogatories in order to attempt to satisfy Defendant's counsel's objections, although the term "nurses" is used routinely in VA Regulations and was defined in the First Set of Interrogatories, and the word "consistently" is defined in the dictionary. Plaintiffs' counsel said that he would amend the definitions to the best of his ability in order to even more specifically define the terminology. Moreover, Plaintiffs' counsel stated that the 10 unanswered interrogatories would be reworked and replaced in an attempt to "secure the disclosure without court action".

Thereafter, on June 16, 2008, Plaintiffs served Defendant with fifteen (15) revised interrogatories numbered 1R to 15R, contained in a document entitled "PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES TO CLARIFY DEFENDANT'S OBJECTIONS TO ANSWER CERTAIN INTERROGATIES" (attached hereto as Plaintiffs' Exhibit 1). Plaintiffs made it clear that these were "revised' interrogatories. In so doing, Plaintiffs took particular care to limit themselves to a total of 25 interrogatories in that the 15

revised interrogatories were intended to replace the 10 interrogatories of the first set of 20 interrogatories that Defendant refused to answer.

On July 14, 2008, Defendant served Plaintiffs' counsel with DEFENDANT'S RESPONSES TO PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES. Defendant refused to answer Interrogatories 1R and 3R on the same grounds of legal insufficiency as it refused to answer Interrogatory No. 1 in its Responses to the First Set of Interrogatories. Defendant answered Interrogatories 2R, 4R, and 5R, but then it refused to answer the next ten (10) interrogatories (Interrogatories 6R to, and including, 15R) "because plaintiffs have exceeded the limit on the number of interrogatories set forth in the Court's rules. With this interrogatory and the following interrogatories, plaintiffs have propounded ten more interrogatories than are permitted under Rule 33(a) of the Rules of the United States Court of Federal Claims ('RCFC')". Thus, the net effect of Plaintiffs' good faith gesture in propounding 15 replacement interrogatories in order to "secure disclosure without court action" actually resulted in Defendant's refusal to answer 12 of the 15 newly revised interrogatories.

**II. Leave to Alter Limits on the Number of Interrogatories Should be Ordered**

Plaintiffs have attempted to abide by the letter as well as the spirit of RCFC 33(a). To remain consistent with the principles of RCFC 26(b) (2), Plaintiffs replaced the 10 interrogatories that Defendant refused to answer with 15 revised interrogatories for a total of 25 interrogatories. Plaintiffs made these changes after conferring in good faith with Defendant's counsel. The telephone conversation with Defendant's counsel took 38 minutes. Defendant's counsel did not indicate in any way that Defendant would raise an objection that Plaintiffs had exceeded the 25 interrogatory limits if Plaintiffs propounded revised interrogatories to replace the 10 interrogatories that Defendant refused to answer.

Defendant is "playing games" with the discovery rules. As matters now stand after six months since the Court set the discovery schedule, Defendant has refused to answer 12 of the 25 interrogatories propounded by Plaintiffs (not counting the 10 interrogatories originally unanswered). In addition, Defendant has refused to produce any documents in response to sixty-two (62) requests for production of documents without an overly broad protective order that the Court will consider shortly. But, even if such a protective order were put in place, Defendant refuses to produce documents in response to forty-five (45) of the sixty-two (62) requests for production. Plaintiffs have propounded interrogatories and requested the production of documents in order potentially to minimize the taking of an extensive number of depositions. This is a major case involving the second largest federal agency that will affect tens of thousands of retired nurses and other VA personnel.

Despite the effort by Plaintiffs' counsel to attempt to find common ground as to the 10 unanswered interrogatories, Defendant sat back, allowed Plaintiffs' counsel to propound additional interrogatories, and then raised a spurious objection as to the limits of interrogatories in order to avoid responding to Interrogatories 6R to 15R.

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee note (1983 amend.)( citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ( "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.")). This Court has observed Plaintiffs' counsel's conduct as a litigator for many years in *Archuleta et al. v. United States* and other cases. Plaintiffs' counsel prides himself on reaching accommodations with opposing counsel, honoring the principle that "sharp" practice which relies on raising overly technical procedural objections that are not based on reason is self-defeating, violates the underlying purpose of

discovery, and merely prolongs the litigation unnecessarily. It is the experience of Plaintiffs' counsel in this and other federal courts that practitioners routinely understand that when one party seeks to revise and replace interrogatories to which the other party has an objection, the replacement interrogatories do not count as "additional" interrogatories as long as the requesting party adheres to the total limit prescribed by the rules. Or, practitioners routinely agree by "written stipulation" pursuant to RCFC 33 (a) to extend the 25 interrogatory limits to cover the replacement interrogatories "in an effort to secure the disclosure without court action". In this instance, Defendant took neither course. Plaintiffs respectfully submit that they did not exceed the 25 interrogatory limits in that Plaintiffs replaced the 10 unanswered interrogatories with 15 revised ones for a total of 25 interrogatories.

Plaintiffs could file a motion to compel, or a motion for leave to serve additional interrogatories. A motion to compel Defendant to respond to the 10 interrogatories without regard to the 25 interrogatory limit at this point in time probably serves no useful purpose because, based on Defendant's objections to the original 10 unanswered interrogatories, Plaintiffs anticipate that Defendant will respond, but will still refuse to answer at least some of the revised interrogatories on grounds other than the 25 interrogatory limit. Thus, Plaintiffs will be required to file still another motion to compel substantive answers. Instead, Plaintiffs have opted for a simpler course of action by seeking leave of the Court to propound 10 additional interrogatories which, if granted promptly by the Court within its broad discretionary power pursuant to RCFC 33(a), would serve to reject Defendant's refusal to answer based on the 25 interrogatory limit and would avert a more convoluted procedural contest occasioned by a full-blown motion to compel.

Wherefore, Plaintiffs respectfully move that the Court grant leave to Plaintiffs to serve Defendant within three days with ten (10) additional interrogatories.

Moreover, Plaintiffs respectfully move that the Court postpone Plaintiffs' scheduled filing of a Motion to Compel Defendant to Answer Interrogatories and Plaintiffs' Motion to Compel Requests for Production of Documents until after Defendant responds to the ten (10) additional interrogatories and until after the Court rules on Defendant's Motion for Protective Order. Plaintiffs suggest that dealing with all of Defendant's various refusals to answer and to produce documents at one time would be more efficient and produce a more uniform result that could be applied to the litigation going forward.

For these reasons, Plaintiffs respectfully request that the Court grant this motion for leave to serve additional interrogatories and to postpone Plaintiffs' filing of a motion to compel.

Dated: July 31, 2008

Respectfully Submitted,

s/Ira M. Lechner

Ira M. Lechner
Counsel for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258