# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ROBERT ATHEY, et al.,**<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>**DEFENDANT.** | **Case No. 99-2051C**<br><br>**PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES**<br><br>**(SENIOR JUDGE SMITH)** |

**PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES TO CLARIFY DEFENDANT'S OBJECTIONS TO ANSWER CERTAIN INTERROGATIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that defendant answer under oath the following interrogatories and serve its answers upon the undersigned within (30) days of service of these interrogatories.

Defendant has the duty to supplement its responses at such times and to the extent required by Rule 26(e) of the Rules of the United States Court of Federal Claims.

**DEFINITIONS AND INSTRUCTIONS**

In answering these interrogatories, defendant is required to furnish all information that is available to it, including information in the possession of defendant's attorney(s) or investigator(s) or anyone employed on defendant's behalf. If defendant cannot answer in full, after exercising due diligence to secure the information to

do so, so state, and answer to the extent possible, specifying the inability to answer the remainder, and stating whatever information or knowledge defendant has concerning the unanswered portions.

A. The term "Employee" or "Employees" refers to and means non-military individuals employed by the Department of Veterans Affairs who are defined as an "employee" under 5 U.S.C. 2105, including individuals appointed under authority of 38 U.S.C., chapter 73 and 74, and the term "VA" means the Department of Veterans Affairs including the "VHA".

B. The term "lump-sum payment" refers to, and is defined as, the payment of a lump-sum for unused, accumulated and accrued annual leave under 5 U.S.C. 5551 and 5552.

C. The term "lump-sum leave period" refers to, and is defined as, the number of hours of unused, accumulated and accrued annual leave to the credit of an employee ("annual leave balance") upon his or her retirement, separation, or death, projected forward from the date of retirement, separation, or death, as if the employee remained in the service of the VA for that period of time.

D. The term "pay" refers to, and is defined as, the greatest of the following rates of pay:

(1) An employee's rate of basic pay;

(2) A locality rate of pay under subpart F of part 531 of 5 CFR or similar provision of law;

(3) A special law enforcement adjusted rate of pay;

(4) A continued rate of pay.

E. During the entire period from April 7, 1993 to the present time, the term “pay adjustments or increases” refers to, and is defined as: (1) “ANY STATUTORY ADJUSTMENTS OR ANY GENERAL SYSTEM-WIDE INCREASES IN PAY THAT BECAME EFFECTIVE DURING THE LUMP-SUM LEAVE PERIOD”, **including increases in the rate of pay paid to Registered Nurses under the “VA’s nurse locality pay system (LPS)” as a result of adjustments to the LPS schedule that became effective during the lump-sum leave period,** and (2) special or ”heightened” rates of pay identified in Paragraph 3 of Plaintiffs’ Fourth Amended Complaint that became effective during the lump-sum leave period. THE TERMS IN QUOTATION MARKS HAVE THE SAME MEANING AS THOSE IN APPENDIX B, VA HANDBOOK 5007, PART IV, DATED APRIL 15, 2002;

F. The term “field office” refers to, and is defined as, a Medical Center, an independent outpatient clinic, or an independent domiciliary facility. For the purpose of

these Interrogatories, the term "field office" also specifically includes the VA payroll department or office at VA Headquarters in Washington, D.C. as well as the data processing center in Austin, Texas, and the DFAS office(s) which administer VA payroll matters.

G. **The terms "Registered Nurses" and "nurses" means Registered Nurses and graduate nurses as defined by 38 U.S.C. 7402(b)(3). The terms "Registered Nurses" and "nurses" do not include licensed practical nurses ("LPNs"), or licensed vocational nurses ("LVNs").**

H. The term "prevailing rate employee" means an employee whose pay is fixed and adjusted from time to time in accordance with prevailing rates under section 5343 or 5349 of title 5, or by a wage board or similar administrative authority serving the same purpose, as defined by 5 U.S.C. 5544 (a).

I. At Defendant's option, Defendant is to respond to any of the Interrogatories contained herein that request information with respect to the process or procedure utilized by the approximately 200 VA field offices by inquiry of the person or persons

who is currently employed by the VA who is most knowledgeable of VA pay procedures and/or practices at each of the approximately 200 VA field offices, or by review of VA "documents" **other than review of earnings and leave statements issued to employees who retired, separated, or died.**

J. The term "documents" is intended to be interpreted in its broadest sense, including but not limited to any kind of written, typewritten, electronic, printed or recorded material whatsoever, including but not limited to all electronically stored information (hereinafter referred to as "ESI"), any notes, memoranda, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, e-mail, books, reports, summaries, policies, procedures, manuals, handbooks, minutes, logs, communications, certificates, contracts, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions of recordings, information retrievable from computers, photographs, pictures, diagrams, drawings, microfilm, invoices, bills, receipts, requests or any other writing, however produced or reproduced, and further includes,

without limitation, all originals, all file copies and all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody and/or control of Defendants, or their agents, attorneys, and/or any other persons who may act on their behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Plaintiff no later than the date upon which such production is due.

K. The term "hybrid" or "hybrids" means persons appointed under the authority of 38 U.S.C. chapter 74 who were designated as "hybrid" employees; included within this category are certified or registered respiratory therapists, licensed physical therapists, licensed practical nurses and licensed vocational nurses ("LPNs" and "LVNs"), pharmacists, and occupational therapists who were employed by the VHA between April 7, 1993 to the present time, and Audiologists, Speech Pathologists, Audiologist-Speech Pathologists, Biomedical Engineers, Dietitians, Medical Instrument Technicians,

Medical Records Administrators or Specialists, Medical Records Technicians, Medical or Dental Technologists, Nuclear Medicine Technologists, Occupational Therapy Assistants, Kinesiotherapists, Orthotist-Prosthetists, Pharmacy Technicians, Physical Therapy Assistants, Prosthetic Representatives, Psychologists, Diagnostic Radiologic Technicians, Therapeutic Radiologic Technicians, Social Workers, Dental Hygienists, Dental Assistants, Marriage and/or Family Therapists, Licensed Professional Mental Health Counselors, Blind Rehabilitation Specialists, or Blind Rehabilitation Outpatient Specialists who were employed at the VHA between November 30, 2004 until the present time.

**L. The term "separated" includes retirement, separation, or death from employment at a VA field office during the time period indicated in the Interrogatory.**

**RELEVANT TIME PERIOD**

**Unless otherwise specified within an interrogatory, this set of interrogatories relates to the separation of VA employees from and including April 7, 1993 to the present time, and seeks information that was applicable to or existed anytime from and including April 7, 1993 to the present time, which is hereafter referred to as the**

**"Relevant Period".** *If the information supplied in response to these interrogatories pertains only to a portion of the time covered within that particular timeframe, please indicate the period of time to which that information pertains.* If your response to these interrogatories is different depending on a particular time frame within the Relevant Time Period, please so indicate in your response to these interrogatories and associate the requested information with the particular time frame.

**INTERROGATORIES**

INTERROGATORY NO. 1R:

With respect to the computation and/or payment by the VA facility at Austin, Texas of lump-sum payments to VA employees, identify which of the VA field offices did not forward information to Austin, Texas of each of the types of premium pay specified in paragraphs 7, 8, 10, and 11, Appendix B, VA Handbook 5007, Part IV (dated April 15, 2002), paid to ALL such employees in the pay period immediately preceding their separation from employment at that field office?

INTERROGATORY NO. 2R:

When the VA facility in Austin, Texas computed and/or paid **supplemental** lump-sum payments to VA employees as a result of any statutory adjustments or any general system-wide increases in pay anytime from April 7, 1993 to the present time, explain the specific process or procedure by which the Austin, Texas facility determined which VA employees were eligible to receive a supplemental lump-sum

leave payment and what documents or "ESI" were used to compute the amount of the supplemental lump-sum payments?

INTERROGATORY NO.3R:

Identify which VA field offices did not forward information to Austin, Texas of ALL of the names, social security numbers, and other relevant pay information of VA employees who separated from that field office in order for the Austin facility to compute and/or pay those former employees a supplemental lump-sum leave payment during the relevant period?

INTERROGATORY NO.4R:

With reference to Defendant's Response to Plaintiffs' Request For Admission No. 43, describe with specificity the official VA forms, spreadsheets, or other documentary means of recording "tracking" information by each of the VA field offices in "manually" tracking "all such supplemental payments" during the period from April 7, 1993 to January 8,2008?

INTERROGATORY NO. 5R:

With reference to Defendant's Response to Plaintiffs' Request For Admission No.43, during the period between April 7, 1993 and January 8, 2008, in what form or format, and by what means (verbally by telephone, letters, emails, computer files, fax, memorandum, or equivalent) did each of the VA field offices transmit to the Austin, Texas facility the information as to the identity of former VA employees who should be paid a supplemental lump-sum leave payment, and the amount of such payments?

INTERROGATORY NO. 6R:

With reference to Defendant's Response to Plaintiffs' Request For Admission No.43, state whether the VA retained any form of documents or record (ESI, microfiche, paper or equivalent) of the supplemental payment information that was "manually" tracked by each VA field office, or any form of record of the transmittal of that information from each of the VA field offices to the Austin, Texas facility?

INTERROGATORY NO. 7R:

With respect to each VA employee who separated from April 7, 1993 to the present time, state whether the VA and/or the Office of Personnel Management retained any "ESI" of the following data *as of each such employee's date of separation*:(a) each such employee's salary rate;(b) each such employee's unused annual leave balance;(c) the amount of the lump-sum payment(if any) paid to each such employee;(d)the amount of any supplemental lump-sum leave payment paid to such employee (if any) subsequent to their retirement, separation, or death; and (e)the date of each such employee's separation?

INTERROGATORY NO.8R:

With respect to lump-sum payments paid to VHA employees anytime from April 15, 2002 to, and including, January 8, 2008, state whether ALL supplemental lump-sum leave payments "were tracked at VA field offices manually" by the same processes or procedures that were utilized by VA field offices from April 7, 1993 to, and including, April 14, 2002 in tracking and monitoring supplemental lump-sum

leave payments?

INTERROGATORY No.9R:

In computing supplemental lump-sum payments that were paid to employees who separated anytime from January 9, 2008 to the present time, describe with specificity the process or procedure of monitoring and tracking "each issued lump-sum payment to generate a supplemental payment in the event that any statutory increases became effective after the employee retired", separated, or died?

INTERROGATORY NO. 10R:

State the **total number** of General Schedule ("GS") employees (including "hybrid" employees) who retired, separated, or died during the months of November and December in the six (6) years from, and including, 2002 to, and including, 2007.

INTERROGATORY NO. 11R:

State the **total number** of Registered Nurses who retired, separated, or died from September 1 to, and including, December 31 in the period from, and including, 2002 to, and including, 2007.

INTERROGATORY NO. 12R:

Identify the **total number** of SES employees who retired, separated, or died during the period from May 1, 2003 to the present time.

INTERROGATORY NO. 13R:

State whether the VA included any applicable adjustments in rates that became effective during the lump-sum leave period of prevailing rate employees who retired,

separated, or died during the relevant period?

INTERROGATORY NO.14R:

With reference to Defendant's Response to Plaintiffs' Request for Interrogatory No. 6, state whether DFAS "used a computer system which automatically tracked an adjustment to a lump-sum annual leave payment that might have been necessitated by a subsequent pay adjustment that became effective during the lump-sum leave period of a separated [VA] employee"?

INTERROGATORY NO.15R:

With reference to Defendant's Response to Plaintiffs' Request For Interrogatory No.6, clarify (if any) whether the VA **possessed, but opted not to use for that purpose,** a computer system which had the "ESI" to track adjustments to lump-sum payments automatically in order to generate supplemental lump-sum leave payments to former employees "necessitated by a subsequent pay adjustment that became effective during the lump-sum period of a separated employee" from April 7, 1993 through January 8, 2008, with Defendant's response that "no VA payroll station **used" such a computer system** to automatically track "an adjustment to a lump-sum annual leave payment that might have been necessitated by a subsequent pay adjustment that became effective during the lump-sum period of a separated employee".

Dated: June 16, 2008

Submitted,

s/ Ira M. Lechner

Ira M. Lechner
Counsel for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258