# In the United States Court of Federal Claims

Case Number 99-2051C
FOR PUBLICATION
Filed:  January 30, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | * | |
| **ROBERT A. ATHEY ET AL.**, | * | 5 U.S.C. § 5596, The Back Pay Act; |
| | * | 5 U.S.C. §§ 5551-5552, lump-sum |
| *Plaintiff,* | * | payment statutes; RCFC 12(b)(1), |
| | * | RCFC 12(b)(6); *Wallace v. Office of* |
| | * | *Personnel Management*, 283 F.3d |
| v. | * | 1360 (Fed. Cir. 2002); *Muniz v.* |
| | * | *United States*, 972 F.2d 1304 |
| **THE UNITED STATES**, | * | (Fed. Cir. 1992) |
| | * | |
| *Defendant*. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Ira M. Lechner*, Class Counsel and Attorney for Plaintiffs.

*Sharon A. Snyder*, Trial Attorney, with whom were *Jeanne E. Davidson,* Director, *Todd M. Hughes*, Deputy Director, and   *Tony West,* Assistant Attorney General, Commercial Litigation Branch, Department of Justice, Washington, D.C. and *Patricia Smith*, Office of General Counsel, U.S. Department of Veterans Affairs, Washington, D.C., for Defendant.

## OPINION AND ORDER

**SMITH, Senior Judge.**

Before the Court is Defendant's Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and in the alternative, for failure to state a claim upon which relief can be granted.  Plaintiffs, former employees of the Department of Veterans Affairs ("VA"), seek correction of their accrued and accumulated lump-sum annual leave payments, interest on those payments, and attorneys' fees, pursuant to 5 U.S.C. § 5596, the Back Pay Act, 5 U.S.C. §§ 5551-5552 and the Tucker Act 28 U.S.C. § 1346(a).  Defendant argues that the Court lacks subject matter jurisdiction because the Back Pay Act is not a money-mandating statute. The Defendant also argues that the Plaintiffs do

1

not come within the Back Pay Act's definition of "employee" nor does interest fall within the definition of "pay" and therefore, the case must be dismissed. For the reasons set forth below, the Court hereby rejects Defendant's arguments, and **DENIES** Defendant's Motion.

### Relevant Facts

Plaintiffs are former employees of the VA and bring this class action case on behalf of themselves and similarly situated employees. Plaintiffs claim that when they retired or separated from Federal service beginning April 3, 1993, the VA did not include the required pay in their lump-sum payments to which they were entitled under 5 U.S.C. §§ 5551-5552 and 5 U.S.C. § 5596.  Am. Compl. ¶¶ 1-2.  Under the lump-sum payment statute, 5 U.S.C. §§ 5551-5552, when an employee as defined by 5 U.S.C. § 2105 separates from the service, they are "entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave to which he [or she] is entitled by statute." 5 U.S.C. §5551(a).  The lump-sum payment must equal the pay the employee would have received had he or she worked their regular and customary scheduled hours until expiration of the period of the annual or vacation leave expired.  *Id.*

Plaintiffs claim that their lump-sum payment should have included various forms of additional or premium pay as well as a supplemental payment for any pay adjustments that would have become effective had they remained in service for the period of their unused annual leave. Am. Compl. ¶¶ 18-21.  The computation of the lump-sum payment, Plaintiffs claim also did not include an amount equal to the Sunday pay which they regularly and customarily received immediately prior to the date the employee became eligible for a lump-sum payment. Am. Compl. ¶ 2.

Plaintiffs assert that the Court has jurisdiction over their claims pursuant to 28 U.S.C. §1346(a)(2) (the Tucker Act); 5 U.S.C. § 5596 (the Back Pay Act); and 28 U.S.C. § 2501 (statute of limitations). Am. Compl. ¶ 5. Plaintiffs seek recovery in the form of back pay, interest, and attorneys' fees pursuant to 5 U.S.C. §§ 5551-5552 (Lump-Sum Payment) and 5 U.S.C. § 5596 (Back Pay Act).

### Standard of Review

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the Plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). In addition, in a motion for a dismissal on the basis of subject-matter, the non-moving party bears the burden of establishing jurisdiction.  *Meyers v. United States*, 50 Fed. Cl. 674, 680 (2001).  Pursuant to RCFC 12(b)(6), the court may dismiss a complaint if as a matter of law, it fails to state a claim upon which relief can be granted. This type of motion is appropriate when the facts asserted by the claimant do not under law entitle him to a remedy.  *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1977).

**<u>Discussion</u>**

**A.  Does The Back Pay Act, Pled in Conjunction with the Lump-Sum Payment Statutes, Give this Court Jurisdiction to Hear Plaintiffs' Claims?**

Contrary to the Plaintiffs assertions, the Defendant argues that the Complaint must be dismissed because the Plaintiffs have failed to plead under any money-mandating provision or statute that would provide this Court with jurisdiction.  The Defendant argues that Plaintiffs pled jurisdiction solely under the Back Pay Act and the Tucker Act, and that the statutes do not provide this Court with subject matter jurisdiction or provide for monetary relief. Defendant relies on *Sacco v. United States*, 63 Fed. Cl. 424, 428 (2004) (citing *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) which held that the Back Pay Act, "does not, itself, provide a statutory basis for invoking this Court's jurisdiction."  Instead, "[t]he Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute." *Connolly*, 716 F.2d at 887. Thus, in order for this Court to have jurisdiction over a Back Pay Act violation, Defendant argues that "some provision of law other than the Back Pay Act must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action." *Sacco,* 63 Fed. Cl. at 428.  Thus, Defendant concludes that Plaintiffs' claims must be dismissed as the Back Pay Act alone does not provide any statutory basis for subject matter jurisdiction.

However, the Court holds that Plaintiffs have adequately pled 5 U.S.C. §§ 5551-5552, the lump-sum payment statutes, in conjunction with the Back Pay Act.  *See* Am. Compl. ¶¶ 3-9. These statutes together, allow for a money-mandating cause of action under this Court's subject matter jurisdiction.  The lump-sum payment statutes are money-mandating statutes that provide separated federal employees accumulated annual pay when entitled by law.  *United States v. Mitchell*, 463 U.S. 206, 216-18 (1983); *see also Hall v. United States*, 617 F.3d 1313, 1318 (Fed. Cir. 2010).  In so much as these laws are money-mandating, they are statutes that are also covered by the Tucker Act which waives sovereign immunity giving citizens the right to bring the claim.  Of course, the claim must be based on a money mandating provision of a stuate or, of course, a contract. This gives the Court its jurisdiction to hear such claims. 28 U.S.C. § 1491. Therefore, when pled together, the Back Pay Act and the lump-sum payment statutes provide this Court with jurisdiction to hear the Plaintiffs' claims. *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999) (finding that in order to "fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages" and "[t]he Back Pay Act is such a "money-mandating" statute when based on violations of statutes or regulations covered by the Tucker Act). Having found jurisdiction, the Court now turns to whether Plaintiffs claims survive Defendants 12(b)(6) motion to dismiss.

**B.  Do the Plaintiffs' Claims Fit Within the Definitions of "Pay" and "Employee"?**

For several reasons discussed *infra*, Defendant contends that Plaintiffs cannot satisfy the meaning of the terms "employee" and "pay" as defined under the Back Pay Act, 5 U.S.C. § 2105 (a) (1)-(3); the Office of Personnel Management ("OPM") regulations, 5 C.F.R. § 555.803 and as

interpreted in *Wallace v. Office of Personnel Management*, 283 F.3d 1360 (Fed. Cir. 2002). Therefore, Defendant asserts that Plaintiffs are not entitled to interest under the Back Pay Act on their lump-sum payment, and the claim should be dismissed under 12(b)(6).

The Back Pay Act provides that

"[a]n employee of an agency who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority . . . to have been affected by an unjustified or unwarranted personnel action which had resulted in the withdrawal or reduction of all or part of the pay, allowances, or differential of the employee . . . is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—an amount equal to all or any part of the pay, allowances, or differentials, as applicable," plus reasonable attorneys' fees and interest.

5 U.S.C. § 5596(b)(1)-(2).

The Court notes that the Back Pay Act enumerates a two part test for a successful claim. First, a plaintiff must show that he or she suffered an unjustified personnel action against them. Second a plaintiff must demonstrate that the action resulted in a withdrawal or reduction in all or part of the *employee's pay*, allowances, or differentials. *Donovan v. United States*, 580 F.2d 1203, 1206-07 (3d Cir. 1978) [emphasis added].

## 1. History and Definition of "Pay"

The Defendant argues that Plaintiffs claims cannot satisfy the definition of "pay" under the Back Pay Act and OPM's current accompanying regulations. OPM's regulations, promulgated in 1999, modified the old regulations to exclude lump-sum payments from coverage under the Back Pay Act. However, the Defendant relies on the revised regulations, which took effect January 10, 2000, in error. As the Plaintiffs claims accrued and vested beginning in April 1993, the Court must address the claim under the controlling regulations prior to the 1999 revisions.

Congress authorized OPM to "prescribe regulations to carry out" the Back Pay Act. 5 U.S.C. § 5596(c). In accordance with that authority, in December 1981, OPM promulgated regulations interpreting the Back Pay Act and authorizing the payment of back pay, mandatory pre-judgment interest and reasonable attorney fees "for the purpose of making an employee financial whole." *See* 5 C.F.R. 550.801 (1981); 46 Fed. Reg. 58271 (Dec. 1, 1981). The 1981 OPM regulation defined "pay" broadly as "monetary and employment benefits to which an employee is entitled by statute or regulation by virtue of the performance of a Federal function." *Id.* The comments elaborated that "benefits received under the Federal employee health benefits and group life insurance programs prior to retirement are employment benefits to which a covered employee is entitled by virtue of the performance of a Federal function." It is of significance that while lump-sum payments were included, retirement benefits were not actionable under the Back Pay Act's 1981 regulations. 46 Fed. Reg. 58271-02 (1981).

In November 1998, OPM published proposed changes to pay administration regulations and policies regarding the Back Pay Act. 63 Fed. Reg. 64880-64895 (Nov. 24, 1998).  OPM's 1999 regulations modified the definition of "pay" to explicitly exclude lump-sum payments for unused annual leave, "post-separation" retirement benefits and severance pay from the coverage of the Back Pay Act.  The proposed change to the definition of "pay, allowance, and differential" was adopted and became effective January 10, 2000. 64 Fed. Reg 69165.[1]

While OPM's 1999 regulations modify the definition of "pay," retroactivity in rulemaking is impermissible unless Congress expressly authorizes such retroactivity. *See*, *Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 208 (1988); *Landgraf v. USI Film Products*, 511 U.S. 244, 255-57 (1994).  The 1981 OPM definition of "pay" stands as the controlling regulation from April 7, 1993, through the accrual and vesting of all the Plaintiffs claims.  As the revised regulatory language was promulgated over six years after the accrual of the Plaintiffs claims, the Court holds that the revised definitions are inapplicable to this case. Neither the 1981 OPM regulation, nor the OPM commentary which accompanied it, excluded lump-sum payments for unused annual leave from the Back Pay Act. The definition of "pay, allowances and differentials" pertained to lump-sum payments that accrued "by virtue of the performance of a federal function." Accordingly, the Plaintiffs claims for compensation fall within the applicable statutory and regulatory definitions of "pay."

## 2.  History and Definition of "Employee"

Under the Back Pay Act, "employee" is defined as " . . . an officer and individual who is (1) appointed in the civil services . . .  (2) engaged in the performance of a Federal function under authority of law . . . (3) subject to the supervision of an individual named by paragraph (1)." 5 U.S.C. § 2105(a)(1)-(3). All three elements of the statute must be met for an individual to qualify as a federal employee. *Ainslei v. United States*, 355 F.3d 1371, 1374-75 (Fed. Cir. 2004). Under OPM's 1981 regulations, "employee" includes both current and former employees of an agency.  46 Fed. Reg. 58271-02.[2]

The Defendant contends that the lump-sum payments are made "post-separation" and, therefore, the Plaintiffs do not qualify as "employees" under the Back Pay Act. The Defendant argues that these "post-separation" payments are similar to retirement annuity payments which the Federal Circuit held were not entitled to pre-judgment interest. *Wallace v. Office of Personnel Mangament*, 283 F.3d 1360 (Fed. Cir. 2002).  In *Wallace*, the Plaintiff retired from

---

[1] OPM revisions provided that pay meant: "Pay, allowances and differentials means pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation. . . .  Monetary benefits payable to separated or retired employees based upon a separation from service, such as retirement benefits, severance payments and lump-sum payments for annual leave, are not covered." 63 Fed. Reg 64880, 64891 (Nov. 24, 1998).

[2] Even under the regulations which were promulgated after the vesting of the Plaintiffs claims in this case, OPM's definition dictates that "Employee means an employee of an agency. When the term employee is used to describe an individual who is making a back pay claim, it also may mean a former employee." 64 FR 69165-01.

government service and brought suit two years later seeking interest on his retirement benefits under the Back Pay Act. *Id.* at 1362. In holding for the Government, the Court found that the Plaintiff was not an "employee" engaged in the performance of a Federal function and his claim was not in connection with a "period of active employment." *Id.* at 1361. The Court excluded from the definition of "employee" those that separated or retired from Federal service. *Id.* at 1362. The Defendant argues that this precedent is controlling.

However, the Defendant's reliance on *Wallace* is misplaced. In *Wallace*, the Plaintiff claimed an interest in unpaid retirement benefits that clearly vested after the employee retired and was separated from service for some time.[3] As stated, these claims did not accrue upon severance of employment and do not relate back to a time when the employee was still in active Federal service. In contrast, the Plaintiffs in this case seek back pay for a lump-sum payment, which relates to due compensation from active Federal service. This is a substantial distinction.

To support this holding, the Court turns to the statutory language of the lump-sum statute which provides that "an employee, as defined by § 2105 of this title . . . who is separated from the services, is transferred . . . or elects to receive a lump-sum . . . is entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave to which he is entitled by statute. 5 U.S.C. § 5551(a). The purpose of the legislation was to provide a mechanism to efficiently end a civilian employee's Federal service by allowing the agency to "buy back" an employee's unused annual leave upon separation.[4] There is a distinction between this lump-sum payment, or "buy back," for unused annual leave accumulated during Federal employment and post-separation payments such as retirement and severance benefits. The Comptroller General clarified the difference in 1951 providing that "as the right to lump-sum payment vests in the employee 'wherever' he 'is separated from the service,' the employee's rights become fixed as of the date of his separation and are not in any way changed by the administrative delay in accomplishing payment." 30 Comp. Gen. 513. Therefore the inevitability of payments being paid "post-separation" is of no consequence, as lump-sum payments are necessarily paid, or bought back, after the employee retires, separates or dies.

Furthermore, the reasoning articulated in *Muniz v. United States* 972 F.2d 1304 (Fed. Cir. 1992) as to the definition of "employee" is persuasive, as the facts are quite similar to the case at bar. *Muniz* involved a former federal employee's claim to correct an unjustified calculation of

[3] Even under the 1981 regulations, retirement benefits were not actionable under the Back Pay Act. OPM explained that "benefits received following retirement are not included because they are not received for the period covered by the corrective action. However, it may become necessary to adjust such benefits following the correction of an unjustified or unwarranted personnel action." 46 Fed. Reg. 58271-02 (1981).
[4] "When employees retired or otherwise left federal service, agencies commonly carried them on the payroll in a 'terminal leave' status until they had exhausted all unused annual leave." In order to a civilian employees' eligibility for military service during World War II, the act extended "agencies' authority to buy back a separating employee's accumulated, unused annual leave." U.S. Gov't Accountability Office, GAO/GGD-97-100, Federal Civilian Personnel: Cost of Lump-Sum Annual Leave Payments to Employees Separating from Government, at 2 (May 29, 1997).

his lump-sum payment for unused annual leave.  The issue before the court regarded whether the plaintiffs claim regarding lump-sum payments *arose* when he was a Federal employee. The Federal Circuit held that payment for earned, accrued and unused annual leave vests during an employee's Federal service. Therefore, the court held that Mr. Muniz's claim regarding lump-sum payments arose during employment because the lump-sum was due upon severance and based on the rights accrued while in active employment.  *Id.* at 1332.  The Court agrees with the holding of *Muniz*; the employee's claim for a lump-sum payment does not depend on whether the claim is *made* when the employee is active, but rather on when his or her claim *arose*.

Therefore, under the definition in *Muniz* and the Back Pay Act, the Plaintiffs qualify as "employees" because their claims arose during Federal service. Even if the Court were to rely solely on *Wallace*, the case articulates the same legal test as *Muniz*. Regardless of the factual distinctions, both cases ask whether the employee's claim arose during Federal employment and whether the claim was in connection with that period of employment.  Although the *Wallace* court found the Back Pay Act inapplicable, it was not because the court in *Wallace* looked at the test differently than in *Muniz*, but rather because facts in *Wallace* related to retirement which favors dismissal.  The Court does not deny that the facts in *Wallace* lead to a dismissal of the Plaintiffs claims. However, the holding in that case should be limited to an analysis of retirement benefits, which undoubtedly vested after the Plaintiffs separated for some time and did not relate to their period of employment.  Here, the Plaintiffs claims arose during Federal employment and fall within the definitions of "employees" and "pay" under the Back Pay Act, 5 U.S.C. § 2105 (a)(1)-(3); the Office of Personnel Management ("OPM") regulations, 5 C.F.R. § 555.803 and as interpreted in *Wallace v. Office of Personnel Management*, 283 F.3d 1360 (Fed. Cir. 2002). There is no conflict between *Wallace* and *Muniz*.

## Conclusion

The Court holds that the Plaintiffs have properly pled 5 U.S.C. § 5596, (the Back Pay Act) in conjunction with 5 U.S.C. §§ 5551-5552, (lump sum payment statutes) which gives this Court proper and sufficient jurisdiction to hear the Plaintiffs claims.  Further, the Court holds that within the Back Pay Act itself, the Plaintiffs claims adequately fall within the defined terms of "employee" and "pay."  Accordingly, both the Defendant's RCFC 12(b)(1) and 12(b)(6) motions are denied.

**IT IS SO ORDERED.**

s/Loren A. Smith
Loren A. Smith
Senior Judge