# In the United States Court of Federal Claims

No. 99-2051 C
(E-Filed: June 28, 2017)

| | |
|---|---|
| ROBERT M. ATHEY, et al., | ) |
| | ) |
| Plaintiffs, | ) Approval of Settlement Agreement; |
| | ) RCFC 23(e); Class Action; Lump-Sum |
| v. | ) Payment; 5 U.S.C. §§ 5551-5552 |
| | ) (2012); Separation from Service; Back |
| THE UNITED STATES, | ) Pay Act; 5 U.S.C. § 5596 (2012) |
| | ) |
| Defendant. | ) |
| | ) |

Ira M. Lechner, Washington, DC, for plaintiffs.

Hillary A. Stern, Senior Trial Counsel, with whom were Chad A. Readler, Assistant
Attorney General, Robert E. Kirschman, Director, and Reginald T. Blades, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, DC, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

Before the court is plaintiffs' unopposed motion for approval of the parties'
proposed settlement agreement. Pls.' Mot. for Settlement, ECF No. 285. Upon review of
the proposed settlement agreement, and for the reasons stated below, the court **GRANTS**
plaintiffs' motion.

## I.      Background

This case is an offshoot from Archuleta v. United States, Case No. 99-205 C, a
separate class action brought before this court on behalf of former federal employees who
similarly alleged the miscalculation of their lump-sum payments for accrued and
accumulated annual leave that was not used prior to their separation from federal service.
See Def.'s Resp. on Pls.' Mot. PSJ (Def.'s Resp.), ECF No. 204. 3; Def.'s Mot. Strike 2d
Am. Compl., ECF No. 8, at 1-2 (providing history of Archuleta), denied by Order, Dec.
12, 2006, ECF No. 14. That action concluded with a settlement for the employees of

seventeen federal agencies and, pursuant to the settlement terms, the court severed employees of the Department of Veterans Affairs (VA) from the suit without prejudice. <u>See</u> Def.'s Resp. at 3 & n.7; Def.'s Mot. Strike 2d Am. Compl. at 1-2. The VA employees refiled their claims as a class action and brought this case. <u>See</u> Am. Compl., June 21, 2006, ECF. No. 2. Of note, a third class action is pending as well on behalf of the balance of employees of other federal entities—that do not include either the VA or the seventeen agencies that settled in <u>Archuleta</u>. <u>See</u> <u>Kandel, et al. v. United States</u>, Case No. 06-872 (originally styled <u>Solow, et al. v. United States</u>).

On June 21, 2006, plaintiffs filed their initial class action complaint for money damages. <u>See</u> ECF No. 2. Therein, plaintiffs alleged that their lump-sum payments for unused annual leave improperly omitted cost of living increases (COLAs), locality pay adjustments, Sunday premium pay, night premium pay, or weekend additional pay to which they allegedly were entitled, pursuant to the lump-sum pay statute, 5 U.S.C. § 5551. They also sought interest and attorney fees, pursuant to the Back Pay Act, 5 U.S.C. § 5596. <u>Id</u>. To date, the following opinions have been issued in this matter.

   A. <u>August 23, 2007</u> - Amended Opinion and Order – Plaintiffs' Not Entitled to Night Premium Pay or Weekend Additional Pay and Sunday Pay on or before October 1, 1997

On December 22, 2006, plaintiffs filed their third amended complaint by leave of the court identifying additional plaintiffs in this matter. <u>See</u> 3d Am. Compl., ECF No. 16-2. On February 9, 2007, defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> Def.'s Mot. to Dismiss, ECF No. 24. Defendant's motion was fully briefed on June 6, 2007. For the reasons set forth therein, the court's August 23, 2007 opinion denied defendant's motion to dismiss in part as to RCFC 12(b)(1) and granted in part as to 12(b)(6). More specifically, the court "dismissed with prejudice those claims set forth in Plaintiffs' Third Amended complaint paragraph 2, subsections (4), (5), (6) and (9) pursuant to RCFC 12(b)(6)." Am. Op. 9, ECF No. 42. The court further partially grant[ed] Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint paragraph 2 subsections (2) and (3) in accordance with the opinion." <u>Id</u>. The pertinent part of the third amended complaint, reads as follows:

   (2) non-overtime Sunday premium pay under § 5546(a) of title 5 for title 5 employees prior to fiscal 1999; (3) Sunday 'additional pay' under § 7453(c) of title 38 for nurses prior to fiscal 1999; (4) 'additional pay' for nurses for Friday and Saturday hours between 12 p.m. Friday and 12 p.m. Saturday under 38 U.S.C. § 7453(c), and as comparably provided to physician assistants and EFDAs pursuant to 38 U.S.C. § 7454(a); (5) 'additional pay' for night, Friday and Saturday hours for individually designated 'hybrid' employees prior to January 1, 2002 pursuant to 38 U.S. C. § 7454 (b); (6)

'additional pay' for night, Friday and Saturday hours for all 'hybrid' employees pursuant to 38 U.S.C. § 7454(b) from January 1, 2002 forward to the date of Final Judgment issued by this Court;

. . . .

(9) overtime pay under 38 U.S.C.§§ 7453(e) and 7454 for nurses, physician assistants and other health care professionals.


3d Am. Compl. 2-3, ECF No. 16-2.  In sum, the court ruled that plaintiffs were <u>not</u> entitled to the inclusion of night premium pay or weekend additional pay in their lump-sum payments.  <u>See</u> Settlement Agreement, ECF No. 285-1 ¶ 3.  The court also held that plaintiffs were <u>not</u> entitled to pursue lump-sum payments that reflected Sunday pay on or after October 1, 1997.  <u>Id</u>.  The ruling did not address plaintiffs' claims for lump sums that reflected Sunday premium pay before October 1, 1997.[1]  <u>Id</u>.

> B. <u>April 28, 2014</u> – Opinion and Order as to Certain Class Members (former General Schedule employees of the VA) Finding Entitlement To Have COLAs and Locality Pay Included In Their Lump-sum Payments For Unused Annual Leave

On October 15, 2007, the court issued an order granting plaintiffs' motion to amend.  Plaintiffs' fourth amended complaint was filed on that same date.  <u>See</u> order, ECF No. 46; 4th Am. Compl., ECF No. 44-1.  In the fourth amended complaint filed in this opt-in class action brought on behalf of former employees of the VA, 4th Am. Compl. ¶¶ 1, 7, plaintiffs allege that the VA miscalculated the lump-sum payments -- for accrued and accumulated, unused annual leave -- paid to them upon their separation from federal service on or after April 7, 1993.  <u>Id</u>. at ¶¶ 1-3, 7.  Relying on the Lump-Sum Payment statute, 5 U.S.C. §§ 5551–5552 (2012), the Back Pay Act, 5 U.S.C. § 5596 (2012), and the Tucker Act, 28 U.S.C. § 1346(a)(2) (2012), plaintiffs sought to correct the underpayments and to recover prejudgment interest as well as attorneys' fees and costs.  <u>Id</u>. at ¶¶ 2-5.

On June 14, 2013, plaintiffs filed a partial motion for summary judgment, pursuant to RCFC 56, with respect to liability for supplemental lump-sum payments for unused annual leave and pre-judgment interest, pursuant to the Back Pay Act.  <u>See</u> Pls.' Pt. Mot. for Summ. J., ECF No. 198.  Plaintiffs' motion was applicable to:

---

[1]     The court has not issued judgment on this August 23, 2007 ruling and therefore shall direct the clerk of the court to do so in this opinion.

[C]ertain members of the class who filed a timely opt-in claim and had sufficient accrued unused annual leave as of the date of their separation, death or retirement [such] that he or she would have received a COLA pay increase and/or locality pay adjustment []had he [or she] remained [in] . . . service until [the] expiration of the period of annual or vacation leave[] but was not paid any supplemental lump-sum payment to reflect such pay increase as required by law.  5 U.S.C. §5551(a).  These members of the certified class were eligible to be paid an annual COLA increase and/or locality pay adjustment from 1994 to 2010 but were not paid a supplemental lump-sum payment for accrued unused annual leave.

Id. at 1-2.

The court's opinion and order issued on April 28, 2014 granting plaintiffs' motion for summary judgment in part as to certain claims of the General Schedule employees in the subject set class.  Op. & Order, ECF No. 212.  The court specifically found that these plaintiffs were entitled "to the applicable COLA and locality pay adjustments that were not included in their lump-sum payouts and that became effective during their unexpired leave periods on or after April 7, 1993 through September 20, 2010.  Id. at 13.  The court denied the motion in part as "to all non-General Schedule employees in the subset class who separated at any time in the Class Period."  Id. at 13.  In sum, the court "held that [only] class members who were former General Schedule employees of the VA were entitled to have COLAs and locality pay included in their lump-sum payment for unused annual leave."[2]  Settlement Agreement ¶ 7.  Additionally, the court's April 28, 2014 opinion and order stayed plaintiffs' motion regarding the availability of prejudgment interest under the Back Pay Act. 5 U.S.C. § 5596(a)."  Op. & Order 13.

C.  August 31, 2015 – Opinion and Order – Plaintiffs' Were Not Entitled to Interest or Attorney Fees Pursuant to the Back Pay Act

In turn, the court addressed the issue of the availability of prejudgment interest under the Back Pay Act, 5 U.S.C. § 5596(a) which had been stayed in the court's opinion and order of April 28, 2014.  On August 31, 2015, the court issued its opinion and order finding that "plaintiffs are not entitled to recover interest under the Back Pay Act for miscalculation of their lump-sum payments for annual leave."  See Op. & Order 24, ECF No. 242.  Accordingly, plaintiffs' motions for summary judgment with respect to interest

---

[2]    The court has not issued judgment on this April 28, 2014 ruling and therefore shall direct the Clerk of the Court to so in this opinion.

under the Back Pay Act were denied and defendant's motion for summary with respect to this issue was granted. [3]

      D.  Plaintiffs' Motion for Partial Summary Judgment No Longer Before The Court

On August 25, 2016, plaintiffs filed a motion for partial summary judgment arguing that 182 plaintiffs were entitled to Sunday differential premium-pay. Pls.' Mot. for Partial Summ. J., ECF No. 270. Defendant sought seven extensions of time to file a response on the grounds that the parties needed additional time to informally resolve damages. See orders, ECF Nos. 272, 274, 276, 278, 280, 282, 284.

On May 19, 2017, plaintiffs filed an unopposed motion to withdraw their motion for partial summary judgment, ECF No. 286, as well as a motion for approval of settlement seeking a final judgment in the amount of $637,347.37, ECF No. 285, which reflected the payment of damages for plaintiffs' unused annual leave. The court granted the motion to withdraw and convened a status conference in anticipation of the fairness hearing. Order, ECF No. 289.

During the status conference, defendant confirmed that it had no opposition to plaintiffs' motion for settlement. Id. The court approved plaintiffs' proposed notice to the class regarding the proposed settlement agreement and the notice was promptly made available to the class members by a posting on the class action's website maintained by the Class Administrator.

The court held a fairness hearing on June 22, 2017. No objections to the proposed settlement agreement were received prior to the hearing. Neither were any plaintiffs in attendance at the hearing.

II.    The Parties' Proposed Settlement Agreement

The parties have negotiated a settlement agreement that provides for payment "by the United States of back lump-sum pay amounting to $570,374.49 to the Class Settlement Fund ("Fund"), which represents one-hundred percent (100%) of the government's estimated exposure of back lump-sum pay as calculated by the VA, exclusive of night premium pay, weekend additional pay, interest pursuant to the Back Pay Act, and attorney fees/expenses, as well as administrative fees and expenses." Settlement Memorandum 2, ECF No. 290. In addition, the parties' proposed settlement agreement provides that the government will pay the amount of $66,972.88 for the employer's contribution of employment related taxes. The resulting payment to the Fund amounts to $637,347.37. Id.

---

[3]    The court's opinion and order of August 31, 2015 did not direct the clerk's office to enter judgment on its findings therein. Accordingly, the court shall do so now.

Payment is to be made to the Class Action Administrator who will establish an "Athey Class Settlement Trust" to hold the proceeds of the settlement until the culmination of plaintiffs' intended appeal. Id. at ¶ 12.  At such time, the Class Action Administrator will manage the distribution of proportionate shares to eligible members of the class, or their heirs, based on the amount of lump-sum pay owed to each individual as calculated by the VA from individual payroll records, exclusive of night premium pay, weekend additional pay, interest pursuant to the Back Pay Act, payment of attorneys' fees and expenses as well as administrative fees and costs incurred by the Class Action Administrator.  Id. at ¶¶ 13-19.  The Administrator shall withhold such sums as necessary to comply with State, Federal and city tax laws; shall report the taxes withheld on Forms 1099 or W-2; and shall pay such withheld funds, plus the statutory employer's contribution, to the appropriate taxing authorities.  Id. at ¶¶ 14, 19-21.  This settlement agreement was approved by the authorized representative of the United States Attorney General.  Audio Recording of Fairness Hr'g at 06:48, ECF No. 293 (Defendant's argument).

## III.   Discussion

Under Rule 23(e) of the Rules of the United States Court of Federal Claims (RCFC), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  RCFC 23(e).  The court may approve a proposed settlement "after a hearing and on finding that it is fair, reasonable, and adequate."  RCFC 23(e)(2); accord Haggart v. Woodley, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016), cert. denied, 136 S.Ct. 2509 (2016).  The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement; nor may it decide the merits of the case or resolve unsettled legal questions.  Adams v. United States, 107 Fed. Cl. 74, 75-76 (2012) (citing Evans v. Jeff D., 475 U.S. 717, 726-27 (1986); Nat'l Treasury Emps. Union v. United States, 54 Fed. Cl. 791, 797 (2002)).

While there is "no definitive list of factors that the court must apply in considering a class action settlement," courts have found the following factors "instructive" in evaluating whether a settlement agreement is "fair, reasonable, and adequate:"

1. The relative strengths of plaintiffs' case compared to the proposed settlement;

2. The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsel's representation of the class;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorney[s'] fees; and

6. The ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or private entity.

Id. (citing Sabo v. United States, 102 Fed. Cl. 619, 627 (2011)). The court has "considerable discretion" with respect to the weight it assigns to each factor based on the factual context of the case, and "settlement is always favored." Raulerson v. United States, 108 Fed. Cl. 675, 677 (2013).

The proposed settlement agreement before court is a result of a year-long arms-length deliberation between the parties and their retained experts. The proposed settlement agreement awards each class member one-hundred percent of their back lump-sum pay as calculated by the VA and reviewed by plaintiffs' expert. The court finds that the parties' extensive settlement negotiations – with the support and review of independently retained experts – do not indicate any collusive activity, preferential treatment, or other deficiencies in either the settlement process or in the proposed settlement agreement. See, e.g., Dauphin Island Prop. Owners Ass'n v. United States, 90 Fed. Cl. 95, 107 (2009) (approving a settlement that was "achieved through good-faith, non-collusive negotiation" (internal quotation marks omitted)). Accordingly, the court deems that the first two factors weigh in favor of approving the proposed settlement agreement.

On May 31, 2017, class counsel issued a notice of settlement via the class action website that was sufficient to "'provide all necessary information for any class member to become fully apprised and make any relevant decisions.'" Furlong, et al., v. United States, 131 Fed. Cl. 548, 550-1 (quoting Haggart, 809 F.3d at 1349). No objections were received from the class members, a factor that weighs strongly in favor of approval of the settlement agreement as the silence of the class members can reasonably be construed as consent. Dauphin, 90 Fed. Cl. at 105. Indeed, class counsel reported that following the

issuance of the notice, he received positive feedback from class members.  Audio Recording of Fairness Hr'g at 02:55 (Defendant's argument).  As such, the court finds that the third factor weighs strongly in favor of approving the proposed settlement agreement.

Furthermore, the fourth factor − that the proposed settlement is fair the entire class – weighs in favor of approving the proposed settlement agreement.  As explained above, there was no preferential treatment of any of the class members, and the settlement agreement provides for an award to each class member of one-hundred percent of the calculated back-pay damages.  Sabo, 102 Fed. Cl. at 629.

Because plaintiffs have stated they intend to pursue an appeal, the court will consider the matter of attorneys' fees after the completion of the appeal process.  As such, the court does not find the fifth factor to be relevant here.  Likewise, because the government has agreed to one-hundred percent payment of the calculated back-pay owed each class member, the court finds consideration of the sixth factor unnecessary.

IV.     Conclusion

The parties' proposed settlement agreement is fair, reasonable, and adequate. Accordingly, plaintiffs' motion for settlement, ECF No. 285, is **GRANTED**.  The Clerk of the Court is directed to enter **FINAL JUDGMENT**, pursuant to RCFC 58, as follows:

IT IS ORDERED AND ADJUDGED this date that the plaintiffs recover of and from the United States the sum of $637,347.37, exclusive of all interest, night premium pay, weekend additional pay, attorney fees and expenses, and fees and expenses of the Administrator (the Settlement Amount).  The Settlement Amount consists of the following: $570,374.49 in lump-sum pay; and $66,972.88 for the employer's contribution of employment related taxes.

IT IS FURTHER ORDERED AND ADJUDGED this date, pursuant to the court's August 23, 2007 ruling, ECF No. 42, that the court hereby **DENIES** Defendant's Motion to Dismiss, ECF No. 24, for lack of subject matter jurisdiction and **GRANTS** Defendant's Motion to Dismiss for failure to state a claim on which relief may be granted.  Therefore, the court hereby **DISMISSES with prejudice** those claims set forth in Plaintiffs' Third Amended Complaint, ECF No. 16-2, paragraph 2, subsections (4), (5), (6) and (9) pursuant to RCFC 12 (b)(6).  The court also **PARTIALLY GRANTS** Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint paragraph 2 subsections (2) and (3) in accordance with the opinion.

IT IS FURTHER ORDERED AND ADJUDGED this date, pursuant to the court's April 28, 2014 ruling, ECF No. 212, that Plaintiffs' Motion for Partial Summary Judgment, ECF No. 198, is **GRANTED** as to certain claims of the

General Schedule employees in the subset class.  In particular, they are entitled, under the Lump-Sum Payment statute, 5 U.S.C. § 5551, to the applicable COLA and locality pay adjustments that were not included in their lump-sum payouts and that became effective during their unexpired leave periods on or after April 7, 1993 through September 20, 2010.  Summary judgment as to liability is **DENIED** as to all non-General Schedule employees in the subset class who separated at any time in the Class Period.

IT IS FURTHER ORDERED AND ADJUDGED this date, pursuant to the court's <u>August 31, 2015 ruling</u>, ECF No. 242, that plaintiffs are not entitled to recover interest under the Back Pay Act for the miscalculation of their lump-sum payments for annual leave.  Plaintiffs' motions for summary judgment with respect to interest under the Back Pay Act are **DENIED**.  Defendant's motions for summary judgment with respect to interest under the Back Pay Act are **GRANTED**.

 IT IS SO ORDERED.


 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge